UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTIAN POWELL

                Plaintiff,

  -vs-

                                  21-CV-00721

CITY OF JAMESTOWN
CITY OF JAMESTOWN CLERK
JAMESTOWN POLICE DEPARTMENT
JAMESTOWN POLICE CHIEF TIMOTHY JACKSON
COUNTY OF CHAUTAUQUA
CHAUTAUQUA COUNTY SHERIFF'S OFFICE
CHAUTAUQUA COUNTY SHERIFF
JAMES B. QUATTRONE
in his individual and official capacity
CHAUTAUQUA COUNTY UNDERSHERIFF
DARRYL W. BRALEY
JOHN DOES 1-10, said names being fictitious
but intended to be any other individual/officers
involved in the within incident and employees of the
CITY OF JAMESTOWN and/or JAMESTOWN
POLICE DEPARTMENT in their individual and official capacities
JOHN DOES 1-10, said names being fictitious
but intended to be any other individual/officers
involved in the within incident and employees of the
COUNTY OF CHAUTAUQUA and/or CHAUTAUQUA
COUNTY SHERIFF'S OFFICE in their individual and official capacities

                Defendants.

---

### DECLARATION OF BLAKE ZACCAGNINO
### IN OPPOSITION TO THE DEFENDANTS' MOTION:

      I, BLAKE ZACCAGNINO, am an attorney duly admitted to practice before the United States District Court for the Western District of New York and make the following Declaration under the penalties of perjury:

1

1.     I am an attorney at law admitted to practice before this Court and am an associate at the Law Offices of SHAW & SHAW, PC, attorneys for the Plaintiff.

2.     As such, I am fully familiar with the facts and circumstances of this litigation.

3.     I make this Declaration in Opposition to the Defendants' motion.

4.     For the reasons set forth below, the Defendants' motion should denied in its entirety.

5.     The following factual background is outlined in the Plaintiff's complaint, paragraphs 21 to 46. (Exhibit A p. 8-13) The Plaintiff also repeated and restated the above factual allegations under each cause of action as if they were more fully set forth therein. (Paragraphs 47, 60, 79, 86, 93, 100, 107, 115, 125, 141, 149, 160, 169, and 178) (Id. at pp. 13, 21, 25, 27, 29, 30, 31, 32, 33, 34, 35, 37, 38, 39)

6.     The Plaintiff asserts eight causes of action against the Defendants. His causes of action are Negligence (Ex. A pp. 13-21), 42 USC Section 1983 (Ex. A pp. 21-24), Respondeat Superior/Vicarious Liability (Ex. A P. 25), Negligent Hiring (Ex. A pp. 25-27), Negligent Retention (Ex. A pp. 27-28), Negligent Training and Supervision (Ex. A pp. 21-24), Assault (Ex. A pp. 30-31), Battery (Ex. A pp. 31-32), Battery Committed in the Performance of a Public Duty (Ex. A pp. 32-33), Intentional Infliction of Emotional Distress (Ex. A pp. 33-34), Negligent Infliction of Emotional Distress (Ex. A pp. 34-35), Failure to Intervene (Ex. A pp. 35-37), Unlawful Arrest (Ex. A P. 37), Failure to Treat (Ex. A pp. 38-39), Conspiracy (Ex. A P. 39), and a Demand for Punitive Damages (Ex. A P. 40)

7. Plaintiff's describes two (2) incidents in his Complaint. Regarding the first incident, he alleges that date when this claim arose and the Plaintiff's injuries and damages herein alleged were sustained was on December 10, 2020. (Ex. A paragraph 24) He describes that the location where the first claim arose was outside of 111 Barrett Avenue, Jamestown, NY and 201 East 2nd Street Jamestown, NY 14701 (Upon information and belief, the above address is known as the JAMESTOWN POLICE DEPARTMENT Central Booking Bureau). (Id. paragraph 25)

8. He alleged that the first incident involved the CHAUTAUQUA COUNTY SHERIFFS and JAMESTOWN POLICE OFFICERS. (Id. paragraph 26) He alleged that the Causes of Action which forms the substance of this claim arose is when the Plaintiff was lawfully located at the location stated above, when he was assaulted, battered, repeatedly grabbed, kneed, yanked his arms, threw him to the ground, placed in handcuffs extremely tight causing injury, and seized him without cause or provocation by the above named police officers and employees of the Defendants herein. (Id. paragraph 27)

9. He alleged that he suffers from mental health/other health conditions that were known or should have been known by Defendants. (Id. paragraph 28) He alleged that at the time of his arrest, he asked Defendants to send him to an inpatient hospital to be treated for his mental health conditions and mental state at the time. (Id. paragraph 29) He alleged that Defendants refused to send him to the hospital or to provide him with a mental health evaluation. Id. He alleged that this caused him injury and pain. Id.

