UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTIAN POWELL
                         Plaintiff,

              -vs-

                                                    21-CV-00721

CITY OF JAMESTOWN
CITY OF JAMESTOWN CLERK
JAMESTOWN POLICE DEPARTMENT
JAMESTOWN POLICE CHIEF TIMOTHY JACKSON
COUNTY OF CHAUTAUQUA
CHAUTAUQUA COUNTY SHERIFF'S OFFICE
CHAUTAUQUA COUNTY SHERIFF
JAMES B. QUATTRONE
in his individual and official capacity
CHAUTAUQUA COUNTY UNDERSHERIFF
DARRYL W. BRALEY
JOHN DOES 1-10, said names being fictitious
but intended to be any other individual/officers
involved in the within incident and employees of the
CITY OF JAMESTOWN and/or JAMESTOWN
POLICE DEPARTMENT in their individual and official capacities

JOHN DOES 1-10, said names being fictitious
but intended to be any other individual/officers
involved in the within incident and employees of the
COUNTY OF CHAUTAUQUA  and/or CHAUTAUQUA
COUNTY SHERIFF'S OFFICE in their individual and official capacities

                         Defendants.
_____

**PLAINTIFF'S ANSWERING MEMORANDUM IN
OPPOSITION TO THE DEFENDANTS' MOTION TO
DISMISS HIS COMPLAINT**

**Blake Zaccagnino, Esq.**
**4819 South Park Avenue**
**Hamburg, NY 14075**
**(716) 648-3020 Telephone**
**Bzaccagnino@shawlawpc.com**

1

**REQUEST:**

For the reasons set forth below, the Defendants' motion should be denied in its entirety.

**FACTUAL BACKGROUND:**

The following factual background is outlined in the Plaintiff's complaint, paragraphs 21 to 46. (Exhibit A p. 8-13)

The Plaintiff also repeated and restated the above factual allegations under each cause of action as if they were more fully set forth therein. (Paragraphs 47, 60, 79, 86, 93, 100, 107, 115, 125, 141, 149, 160, 169, and 178) (Id. at pp. 13, 21, 25, 27, 29, 30, 31, 32, 33, 34, 35, 37, 38, 39)

This claim is for personal injuries and other damages sustained by Plaintiff as a result of the acts of assault, harassment, battery, excessive force, unlawful imprisonment, negligent hiring, negligent training, negligent retention, failure and delay in providing medical treatment, failing to treat his medical conditions and prevent self harm, general negligence, vicarious liability and violations of the Federal Civil Rights Law, The United States Constitution, The New York State Constitution and the Amendments thereof, by all defendants.

The Plaintiff's injuries were sustained on account of the Defendants' intentional acts of assault, harassment, battery, excessive force, unlawful imprisonment, negligent hiring, negligent training, negligent retention, failure and or delay to provide the Plaintiff with adequate medical care, failing to treat his medical conditions and prevent self harm, vicarious liability and violations of the Federal Civil Rights Law, The United States Constitution, The New York State Constitution and the Amendments thereof. The actions of the Defendants also violated the

2

Plaintiff's due process rights of the Fourteenth Amendment and Fourth Amendment including but not limited to his substantive rights embodied therein.

The amount of force used by Defendants was used against the Plaintiff purposely and knowingly, was objectively unreasonable and excessive force amounting to punishment.

<u>INCIDENT 1:</u>

The date when this claim arose and the Plaintiff's injuries and damages herein alleged were sustained was on December 10, 2020.

The location where this claim arose was outside of 111 Barrett Avenue, Jamestown, NY and 201 East 2nd Street Jamestown, NY 14701 (Upon information and belief, the above address is known as the JAMESTOWN POLICE DEPARTMENT Central Booking Bureau)

This incident involved CHAUTAUQUA COUNTY SHERIFFS and JAMESTOWN POLICE OFFICERS.

The Causes of Action which form the substance of this claim arose is when the Plaintiff was lawfully located at the location stated above, when he was assaulted, battered, repeatedly grabbed, kneed, yanked by his arms, thrown to the ground, placed in handcuffs extremely tight causing injury, and seized without cause or provocation by the above named police officers, and employees of the Defendants herein.

Upon information and belief, the Plaintiff suffers from mental health / other health conditions that were known or should have been known by Defendants.

At the time of Plaintiff's arrest, he asked Defendants to send him to an inpatient

hospital to be treated for his mental health conditions/ mental state at the time. Defendants refused to send Plaintiff to the hospital or to provide him with a mental health evaluation. This caused Plaintiff injury and pain.

The Plaintiff was crying. He advised Defendants that he had not slept in days, that he had not seen his children, that he was stressed out, that he wanted to kill himself, and that he has PTSD.