10. He alleged that he was crying, that he advised Defendants that he had not slept in days; that he had not seen his children; that he was stressed out; that he wanted to kill himself; and that he has PTSD. (Id at paragraph 30) He alleged that after being advised of the above, the Defendants remained on top of Plaintiff. (Id at paragraph 31) He alleged that they allowed Plaintiff to hit his head off of the ground multiple times causing injury. (Id. at paragraph 31)

11. He alleged that he was placed in Jamestown Police Vehicle en route to the JAMESTOWN POLICE DEPARTMENT Central Booking Bureau. (Id. at paragraph 32) He alleged that Defendants allowed him to hit his head on the glass separating where he and the officers were sitting multiple times, causing injury. Id. He alleged that he screamed that he had a concussion and that he felt like he was going to die. Id. He alleged that he again screamed that he had not slept in days. Id. He alleged that Defendants allowed him to hit his head on the above mentioned glass again, multiple times, causing injury Id. He alleged that he screamed that he was going to die and that he could not feel his head. Id.

12. He alleged that he arrived at the JAMESTOWN POLICE DEPARTMENT Central Booking Bureau. (Id at paragraph 33) He alleged that when officers took him out of the vehicle, they allowed him to bash his head on the trunk of a police vehicle, causing injury. (Id at paragraph 34) He alleged that officers brought Plaintiff into the station, that he screamed that his handcuffs were tight and asked officers to take them off; he had not slept in days; that he hadn't seen his children in weeks; that he had no one to talk to; and that he had PTSD. (Id at paragraph 34)

13. He alleged that he stated to officers that he had not eaten, that he did not care what happened to him, that he would rather kill himself than go to jail, and that he needed someone to talk to. (Id at paragraph 35) Plaintiff also stated to officers that he wanted to go to the hospital. Id. He alleges that, instead of sending him to the hospital, placing him in a restraint chair, and/or providing him with a mental health evaluation, Defendants handcuffed him to a bench at the station. (Id at paragraph 36) He alleged that this delay/denial in care, failure to treat his medical condition, and failure to prevent self harm caused him pain and injury. Id. He alleged that they did not put him in a restraint chair to prevent further self harm/injury. Id. He alleged that he was handcuffed on a bench for a number of hours; that his mental health condition continued to deteriorate; that he continued to self harm as a result of his conditions, and that he was not sent to the hospital or provided with a mental health evaluation. (Id at paragraphs 36-42)

14. He alleged incident two (2) took place after his arraignment. (Id. at paragraph 34) He alleged that, at his arraignment, he was crying; trying to make statements on the record; that he acted erratically; that his bizarre behavior from hours prior continued; and that, despite that, Defendants still did not take him to the hospital or provide him with a mental health evaluation; causing him great pain and injury. (Id at paragraphs 43-33)

15. He alleged that after his arraignment, hours after he was brought to the station, he ripped his Court paperwork up and threw it on the ground; that Defendants brought him to the restraint chair; and allowed him to hit his head on the metal bars in the jail area causing him pain and injury. (Id at paragraphs 44)

16. He alleged that, in the process of restraining him, Defendants assaulted, battered, slammed him to the ground; pulled his shirt over his head for a period of time while they restrained him; allowed him to bang his head and neck on the back of the restraint chair; and strapped him down extremely tight. (Id. at paragraph 45)

17. The moving Defendants' motion, as detailed in the attached Memorandum of Law, should be denied in its entirety on the separate and independent grounds that:

    A. The Plaintiff's Complaint contains sufficient factual matter, accepted as true, to state a claim for relief on its face.

    B. The Plaintiff's Complaint does not rely on group pleading because his allegations give each Defendant fair notice of the claims against them.

    C. The Plaintiff's Monell claims should not be dismissed because they have been sufficiently pled.

    D. Plaintiff's claims against Sheriff Quattrone and Undersheriff Braley should not be dismissed because Plaintiff has adequately alleged that they violated his constitutional rights by their individual actions and his claims do not allege discriminatory intent.

    E. Plaintiff's unlawful arrest claims should not be dismissed because the Court is limited to the four corners of the complaint, summary judgment is

9

premature, and a question of fact exists regarding the pertinent events and knowledge of the officers.

F. The Plaintiff's excessive force claims should not be dismissed because that determination is a fact specific inquiry that is inappropriate at the motion to dismiss stage; including but not limited to;

G. For the reasons set forth in Plaintiff's Memorandum of law, none of Plaintiff's remaining claims not mentioned above should be dismissed.

For the reasons set forth here and in the Plaintiff's Memorandum of Law, Plaintiff respectfully requests that the Defendants' motion be denied in its entirety.

Dated: August 25, 2021

/s/Blake Zaccagnino
Blake Zaccagnino
Attorneys for Plaintiff
Office and Post Office Address
4819 South Park Avenue
Hamburg, NY 14075
(716) 648-3020 Telephone
(716) 648-3730 Fax
Bzaccagnino@shawlawpc.com

Sworn to before me this
25 day of August, 2021

_____
Notary Public

KATRINA M. SCHMITT-RUOF
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01SC6251147
Qualified in Erie County
Commission Expires November 14, 2023

10