After being advised of the above, the Defendants remained on top of Plaintiff. They allowed Plaintiff to hit his head off of the ground multiple times causing injury. The officers stood plaintiff up. Plaintiff advised that he felt he had a concussion.

Plaintiff was placed in Jamestown Police Vehicle en route to the JAMESTOWN POLICE DEPARTMENT Central Booking Bureau. Defendants allowed Plaintiff to hit his head on the glass separating where he and the officers were sitting multiple times, causing injury. Plaintiff screamed that he had a concussion and that he felt like he was going to die. He again screamed that he had not slept in days. Defendants allowed Plaintiff to hit his head on the above mentioned glass again, multiple times, causing injury. Plaintiff screamed that he was going to die and that he could not feel his head. Plaintiff and Defendants arrived at the JAMESTOWN POLICE DEPARTMENT Central Booking Bureau . When they arrived, an officer stated that Plaintiff was fighting hard and that he would be going straight to the "chair" depending on his medical situation. Upon information and belief, he was referring to a restraint chair meant to prevent prisoners from self injury. An officer also stated that Plaintiff was bashing his head on a flash-light.

When officers took Plaintiff out of the vehicle, they allowed Plaintiff to bash his

4

head on the trunk of a police vehicle, causing injury. Officers brought Plaintiff into the station. He screamed that his handcuffs were tight and asked officers to take them off. Plaintiff stated he had not slept in days, that he hadn't seen his children in weeks, that he had no-one to talk to, that he had no-one, and that he had PTSD.

Plaintiff stated to officers that he had not eaten, that he did not care what happened to him, that he would rather kill himself then go to jail, and that he needed someone to talk to. Plaintiff also stated to officers that he wanted to go to the hospital.

Instead of sending Plaintiff to the hospital, placing him in a restraint chair, and/or providing him with a mental health evaluation, they handcuffed him to a bench at the station. This delay/denial in care, failure to treat his medical condition, and failure to prevent self harm caused Plaintiff pain and injury. They did not put Plaintiff in a restraint chair to prevent further self harm/injury. Plaintiff was handcuffed on the bench for a number of hours.

Defendants allowed Plaintiff to smash his hands on the bench and yank on his handcuffs, causing injury. Plaintiff stated to officers that he lost his kids and his heart was gone, that he would rather kill himself, that he was psychotic, that he needed mental health help right now, and told officers to use a taser on him and to put a bullet in his head. Defendants allowed Plaintiff to punch the wall and break his ankle-handcuffs, causing injury.

Plaintiff's mental health condition continued to deteriorate. Despite that, Defendants still did not send Plaintiff to a hospital or provide him with a mental health evaluation. This caused him great pain and injury.

Plaintiff again stated that he was going to kill himself. Officers allowed Plaintiff to hit his head off of the wall, causing injury. Plaintiff rambled, stumbled around, stretched his

5

full body out with his leg attached to a bench, and took his shirt off. Plaintiff yanked his handcuffs on the bench, grabbed the phone off of the wall, violently clapped his hands, punched the wall, fell off of the bench and landed on his side, hit his head on the wall, and rolled back and forth moaning. The above and delay in his medical care caused Plaintiff pain and injury.

Plaintiff stated to officers that he had been drinking for the past week, that he had not showered in days, that he was ready to kill himself, that he would rather be dead, that he has nobody and he was ready to say bye, that he had explosive anger disorder, that he was getting ready to kill himself and warned that officers better call someone in before he does it, that he was ready to jump head first off of the bench, and that he might as well kill himself.

Plaintiff's mental health condition continued to deteriorate. Despite that, Defendants still did not send Plaintiff to the hospital or provide him with a mental health evaluation. This caused him great pain and injury. The incident caused the Plaintiff to be seriously injured.

<u>INCIDENT 2:</u>

Hours later, Plaintiff was arraigned. He was crying, trying to make statements on the record, and acted erratically. His bizarre behavior from hours prior continued. Despite that, Defendants still did not send Plaintiff to the hospital or provide him with a mental health evaluation. This caused him great pain and injury.

After his arraignment, hours after he was brought to the station, Plaintiff ripped his Court paperwork up and threw it on the ground. Defendants brought Plaintiff to the restraint chair. They allowed Plaintiff to hit his head on the metal bars in the jail area causing him pain and injury.

6

In the process of restraining plaintiff, defendants assaulted, battered, slammed him to the ground, and seized Plaintiff without cause or provocation. The Defendants pulled Plaintiff's shirt over his head for a period of time while they restrained him. They allowed Plaintiff to bang his head and neck on the back of the restraint chair. He was strapped down by Defendants extremely tight. He asked officers to loosen his restraints. This caused him pain and injury.

The Causes of Action which forms the substance of this claim also arose when the plaintiff was in the custody care and control of Defendants, when he was in need of medical care, and the Defendants failed, refused to, and/or delayed to obtain such care for him, and failed to treat his medical conditions and prevent self harm.

## THE PLAINTIFF'S CAUSES OF ACTION:

The Plaintiff asserts eight causes of action against the Defendants.

His causes of action are Negligence (Ex. A pp. 13-21), 42 USC Section 1983 (Ex. A pp. 21-24 ), Respondeat Superior/Vicarious Liability (Ex. A P. 25) , Negligent Hiring (Ex. A pp. 25-27), Negligent Retention (Ex. A pp. 27-28 ), Negligent Training and Supervision (Ex. A pp. 21-24 ), Assault (Ex. A pp. 30-31), Battery (Ex. A pp. 31-32), Battery Committed in the Performance of a Public Duty (Ex. A pp. 32-33), Intentional Infliction of Emotional Distress (Ex. A pp. 33-34), Negligent Infliction of Emotional Distress (Ex. A pp. 34-35), Failure to Intervene (Ex. A pp. 35-37), Unlawful Arrest (Ex. A P. 37 ), Failure to Treat (Ex. A pp. 38-39 ), Conspiracy (Ex. A P. 39), and a Demand for Punitive Damages (Ex. A P. 40)

**ARGUMENT:**

**POINT 1:**

**THE PLAINTIFF'S COMPLAINT CONTAINS**
**SUFFICIENT FACTUAL MATTER, ACCEPTED**
**AS TRUE, TO STATE A CLAIM FOR RELIEF ON ITS FACE:**

The Plaintiff's  Complaint contains sufficient factual matter, accepted as true, to

state a claim for relief on its face.

Defendants argue throughout their brief to flip the burden below in their favor.

A court deciding a motion to dismiss a  complaint for failure to state a claim upon

with relief can be granted must accept as true all of the allegations contained in the complaint.

Collins v. Gruen, 2014 U.S. Dist. LEXIS 140936 citing Ashcroft v. Iqbal, 556 U.S. 662.

A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged. Id.

The determination regarding whether a complaint states a plausible claim for

relief is a context specific task that requires the reviewing court to draw on its judicial experience

and common sense. Id.

In ruling on a motion pursuant to Federal Rule of Civil Procedure 12(b)(6), the

duty of the court is merely to assess the legal feasibility of the complaint, not to assay the weight

of the evidence which might be offered in support thereof.  Collins v. Gruen, 2014 U.S. Dist.

LEXIS 140936 citing DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104

All well pleaded factual allegations in a complaint are assumed to be true and any contravening assertions are deemed false. DiJoseph v. Erie Cty., 2020 U.S. Dist. LEXIS 128751

Thus, the non-movant has the benefit of every possible favorable assumption. Id. Reasonable inferences and intendment from the facts are drawn in favor of the non-moving party. Id.

Counter to Defendants' arguments, in Bell Atl. Corp. v. Twombly, 550 U.S. 544, the United States Supreme Court turned its attention to what was required of plaintiffs at the pleading stage. It concluded that plaintiffs' "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555. The Court was careful to note that this did not impose a probability requirement on plaintiffs: "a well pleaded complaint may proceed even it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote or unlikely." Id. at 556. The Court did require, however, that the plaintiffs' claim be "plausible." In other words, "it simply calls for enough facts that raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations. Id.

Any question that Twombly had repudiated the general notice-pleading regime of Fed. R. Civ. Proc. 8 was put to rest two weeks later, when the Court issued Erickson v. Pardus, 551 U.S. 89. Erikson reiterated that "specific facts are not necessary; the statement need only give defendant fair notice of what the... claim is and the grounds upon which it rests." (internal quotations omitted)(commission in original) Twombly and Erickson read together simply mean that at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which defendant is entitled under Rule 8. Airborne Beepers & Video, Inc. v. AT&T Mobility LLC, 499 F.3d 663

This continues to be the case after <u>Ashcroft v. Iqbal</u>, 556 U.S. 662.  The Court in <u>Iqbal</u> held in part that a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the conduct alleged.  <u>Iqbal</u>, at 1949 (citing <u>Twombly</u>, 550 U.S. at 556 ) "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Two working principals underlie <u>Twombly:</u> (1) the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions, threadbare recitals of an action's elements, supported by mere conclusory statements, do not suffice, and (2) only a complaint that states a plausible claim for relief survives a motion to dismiss. <u>Iqbal</u>, at 1949-50(citing Twombly, 550 U.S. at 555-56)

Here, as was mentioned above, the factual background is outlined in the Plaintiff's complaint, paragraphs  21 to 46.  (Exhibit A p. 8-13)

## **POINT 2:**

### **THE PLAINTIFF'S COMPLAINT DOES NOT RELY ON GROUP PLEADING BECAUSE HIS ALLEGATIONS GIVE EACH DEFENDANT FAIR NOTICE OF THE CLAIMS AGAINST THEM:**

### **(RESPONSE TO DEFENDANTS' ARGUMENT POINT I)**

The Plaintiff's complaint does not rely on group pleading because his allegations give each Defendant fair notice of the claims against them. At the very least, it  provides a basis for Defendants to infer their culpability.

Rule 8(a) is violated where a plaintiff, by engaging in group pleading, fails to give each defendant fair notice of the claims against it. <u>Automated Transaction LLC v. New York Cmty. Bank</u>, 2013 U.S. Dist. LEXIS 34872 However, Fed. R. Civ. P. 8 does not demand that a complaint be a model of clarity or exhaustively present the facts alleged. <u>Haynes v. City of New York</u>, 2020 U.S. Dist. LEXIS 151193 Post-Twombly authorities have held that a complaint that provides no basis to infer the culpability of the specific defendants named in the complaint fails to state claim. <u>In re Treasury Secs. Auction Antitrust Litig.</u>, 2021 U.S. Dist. LEXIS 62529

Defendants simply argue, without more, that all of the Plaintiff's causes of action should be dismissed because his Complaint does not sufficiently specify the personal involvement, if any, that the County Defendants had in the tortuous conduct and Plaintiff's injuries.

To the contrary, Plaintiff's complaint clearly and specifically outlines two distinct incidents. (Ex. A pp. 9-13, paragraphs 24-46) Plaintiff clearly and specifically describes incidents 1 and 2 in his Complaint . Id. Incident 1 is described in paragraphs 24-42. He clearly specifies that a portion of incident 1 took place at 111 Barrett Avenue, Jamestown, NY, where both the COUNTY and JAMESTOWN officers were present. (Id. at Paragraph 26-31) He alleges that both the COUNTY and JAMESTOWN officers in short, used excessive force against him and failed to address his mental health concerns and to prevent his self harm. (Id at Paragraph 31-32)

He clearly alleges that, after the COUNTY and JAMESTOWN officers used excessive force against him and failed to address his mental health concerns and to prevent self harm, they stood him up and placed him in a JAMESTOWN police vehicle en route to the JAMESTOWN POLICE DEPARTMENT Central Booking Bureau. (Id at paragraph 31-32)

11

Plaintiff clearly alleges incident 2 as taking place in part in a JAMESTOWN police vehicle and in part at the JAMESTOWN POLICE DEPARTMENT Central Booking Bureau. (Id. at Paragraphs 32-46)  In fact, Defendants allege in their Memorandum of Law that "none of the County Defendants had any involvement with Plaintiff after he was placed in the JPD squad car to be transported to JPD's Central Booking Bureau." (Dkt. No. 9 Number 6, P. 16) Therefore, based on that statement, Defendants are on fair notice of the claims against them. At the very least, Plaintiff's Complaint is clear enough to  provides a basis for Defendants to infer their culpability, as is evident by the prior mentioned statement.

<strong>POINT 3:</strong>

**THE PLAINTIFF'S MONELL CLAIMS SHOULD NOT BE DISMISSED BECAUSE HIS CLAIMS HAVE BEEN SUFFICIENTLY PLED:**

**(RESPONSE TO DEFENDANTS' ARGUMENT POINT II)**

Plaintiff's Monell Claims should not be dismissed because his Monell Claims have been sufficiently pled. The Defendants argue in short, that since Plaintiff's Complaint merely identifies a single incident of alleged misconduct, his Monell Claims are patently insufficient.

However, to properly plead a Section 1983 claim against a municipality, a plaintiff must allege three separate elements: (1) an official custom or policy that (2) subjected the plaintiff to (3) a denial of a constitutional right. Ferrari v. County of Suffolk, 790 F. Supp. 2d 34 Importantly, it has been held that at the 12(b)(6) stage, the law does not require a plaintiff to identify any official policy or custom that resulted in the alleged constitutional violations.

12

<u>Michael v. County of Nassau</u>, 2010 U.S. Dist. LEXIS 82764 citing <u>Patterson v. County of</u>

<u>Oneida</u>, 375 F.3d 206 To show a policy, custom, or practice, the plaintiff need not identify the

express rule or regulation. Id. Rather, it is sufficient to show for example, that a constitutional

violation by municipal officials was so persistent and widespread as to constitute a custom or

usage with the force of law. <u>Ferrari v. County of Suffolk</u>, 790 F. Supp. 2d 34

       A policy, custom, or practice may also be inferred where the municipality so

failed to train its employees as to display a deliberate indifference to the constitutional rights of

those within its jurisdiction. Id. Importantly, because it is unlikely that a plaintiff would have

information about a municipalities training programs or about the cause of the misconduct at the

pleading stage, a plaintiff need only plead that a municipalities failure to train caused the

constitutional violation. Id citing <u>Amnesty America v. Town of West Hartford</u>, 361 F.3d 113,

130 n. 10 (2d Cir. 2004); <u>Williams v. City of New York</u>, 690 F. Supp. 2d 338, 344 (S.D.N.Y.

2010) (continuing to apply Amnesty America's lenient pleading standard, post-Iqbal and

Twombly).

       Lastly it has been held that the a court's job is not to rely on the number of

incidents to determine whether a policy is persistent and widespread, but to assess whether under

the totality of the circumstances, it could be inferred that the municipality had notice of the

unlawful conduct. <u>DiPippo v. Cty. of Putnam</u>, 2019 U.S. Dist. LEXIS 33071 There have also

been numerous examples from within the Second Circuit in which the district court allowed a

Monell claim to survive where the Plaintiff alleged only a few examples of similar misconduct.

Id citing <u>Reyes v. Cty. of Suffolk</u>, 995 F. Supp. 2d 215 (E.D.N.Y. 2014); <u>Castilla v. City of New</u>

<u>York</u>, No. 09 CIV. 5446, 2012 WL 3871517 (S.D.N.Y. Sept. 6, 2012); <u>Tyus v. Newton</u>, No.

3:13-CV-1486, 2015 U.S. Dist. LEXIS 42089, 2015 WL 1471643 (D. Conn. Mar. 31, 2015).

The Plaintiff's Monell Claim is outlined in paragraphs 60-78. (Ex. A pp. 21-24) Plaintiff specifically pled that it was a policy and custom of defendants to fail to adequately train and supervise its employees relating to the use of force, treating medical conditions, and preventing self-harm. (Id. at paragraph 65, 71) The Plaintiff also pled that the Defendants' failure to take measures to train and supervise its police officers in the use of force, and to curb assaults on civilians in the course of an unlawful arrest, to treat medical conditions, and to prevent self-harm, was the proximate cause of the violations alleged in his complaint. (Id. at paragraph 71)

Plaintiff also states that the Defendants executed a government policy or custom and acts that may fairly be said to represent an official policy, that inflicted the Plaintiff with his injuries; the policies were memorialized in specific rules and regulations; the Defendants' constitutional violations that led to the plaintiff's injuries were so persistent and widespread and were so permanent and well settled as to constitute a usage with the force of law; including but not limited to, that the above policies and customs that caused the Plaintiff's injuries violated Federal and State law and resulted in the tortious violation of the Plaintiff's rights. (Id at paragraph 76) He also alleged that the Defendants were acting under color and authority of state law, and were acting in their capacity as agents, servants, and employees of Defendants. (Id. at paragraph 74)

## POINT 4:

### PLAINTIFF'S CLAIMS AGAINST SHERIFF QUATTRONE AND UNDERSHERIFF BRALEY SHOULD NOT BE DISMISSED BECAUSE PLAINTIFF HAS ADEQUATELY ALLEGED THAT THEY VIOLATED HIS CONSTITUTIONAL RIGHTS BY THEIR INDIVIDUAL ACTIONS AND BECAUSE HIS CLAIMS DO NOT ALLEGE DISCRIMINATORY INTENT

### (RESPONSE TO DEFENDANTS' ARGUMENT POINT III)

Plaintiff's claims against Sheriff Quattrone and Undersheriff Braley should not be dismissed because he has adequately alleged that they violated his constitutional rights by their individual actions, and because his claims do not allege discriminatory intent.

The Second Circuit has held that after Iqbal, there is no special test for supervisory liability; rather "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution. Tangreti v. Bachmann, 983 F.3d 609

The Court in Wilson v. Soucy, 2020 U.S. Dist. LEXIS 177828 noted that where the claim does not require a showing of discriminatory intent, the Colon analysis should still apply, insofar as it is consistent with the particular constitutional provision alleged to have been violated. Wilson v. Soucy, 2020 U.S. Dist. LEXIS 177828 citing Ziemba v. Lajoie, 2012 U.S. Dist. LEXIS 136407 (quoting Delgado v. Bezio, 2011 U.S. Dist. LEXIS 51917)

Plaintiff alleges that Sheriff Quattrone and Undersheriff Braley failed to adequately train its employees relating to the use of force including but not limited to failing to treat medical conditions and preventing self harm (Ex. A paragraph 65); that they overlooked, excused, and disregarded the wrongful conduct alleged, adopted a rule or unwritten rule, or

established a policy or custom of deliberate indifference to the unlawful conduct complained of

(Id. at paragraph 70); including but not limited to that they executed a government policy or

custom and acts that may fairly be said to represent an official policy, that inflicted the Plaintiff

with his injuries. (Id at paragraph 76).

As stated above, Plaintiff's causes of action are Negligence,

42 USC Section 1983, Respondeat Superior/Vicarious Liability, Negligent Hiring, Negligent

Retention, Negligent Training and Supervision, Assault, Battery, Battery Committed in the

Performance of a Public Duty, Intentional Infliction of Emotional Distress, Negligent Infliction

of Emotional Distress, Failure to Intervene, Unlawful Arrest (Ex. A P. 37 ), Failure to Treat, and

Conspiracy. The above claims do not allege Defendants had discriminatory intent.

## POINT 5:

### PLAINTIFF'S UNLAWFUL ARREST CLAIMS SHOULD NOT BE DISMISSED BECAUSE THE COURT IS LIMITED TO THE FOUR CORNERS OF THE COMPLAINT, SUMMARY JUDGEMENT IS PREMATURE, AND A QUESTION OF FACT EXISTS REGARDING THE PERTINENT EVENTS AND KNOWLEDGE OF THE OFFICERS:

### (RESPONSE TO DEFENDANTS' ARGUMENT POINT IV)

The Plaintiff's unlawful arrest claims should not be dismissed because the Court

is limited to the four corners of the Plaintiff's complaint, summary judgement is premature, and a

question of fact exists regarding the pertinent events and knowledge of the officers.

Ordinarily, a court may not look beyond the four corners of a complaint in

considering a motion to dismiss. Rath v. Pitcher, 2014 U.S. Dist. LEXIS 42404 However, a court

may convert a motion to dismiss into a motion for summary judgement by considering extrinsic

16

evidence, as long as the opposing party receives sufficient notice and an opportunity to respond. Id. When a party moves prematurely for summary judgment before discovery has been completed, Rule 56 provides a safety valve in the form of Rule 56(f), to prevent the opposing party from being railroaded. S.W.B. New Eng., Inc. v. R.A.B. Food Group, LLC, 2007 U.S. Dist. LEXIS 43401 Rule 56(f) requires that summary judgement be refused where the nonmoving party has not had the opportunity to discover information essential to their opposition. Id.

Normally, the issuances of a warrant creates a presumption that there was probably cause. Gleis v. Buehler, 374 Fed. Appx. 218 To rebut this presumption, a plaintiff must show the officer submitting the probable cause affidavit knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit or omitted material information, and that such false or omitted information was necessary to the finding of probable cause. Id. The Second Circuit has held that a determination of whether probable cause to arrest existed may be made as a matter of law if there is no dispute as to the pertinent events of and the knowledge of the officers. Weyant v. Okst, 101 F.3d 845

Defendants are asking the Court to consider documentation outside of the four corners of Plaintiff's Complaint, which is not permitted at this stage. In addition, Defendants have not asked the Court to consider their motion one for summary judgment. In any event, it is Plaintiff's position that if they had, summary judgment is premature because, to date, we have not had the opportunity to conduct any discovery.

Additionally, Defendants are asking the Court to accept their allegations as true, which is not proper on a motion to dismiss. In addition, even assuming arguendo, that the arrest warrant here is valid, Plaintiff has not had the opportunity to gather evidence in discovery to rebut the alleged presumption that probable cause exists here.

**POINT 6:**

**THE PLAINTIFF'S EXCESSIVE FORCE CLAIMS SHOULD NOT BE DISMISSED BECAUSE THAT DETERMINATION IS A FACT SPECIFIC INQUIRY THAT IS INAPPROPRIATE AT THE MOTION TO DISMISS STAGE:**

**(RESPONSE TO DEFENDANTS' ARGUMENT POINT V)**

The Plaintiff's excessive force claim should not be dismissed because that determination is a fact specific inquiry that is inappropriate at the motion to dismiss phase.

The standard for assessing a claim of excessive force under the Fourth Amendment is one of objective reasonableness. Ocasio v. City of Canandaigua, 2021 U.S. Dist. LEXIS 6549 The determination of whether excessive force has been used requires a detailed and fact specific inquiry, and is inappropriate to decide at the motion to dismiss phase. Id. Because of the intensely factual nature, and the question of whether the use of was justified under the circumstances is generally best left for a jury to decide...those principals apply with even greater force at the motion to dismiss stage, where the court must assume the truth of the plaintiff's allegations and avoid resolving factual disputes. Id. citing Oakley v. Dolan, 980 F.3d 279; . Villano Oliphant v. Villano, 2012 U.S. Dist. LEXIS 115612, *1

Defendants argue that Plaintiff was not specific enough regarding how his assault took place. However, he thoroughly pled what took place in his Complaint, paragraphs 24-46. (Ex. A  paragraphs 24-46) Defendant also argues that while Plaintiff was actively resisting a lawful arrest, minimal and reasonable force was used to restrain him into custody. (Dkt. No. Number 6 P. 16) However, Plaintiff pled the opposite. The Defendants again ask the Court to accept their allegations as true and draw favorable inferences in their favor, instead of the other way around. Defendants are also asking the Court to resolve factual disputes, which is not permitted at the motion to dismiss phase.

### POINT 7:

**PLAINTIFF'S CLAIMS OF DELIBERATE INDIFFERENCE TO HIS MEDICAL NEEDS SHOULD NOT BE DISMISSED:**

**(RESPONSE TO DEFENDANTS' ARGUMENT POINT VI)**

The Plaintiff's claims of deliberate indifference should not be dismissed.

A detainee asserting a Fourteenth Amendment claim for deliberate indifference to their medical needs can allege either that the defendants knew that failing to provide the complained of medical treatment would pose a substantial risk to his health or that the defendants should have known that failing to provide the omitted medical treatment would pose a substantial risk to the detainee's health. Charles v. Orange Cty., 925 F.3d 73 Whether a defendant knew or should have known of the substantial risk of harm to the detainee is a question of fact. Id.

Regarding the serious medical condition prong of a deliberate indifference claim, courts have found that "[t]reatment of mental disorders of mentally disturbed inmates is . . . a serious medical need . . . ."Fontaine v. Cornwall, 2019 U.S. Dist. LEXIS 152907 citing

Hamilton v. Smith, 2009 U.S. Dist. LEXIS 91032, 2009 WL 3199531, at *14 (N.D.N.Y. Jan. 13, 2009); see Jean v. Barber, 2011 U.S. Dist. LEXIS 79499, 2011 WL 2975218, at *1, 5 (July 21, 2011) (affirming magistrate's determination that plaintiff who had attempted suicide had pled a serious medical need). It has also been held that plaintiff who had attempted suicide had pled a serious medical need. Fontaine v. Cornwall, 2019 U.S. Dist. LEXIS 152907 citing Jean v. Barber, 2011 U.S. Dist. LEXIS 79499

        In addition, a County owes a duty of care to protect its prisoners, even from self inflicted harm. Iannelli v County of Nassau, 156 A.D.3d 767 A County's duty is limited to providing reasonable care to protect its prisoners from risks of harm that are reasonably foreseeable, those that the County knew or should have known. Id.

        Plaintiff alleges: that at the time of plaintiff's arrest (with COUNTY DEFENDANT'S present), he asked Defendants to send him to an inpatient hospital to be treated for his mental health conditions and mental state at the time; Defendants refused to send plaintiff to the hospital or to provide him with a mental health evaluation; This caused Plaintiff injury and pain; The Plaintiff was crying; He advised Defendants that he had not slept in days, that he had not seen his children, that he was stressed out, that he wanted to kill himself, including but not limited to, that he has PTSD; After being advised of the above, the Defendants remained on top of Plaintiff; They allowed plaintiff to hit his head off of the ground multiple times causing injury; The officers stood Plaintiff up. Plaintiff advised that he felt he had a concussion. (Ex. A paragraphs 29-31) Plaintiff's Failure to Treat allegations are outlined in his Complaint, paragraphs 169-177.

Defendant argues that "Deputy Modania took reasonable steps to prevent Plaintiff from engaging in self harm..."(Dkt. No. Number 6 P. 19) This again flips the standard on a motion to dismiss. In other words, Defendants are asking that the Court accept what they say as true, as opposed to the other way around.

## POINT 8:

## PLAINTIFF'S CONSPIRACY CLAIMS SHOULD NOT BE DISMISSED

## (RESPONSE TO DEFENDANTS' ARGUMENT POINT VII)

Bell Atl. Corp. v. Twombly, 550 U.S. 544 noted that "a well pleaded complaint may proceed even it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote or unlikely." Id. at 556. The Court did require, however, that the plaintiffs' claim be "plausible." In other words, "it simply calls for enough facts that raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations. Id.

In order to allege conspiracy under § 1983, Benitez must show: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Benitez v. Straley, 2006 U.S. Dist. LEXIS 6382 citing Pangburn v. Culbertson, 200 F. 3d 65, 72 (2d Cir. 1999). Conspiracies are by their very nature secretive operations that can hardly ever be proven by direct evidence, see, United States v. Rivera, 971 F.2d 876, 890 (2d Cir. 1992); United States v. Pitre, 960 F.2d 1112, 1121 (2d Cir. 1992).

Plaintiff's conspiracy allegations are outlined in paragraphs 178-181 of his Complaint. (Ex. A paragraphs 178-181) We have not had the opportunity to conduct discovery and uncover circumstantial evidence. It cannot be said that discovery will not reveal evidence supporting the Plaintiff's allegations. Defendants' argument that Plaintiff has not plausibly established a violation of the Constitution by the Defendants again flips the motion to dismiss standard favor in their favor.

### POINT 9:

### PLAINTIFF'S FAILURE TO INTERVENE CLAIM SHOULD NOT BE DISMISSED
### (RESPONSE TO DEFENDANTS' ARGUMENT POINT VIII)

Plaintiff relies on his arguments in Point 2 above regarding group pleading. Plaintiff refers the Court to his arguments regarding his factual basis in Point 2 above. The Plaintiff again notes that Defendants argue that no Constitutional injury has taken place, and re-asserts his argument that this again flips the motion to dismiss standard in their favor.

### POINT 10:

### (RESPONSE TO DEFENDANTS' ARGUMENT POINT IX)

### DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY:

Defendants are not entitled to qualified immunity.

A decision dismissing a claim based on qualified immunity at the summary judgment stage may only be granted when a court finds that no rational jury could conclude that (1) the official violated a statutory constitutional right, and (2) that the right was clearly established at the time of the established conduct. Coollick v. Hughes, 699 F.3d 211; Manganiello v. City of New York, 612 F.3d 149

Plaintiff relies upon his arguments above in point 6 and point 7 regarding the Plaintiff's constitutional right to be free from excessive force and to be protected from self harm. He relies on his factual allegations outlined herein and specifically his arguments in the factual background section herein and also point 1 above. The Plaintiff again notes that Defendants argue that Deputy Madonia acted objectively reasonable during the arrest, and re-asserts his argument that this again flips the motion to dismiss standard in their favor.

### POINT 11:

### (RESPONSE TO DEFENDANTS' ARGUMENT POINT X)

**A.    PLAINTIFF'S NEGLIGENCE AND VICARIOUS LIABILITY CLAIMS SHOULD NOT BE DISMISSED:**

Plaintiff relies on his arguments made in point 6 regarding how excessive force claims often is not appropriate on a motion to dismiss due to the fact specific nature of the inquiry. Plaintiff relies upon arguments made in 1 and 2 regarding group pleading and the sufficiency of Plaintiff's factual pleadings. Plaintiff also relies on his prior arguments regarding the Defendants conclusory statements that their officers acted reasonably under the circumstances and how that flips the motion to dismiss standard in their favor.

**B.    PLAINTIFF'S NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION CLAIMS SHOULD NOT BE DISMISSED:**

Plaintiff relies upon his arguments in point 3 above regarding the sufficiency of the above claims.

**C.    PLAINTIFF'S ASSAULT AND BATTERY CLAIMS SHOULD NOT BE DISMISSED:**

Plaintiff will rely upon his arguments in point 6 regarding how excessive

force claims often is not appropriate on a motion to dismiss. Plaintiff also relies on his prior arguments regarding the Defendants conclusory statements that their officers used reasonable force and how that flips the motion to dismiss standard in their favor.

### D. PLAINTIFF'S IIED AND NIED CLAIMS SHOULD NOT BE DISMISSED:

Defendants again ask the Court to assume facts in their favor when they argue that the Plaintiff was actively resisting a lawful arrest and that none of the Defendants breached any duty owed to the Plaintiff.

### POINT 12:

### (RESPONSE TO DEFENDANTS' ARGUMENT POINT XI)

Plaintiffs punitive damages claim should not be dismissed. Plaintiff has made several claims against Defendants that entitle him to that relief.

### CONCLUSION:

Therefore, the Defendants' motion should be denied in its entirety.

Dated:        August 25, 2021

SHAW & SHAW, P.C.

/s/Blake Zaccagnino
Blake Zaccagnino
Attorneys for Plaintiff
Office and Post Office Address
4819 South Park Avenue
Hamburg, NY 14075
(716) 648-3020 Telephone
(716) 648-3730 Fax
Bzaccagnino@shawlawpc.com

24