Exhibit A

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM  INDEX NO. EK12021000803
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 05/28/2021

STATE OF NEW YORK
SUPREME COURT : COUNTY OF CHAUTAUQUA

CHRISTIAN POWELL
111 Barrett Avenue
Jamestown, NY 14701

                        Plaintiff,

        -vs-                                    **SUMMONS**

CITY OF JAMESTOWN
200 East Third Street
Jamestown, NY 14701

CITY OF JAMESTOWN CLERK
200 East Third Street
Jamestown, NY 14701

JAMESTOWN POLICE DEPARTMENT
201 East 2nd Street
Jamestown, NY 14701

JAMESTOWN POLICE CHIEF TIMOTHY JACKSON
in his individual and official capacity
201 East 2nd Street
Jamestown, NY 14701

COUNTY OF CHAUTAUQUA
3 N Erie Street
Mayville, NY 14757

CHAUTAUQUA COUNTY SHERIFF'S OFFICE
15 E. Chautauqua Street
Mayville NY 14757

CHAUTAUQUA COUNTY SHERIFF
JAMES B. QUATTRONE
in his individual and official capacity
15 E. Chautauqua Street
Mayville NY 14757

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM
NYSCEF DOC. NO. 1

INDEX NO. EK12021000803

RECEIVED NYSCEF: 05/28/2021

CHAUTAUQUA COUNTY UNDERSHERIFF
DARRYL W. BRALEY
in his individual and official capacity
15 E. Chautauqua Street
Mayville NY 14757

JOHN DOES 1-10, said names being fictitious
but intended to be any other individual/officers
involved in the within incident and employees of the
CITY OF JAMESTOWN and/or JAMESTOWN
POLICE DEPARTMENT in their individual and official capacities

JOHN DOES 1-10, said names being fictitious
but intended to be any other individual/officers
involved in the within incident and employees of the
COUNTY OF CHAUTAUQUA  and/or CHAUTAUQUA
COUNTY SHERIFF'S OFFICE in their individual and official capacities

Defendants.
_____

**TO THE ABOVE-NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED AND REQUIRED** to serve upon the

plaintiff's attorneys, at the address stated below, a written Answer to the attached Complaint.

If this Summons is served upon you within the State of New York by personal service

you must respond within TWENTY (20) days after service, not counting the day of

service.  If this Summons is not personally delivered to you within the State of New York you must

respond within THIRTY (30) days after service is completed, as provided by law.

If you do not respond to the attached Complaint within the applicable time limitation

stated above a Judgment will be entered against you, by default, for the relief demanded in the

Complaint, without further notice to you.

Plaintiff designates Chautauqua  County as the place of trial.  The basis of venue is

NY CPLR § 504.

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM    INDEX NO. EK12021000803

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 05/28/2021

DATED:    May 27, 2021
          Hamburg, New York

                    SHAW & SHAW, P.C.

                    Blake Zaccagnino
                    Attorneys for Plaintiff
                    4819 South Park Avenue
                    Hamburg, New York  14075
                    (716) 648-3020 Telephone
                    (716) 648-3730 Fax

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM    INDEX NO. EK12021000803
NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 05/28/2021

STATE OF NEW YORK
SUPREME COURT : COUNTY OF CHAUTAUQUA

_____

CHRISTIAN POWELL

          Plaintiff,

    -vs-                              **COMPLAINT**

CITY OF JAMESTOWN

CITY OF JAMESTOWN CLERK

JAMESTOWN POLICE DEPARTMENT

JAMESTOWN POLICE CHIEF TIMOTHY JACKSON
in his individual and official capacity

COUNTY OF CHAUTAUQUA

CHAUTAUQUA COUNTY SHERIFF'S OFFICE

CHAUTAUQUA COUNTY SHERIFF
JAMES B. QUATTRONE
in his individual and official capacity

CHAUTAUQUA COUNTY UNDERSHERIFF
DARRYL W. BRALEY
in his individual and official capacity

JOHN DOES 1-10, said names being fictitious
but intended to be any other individual/officers
involved in the within incident and employees of the
CITY OF JAMESTOWN and/or JAMESTOWN
POLICE DEPARTMENT in their individual and official capacities

JOHN DOES 1-10, said names being fictitious
but intended to be any other individual/officers
involved in the within incident and employees of the
COUNTY OF CHAUTAUQUA and/or CHAUTAUQUA
COUNTY SHERIFF'S OFFICE in their individual and official capacities

          Defendants.

_____

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM

NYSCEF DOC. NO. 1

INDEX NO. EK12021000803

RECEIVED NYSCEF: 05/28/2021

Plaintiff, by his undersigned counsel, alleges, upon personal knowledge, and upon information and belief as to all other matters, as follows:

1.    This is an action to redress the deprivation by the defendants of the rights secured to plaintiff by the United States Constitution, New York State Constitution, and federal and state statute.

### THE PARTIES

2.    By virtue of the application of one or more of the exemptions listed in Section 1602 of Article 16 of the CPLR, the limitations and liability imposed by that Article do not apply to the cause or causes of action set forth herein.

3.    Plaintiff at all times hereinafter mentioned, was and continues to be, a resident of the County of Chautauqua, and the State of New York.

4.    Defendant CITY OF JAMESTOWN/CITY OF JAMESTOWN CLERK was at all times hereinafter mentioned is a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York with offices for the conduct of its business located in the CITY OF JAMESTOWN, County of Chautauqua and State of New York.

5.    Upon information and belief, and at all times hereinafter mentioned, Defendant JAMESTOWN POLICE DEPARTMENT was a division, entity, department, subsidiary and/or agent of defendant CITY OF JAMESTOWN, and is governed by the laws of the State of New York.

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM    INDEX NO. EK12021000803
NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 05/28/2021

6.      Upon information and belief, at all times hereinafter mentioned, and specifically on December 10, 2020, defendant JAMESTOWN POLICE CHIEF TIMOTHY JACKSON is and was a resident of the City of Jamestown, State of New York, and was an employee of the CITY OF JAMESTOWN and JAMESTOWN POLICE DEPARTMENT, and was in the course and scope of his duties as a police officer on the date and at the time of the within incident.

7.      Upon information and belief, and at all times hereinafter mentioned, the defendant COUNTY OF CHAUTAUQUA was and continues to be a duly organized municipal corporation authorized and existing under and by virtue of the laws of the State of New York, with offices for the transaction of business in Chautauqua County, and, as such, is subjected and empowered to sue and be sued in the Supreme Court of the State of New York.

8.      Upon information and belief, and at all times hereinafter mentioned, defendant CHAUTAUQUA COUNTY SHERIFF'S OFFICE was and still is a police agency formed and existing under the laws of the State of New York, and is a division and/or department and/or subsidiary of the Defendant COUNTY OF CHAUTAUQUA, a municipal corporation authorized and existing under and by virtue of the laws of the State of New York, with offices for the transaction of business in Chautauqua County, New York, and was and continues to be a governmental subdivision of Defendant COUNTY OF CHAUTAUQUA.

9.      Upon information and belief, and at all times hereinafter mentioned, defendant CHAUTAUQUA COUNTY SHERIFF JAMES B. QUATTRONE was and is a resident of the County of Chautauqua, State of New York, and was and continues to be an employee of defendants COUNTY OF CHAUTAUQUA and CHAUTAUQUA COUNTY SHERIFF'S OFFICE.

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM
NYSCEF DOC. NO. 1

INDEX NO. EK12021000803

RECEIVED NYSCEF: 05/28/2021

10.    Upon information and belief, and at all times hereinafter mentioned, defendant CHAUTAUQUA COUNTY UNDERSHERIFF DARRYL W. BRALEY was and is a resident of the County of Chautauqua, State of New York, and was and continues to be an employee of defendants COUNTY OF CHAUTAUQUA and CHAUTAUQUA COUNTY SHERIFF'S OFFICE.

11.    Upon information and belief, and at all times hereinafter mentioned, defendant JOHN DOES 1-10, said names being fictitious but intended to be any other individual/officers involved in the within incident and employees of the CITY OF JAMESTOWN and/or JAMESTOWN POLICE DEPARTMENT were employees of the CITY OF JAMESTOWN and/or JAMESTOWN POLICE DEPARTMENT , and were in the course and scope of their duties as police officers on the date and at the time of the within incident.

12.    Upon information and belief, and at all times hereinafter mentioned, defendant JOHN DOES 1-10, said names being fictitious but intended to be any other individual/officers involved in the within incident and employees of the COUNTY OF CHAUTAUQUA and/or CHAUTAUQUA COUNTY SHERIFF'S OFFICE were employees of the COUNTY OF CHAUTAUQUA and/or CHAUTAUQUA COUNTY SHERIFF'S OFFICE, and were in the course and scope of their duties as police officers on the date and at the time of the within incident.

13.    The defendant police officers are hereinafter referred to as officers/employees.

## CONDITIONS PRECEDENT

14.    That on February 1, 2021 (Jamestown Defendants) and February 2, 2021 (Chautauqua Defendants) the plaintiff caused the above named defendants to be personally served with a Notice of Claim pursuant to the Laws of the State of New York relating to the allegations of the Complaint herein.

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM    INDEX NO. EK12021000803
NYSCEF DOC. NO. 1                                                   RECEIVED NYSCEF: 05/28/2021

15.     The Notice of Claims were served on the above mentioned defendants within 90 days after the accrual of the respective causes of action.

16.     That on April 5, 2021, plaintiff submitted to an oral examination by the defendants pursuant to Section 50-e of the General Municipal Law.

17.     That more than 30 days have passed since the service of the Notice of Claim herein, the adjustment or payment of the claim has been neglected or refused, and the defendants have failed, declined, or otherwise refused to pay the claim herein.

18.     That the plaintiff has otherwise exhausted any and all administrative remedies relating to the action herein.

19.     This action has been commenced within 1 year and 90 days after the causes of action herein accrued.

20.     At the time and place aforesaid, the defendants were in the course of their employment.

**FACTUAL BACKGROUND:**

21.     This claim is for personal injuries and other damages sustained by Plaintiff as a result of the acts of assault, harassment, battery, excessive force, unlawful imprisonment, negligent hiring, negligent training, negligent retention, failure and delay in providing medical treatment, failing to treat his medical conditions and prevent self harm, general negligence, vicarious liability and violations of the Federal Civil Rights Law, The United States Constitution, The New York State Constitution and the Amendments thereof, by all defendants.

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM
INDEX NO. EK12021000803
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 05/28/2021

22.     The Plaintiff's injuries were sustained on account of the defendants' intentional acts of assault, harassment, battery, excessive force, unlawful imprisonment, negligent hiring, negligent training, negligent retention, failure and or delay to provide the Plaintiff with adequate medical care, failing to treat his medical conditions and prevent self harm, vicarious liability and violations of the Federal Civil Rights Law, The United States Constitution, The New York State Constitution and the Amendments thereof. The actions of the respondents also violated the plaintiff's due process rights of the Fourteenth Amendment and Fourth Amendment including but not limited to his substantive rights embodied therein.

23.     The amount of force used by defendants was used against the plaintiff purposely and knowingly, was objectively unreasonable and excessive force amounting to punishment.

<u>INCIDENT 1:</u>

24     The date when this claim arose and the Plaintiff's injuries and damages herein alleged were sustained was on December 10, 2020.

25.     The location where this claim arose was outside of 111 Barrett Avenue, Jamestown, NY and 201 East 2nd Street Jamestown, NY 14701 (Upon information and belief, the above address is known as the JAMESTOWN POLICE DEPARTMENT Central Booking Bureau)

26.     This incidents involved CHAUTAUQUA COUNTY SHERIFFS and JAMESTOWN POLICE OFFICERS.

27.     The Causes of Action which forms the substance of this claim arose is when the Plaintiff was lawfully located at the location stated above, when he was assaulted, battered, repeatedly grabbed, kneed, yanked his arms, threw him to the ground, placed handcuffs on him extremely tight causing injury, and seized him without cause or provocation by the above named police officers, and employees of the defendants herein.

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM    INDEX NO. EK12021000803

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 05/28/2021

28.    Upon information belief, the plaintiff suffers from mental health / other health conditions that were known or should have been known by defendants.

29.    At the time of plaintiff's arrest, he asked defendants to send him to an inpatient hospital to be treated for his mental health conditions mental state at the time. Defendants refused to send plaintiff to the hospital or to provide him with a mental health evaluation. This caused plaintiff injury and pain.

30.    The plaintiff was crying. He advised defendants that he had not slept in days, that he had not seen his children, that he was stressed out, that he wanted to kill himself, including but not limited to, that he has PTSD.

31.    After being advised of the above, the defendants remained on top of Plaintiff. They allowed plaintiff to hit his head off of the ground multiple times causing injury. The officers stood plaintiff up. Plaintiff advised that he felt he had a concussion.

32.    Plaintiff was placed in Jamestown Police Vehicle en route to the JAMESTOWN POLICE DEPARTMENT Central Booking Bureau. Defendants allowed plaintiff to hit his head on the glass separating where he and the officers were sitting multiple times, causing injury. Plaintiff screamed that he had a concussion and that he felt like he was going to die. He again screamed that he had not slept in days. Defendants allowed Plaintiff to hit his head on the above mentioned glass again, multiple times, causing injury. Plaintiff screamed that he was going to die and that he could not feel his head.

33.    Plaintiff and defendants arrived at the JAMESTOWN POLICE DEPARTMENT Central Booking Bureau. When they arrived, an officer stated that Plaintiff was fighting hard and that he would be going straight to the "chair" depending on his medical situation. Upon information and belief, he was referring to a restraint chair meant to prevent prisoners from self injury. An officer also stated that Plaintiff was bashing his head on a flash-light.

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM     INDEX NO. EK12021000803

NYSCEF DOC. NO. 1                                                      RECEIVED NYSCEF: 05/28/2021

34.     When officers took Plaintiff out of the vehicle, they allowed Plaintiff to bash his head on the trunk of a police vehicle, causing injury. Officers brought Plaintiff into the station. He screamed that his handcuffs were tight and asked officers to take them off. Plaintiff stated he had not slept in days, that he hadn't seen his children in weeks, that he had no-one to talk to, that he had no-one, and that he had PTSD.

35.     Plaintiff stated to officers that he had not eaten, that he did not care what happened to him, that he would rather kill himself then go to jail, and that he needed someone to talk to. Plaintiff also stated to officers that he wanted to go to the hospital.

36.     Instead of sending Plaintiff to the hospital, placing him in a restraint chair, and or providing him with a mental health evaluation, they handcuffed him to a bench at the station. This delay/denial in care, failure to treat his medical condition, and failure to prevent self harm caused plaintiff pain and injury. They did not put Plaintiff in a restraint chair to prevent further self harm/injury. Plaintiff was handcuffed on the bench for a number of hours.

37.     Defendants allowed plaintiff to smash his hands on the bench and yank on his handcuffs, causing injury. Plaintiff stated to officers that he lost his kids and his heart was gone, that he would rather kill himself, that he was psychotic, that he needed mental health help right now, and told officers to use a taser on him and to put a bullet in his head. Defendants allowed Plaintiff to punch the wall and break his ankle-handcuffs, causing injury.

38.     Plaintiff's mental health condition continued to deteriorate. Despite that, defendants still did not send Plaintiff to a hospital or provide him with a mental health evaluation. This caused him great pain and injury.

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM     INDEX NO. EK12021000803
NYSCEF DOC. NO. 1                                               RECEIVED NYSCEF: 05/28/2021

39.    Plaintiff again stated that he was going to kill himself. Officers allowed Plaintiff to hit his head off of the wall, causing injury. Plaintiff rambled, stumbled around, stretched his full body out with his leg attached to a bench, and took his shirt off. Plaintiff yanked his handcuffs on the bench, grabbed the phone off of the wall, violently clapped his hands, punched the wall, fell off of the bench and landed on his side, hit his head on the wall, and rolled back and forth moaning. The above and delay in his medical care caused Plaintiff pain and injury.

40.    Plaintiff stated to officers that he had been drinking for the past week , that he had not showered in days, that he was ready to kill himself, that he would rather be dead, that he has no-body and he was ready to say bye, that he had explosive anger disorder, that he was getting ready to kill himself and warned that officers better call someone in before he does it, that he was ready to jump head first off of the bench, and that he might as well kill himself.

41.    Plaintiff's mental health condition continued to deteriorate. Despite that, defendants still did not send Plaintiff to the hospital or provide him with a mental health evaluation. This caused him great pain and injury.

42.    The incident caused the claimant to be seriously injured.

INCIDENT 2:

43.    Hours later, plaintiff was arraigned. He was crying, trying to make statements on the record, and acted erratically. His bazaar behavior from hours prior continued. Despite that, defendants still did not send Plaintiff to the hospital or provide him with a mental health evaluation. This caused him great pain and injury.

44.    After his arraignment, hours after he was brought to the station, plaintiff ripped his Court paperwork up and threw it on the ground. Defendants brought Plaintiff to the restraint chair. They allowed Plaintiff to hit his head on the metal bars in the jail area causing him pain and injury.

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM
NYSCEF DOC. NO. 1

INDEX NO. EK12021000803
RECEIVED NYSCEF: 05/28/2021

45.     In the process of restraining plaintiff, defendants assaulted, battered, slammed Plaintiff to the ground, and seized Plaintiff without cause or provocation. The Defendants pulled Plaintiff's shirt over his head for a period of time while they restrained him. They allowed Plaintiff to bang his head and neck on the back of the restraint chair. He was strapped down by Defendants extremely tight. He asked officers to loosen his restraints. This caused him pain and injury.

46.     The Causes of Action which forms the substance of this claim also arose when the plaintiff was in the custody care and control of the respondents, when he was in need of medical care, and the respondents failed, refused to, and or delayed to obtain such care for him, and failed to treat his medical conditions and prevent self harm.

### AS AND FOR A SEPARATE
### AND DISTINCT CAUSES
### OF ACTION AGAINST DEFENDANTS:

### 1.     NEGLIGENCE:

47.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

48.     That upon information and belief, the defendants were negligent, reckless, careless, willful, and wanton in striking, pushing, pulling and throwing the plaintiff to the ground, and failing to treat his medical conditions and prevent self harm, resulting in serious and permanent bodily injuries to the plaintiff.

49.     As a result of the negligence of the defendants, the plaintiff was injured internally, externally, and permanently in and about the face, head, back, chest, shoulders, limbs, torso, and nervous system, so that he became and will continue to be disabled and will continue to suffer pain and discomfort, distress, and psychological adjustment.

50.     That the plaintiff was at all times, using due care.

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM    INDEX NO. EK12021000803
NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 05/28/2021

51.    That by reason of said injuries, the plaintiff required the services of physicians, surgeons, nurses, hospitals, and medicines and will continue to incur such expenses in the future; that as a result of the aforesaid injuries and the resulting disabilities, said plaintiff was incapacitated from his normal activities, may be incapacitated in the future, and as a result of the aforesaid injuries, the future earning capacity of said plaintiff, has been partially and/or permanently impaired, and as a result of the aforesaid, the plaintiff was otherwise damaged.

52.    That upon information and belief, the incident herein described and the resultant injuries and damages sustained were caused as a result of the negligence, carelessness, reckless and/or unlawful conduct on the part of the agents, servants and/or employees of all of the defendants herein, more particularly:

-    the defendants  exercised their authority in an intentionally malicious and careless manner causing serious and permanent injuries and/or damages to the plaintiff;

-    the defendants, their agents, servants and/or employees were negligent, wanton and reckless in failing to properly supervise their employees;

-    they allowed their employees and agents to subject claimant to physical contact without cause or provocation, thus creating a dangerous or hazardous condition, which they knew, or in the exercise of reasonable care, existed for a period of time prior to the incident;

-    that they failed to properly supervise their employees and the participating officers in their activities;

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM

NYSCEF DOC. NO. 1

INDEX NO. EK12021000803

RECEIVED NYSCEF: 05/28/2021

- in hiring employees they knew or should have known to be incompetent, unskilled, inexperienced, and with violent propensities and inability to properly treat medical conditions and prevent self harm;

- that the above named officers/employees were incompetent, unskilled and possessed obvious violent propensities;

- that the violent propensities of the above named officers/employees were known to respondents;

- in failing to properly train their employees and enforce proper and adequate rules of conduct;

- the above conduct of the respondents was committed by persons acting under color of state law; and their conduct deprived the plaintiff of his rights, privileges, and immunities secured by the Constitution and laws of the United States;

- their actions violated the claimant's Fourth, Fifth, Eighth including but not limited to Fourteenth Amendment Rights and was an unreasonable and excessive use of force by police officers in the course of an arrest/pre-trial detainment and their actions were not objectively reasonable;

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM    INDEX NO. EK12021000803
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 05/28/2021

- the defendants used the above force purposely and knowingly, and the force used against him used on him was objectively unreasonable (**Kingsley v. Hendrickson, 576 U.S. 389**);

- the defendants used excessive force because they gratuitously inflicted pain on the plaintiff in a manner that was not reasonable in response to the circumstances;

- a reasonable jury would find that the officers acted not only unreasonably, but that they were plainly incompetent and knowingly violated the law by gratuitously inflicting pain on the plaintiff over an extended period of time;

- they failed in their affirmative duty to intervene to protect the constitutional rights of the plaintiff from infringement by the other law enforcement officers in their presence and the officers observed and had reason to know that excessive force was being used on the plaintiff, that the plaintiff was being unlawfully arrested/detained/excessive force was being used; and that a constitutional violation was being committed by the other law enforcement officers;

- that upon information and belief, at all times hereinafter mentioned, respondents, through their employees, agents, servants and contractors, failed/delayed in rendering medical evaluation and attention to the plaintiff and failed to treat his medical conditions and prevent self harm;

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM    INDEX NO. EK12021000803

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 05/28/2021

- that upon information and belief, at all times hereinafter mentioned, defendants, through their employees, agents, servants and contractors, failed/delayed to provide adequate and essential medical evaluation and care and treatment to the plaintiff; they failed to address the plaintiff's serious medical needs;

- the defendants acted with deliberate indifference to the plaintiff because he was in need of medical care and they failed, or refused to, and or delayed to obtain such care;

- the defendants failed to protect the plaintiff from health problems that were sufficiently imminent and sure or very likely to cause him serious injuries and needless suffering;

- that by reason of the carelessness, negligence and recklessness and medical malpractice of the defendants through their employees, agents, servants and contractors, in the medical care and treatment and services rendered to and for plaintiff/lack thereof, the plaintiff was caused to suffer severe and great bodily injury with accompanying pain and suffering and sustained bodily and emotional injuries of a permanent nature;

- that the policies and procedures, and the willful and wanton conduct of defendants, their agents, servants and employees, reflect a reckless and careless disregard and deliberate indifference for the rights of the plaintiff to receive proper and adequate medical evaluation and attention so as to merit an award of damages against defendants;

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM    INDEX NO. EK12021000803

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 05/28/2021

- the municipal defendants were liable under a theory of respondeat superior for the above actions, including but not limited to, the arrest, assault, and battery of the plaintiff and their failure to treat plaintiff's medical conditions and prevent self harm;

- the defendants' conduct violated the Fourth Amendment "reasonableness standard";

- the above conduct of defendants violated plaintiff's right to be free from excessive force amounting to punishment protected by the Due Process Clause of the Fourteenth Amendment;

- the force used by defendants was purposefully and knowingly used against them and was objectively unreasonable;

- they failed to provide plaintiff with reasonable care to protect him from risks of harm that were reasonably foreseeable, i.e., those that they knew or should have known;

- they breached their duty of care to protect Plaintiff from self-inflicted harm;

- the defendants knew and/or should have known that the plaintiff posed a risk of harm to himself and failed to use adequate supervision to prevent that which was reasonably foreseeable;

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM    INDEX NO. EK12021000803

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 05/28/2021

- the defendants violated 42 USC Section 1983 by depriving the injured plaintiff of his Fourteenth Amendment right to adequate medical care, proper medical care, and treatment;

- the deprivations alleged herein is objectively, sufficiently serious, and defendants acted with deliberate indifference to plaintiff's health and safety;

- defendants failed to treat his medical needs that produced physical pain and injury;

- the defendants ignored plaintiff's psychiatric conditions causing him pain and injury;

- defendants recklessly failed to act with reasonable care to mitigate the risk of harm to plaintiff even though they knew or should have known that his condition posed an excessive risk to his health and safety;

- defendants knew of plaintiff's serious medical need and failed to respond reasonably to it;

- defendants denied plaintiff of mental health care and they acted with deliberately indifferent to his conditions and the conditions of his confinement;

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM    INDEX NO. EK12021000803

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 05/28/2021

- defendants unconstitutionally delayed or interrupted plaintiff's medical/mental health treatment in that it reflected a deliberate indifference to a serious risk of his health and safety, in other words, to a life threatening or fast degenerating condition of extreme pain that would have been alleviated through prompt treatment;    including but not limited to

- defendants failed to address plaintiffs depression and anxiety attacks, propensity for self harm, failed/delayed in providing him with a mental health evaluation, his suicidal thoughts, his PTSD,  defendants had notice of plaintiff's deteriorating condition, and their delay in treatment ran the risk of and caused harm to plaintiff.

53    That defendants affirmatively created the dangerous and defective condition described herein, that included but is not limited to, placing the defendant employees, in a position to cause foreseeable harm to the plaintiff (to be assaulted, not treating his serious medical needs, and failing to treat his medical conditions and  prevent self harm),  that the plaintiff would have been spared had they used reasonable care in making their decision regarding the hiring and retention of the aforementioned defendant employees.

54.    That the defendants herein had actual and constructive knowledge of the defective condition described above and in paragraph 52 above.

55.    That the defendants had subjective and objective knowledge of the defendant employees  involved in the within incident  propensity for conduct that caused the plaintiff's injuries, and that deficient training and supervision was a  proximate cause of the plaintiff's injuries.

56.    That the conduct of all of the defendants herein amounted to more than mere negligence, and instead, amounted to deliberate indifference to the plaintiff's safety.

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM
NYSCEF DOC. NO. 1

INDEX NO. EK12021000803

RECEIVED NYSCEF: 05/28/2021

57.    That the defendants provided grossly inadequate care and, in fact, took no measures to provide for plaintiff's safety for an unreasonable and inordinate period of time.

58.    That the negligence of the defendants, and his resultant injuries, produced physical injury to the plaintiff.

59.    That as a result of the foregoing, the plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

## 2.    VIOLATION OF FEDERAL CIVIL RIGHTS MUNICIPAL LIABILITY: 42 U.S.C. § 1983

60.    Plaintiff repeats and restates the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

61.    At all times hereinafter mentioned, the defendant employees were on duty as police officers employed by the CITY OF JAMESTOWN and COUNTY OF CHAUTAUQUA .

62.    That said defendants were acting under the color of state law, and their conduct did cause the deprivation of plaintiff's Constitutional rights by failing to provide an environment free from harm; that included but was not limited to, seizing, beating, and assaulting the plaintiff, including but not limited to, failing to treat his medical conditions and prevent self harm.

63.    That upon information and belief, prior to the incident described herein, the defendants had notice of the defendant employees pattern and practice of using unconstitutionally excessive force and assaults against other civilians in the course of an unlawful arrest and members of the public while in their capacity as police officers, including but not limited to failing to treat medical conditions and preventing self harm.

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM    INDEX NO. EK12021000803

NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 05/28/2021

64.     That upon information and belief, prior to the incident described herein, the defendants had received complaints and service of prior lawsuits that the defendant employees engaged in a pattern and practice of using unconstitutionally excessive force assaulting civilians, and failing to treat medical conditions in the course of unlawful arrests and members of the general public in the course of their duties as police officers including but not limited to failing to treat medical conditions and preventing self harm.

65.     That upon information and belief, and at all times hereinafter mentioned, it was the policy and custom of the defendants to fail to adequately train and supervise its employees relating to the use of force including but not limited to failing to treat medical conditions and preventing self harm.

66.     That upon information and belief, and at all times hereinafter mentioned, it was the policy and custom of the defendants to overlook, excuse, and disregard unprovoked acts of violence by its employees in the course of their duties as police officers, including but not limited to failing to treat medical conditions and preventing self harm.

67.     That upon information and belief, and at all times hereinafter mentioned, it was the policy and custom of the defendants to tolerate the indiscriminate use of excessive force against civilians in the course of unlawful arrests without reference to a reasonable use-of-force continuum and without consideration of recourse to less deadly uses force, and to also fail to treat medical conditions and prevent self harm.

68.     That upon information and belief, and at all times hereinafter mentioned, it was the policy and custom of the defendants to tolerate and encourage the use of excessive force and assault in dealing with civilians in the course of unlawful arrests in the course of their duties as police officers, including but not limited to failing to treat medical conditions and preventing self harm.

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM
NYSCEF DOC. NO. 1

INDEX NO. EK12021000803

RECEIVED NYSCEF: 05/28/2021

69.     The defendants' policies, customs, and practices of overlooking and approving excessive uses of force in general and failure to treat medical conditions and prevent self harm was the proximate causes of the violation of the plaintiff's rights herein pursuant to the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in addition to 42 U.S.C. Section 1983.

70.     Upon information and belief, overlooking, excusing, or disregarding the wrongful conduct of the defendants herein, have adopted a rule or unwritten rule, or defendants have established a policy or custom of deliberate indifference to unlawful conduct as complained of herein.

71.     The defendants' failure to take measures to train and supervise its police officers in the use of force, and to curb assaults on civilians in the course of unlawful arrests and to treat medical conditions and prevent self harm was a proximate cause of the violations alleged in the complaint herein.

72.     The excessive force used by the defendants constituted cruel and unusual punishment; the amount of force used was not applied in a good faith effort to maintain or restore discipline and was maliciously and sadistically applied to cause harm to the plaintiff; in applying excessive force, the defendants subjectively knew that the plaintiff faced a substantial risk of harm and they recklessly disregarded that risk; that the deprivation was objectively sufficiently serious as to be actionable; the defendants had knowledge that the plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate the harm; including but not limited to the defendants acted with deliberate indifference to the plaintiff's health and safety.

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM
NYSCEF DOC. NO. 1

INDEX NO. EK12021000803
RECEIVED NYSCEF: 05/28/2021

73.    The defendants violated the plaintiff's Fourth Amendment rights to be free from the unreasonable and excessive use of force by a police officer in the course of an unlawful arrest. The defendants actions constituted excessive force when considering the nature and severity of the crime leading to the arrest, the plaintiff did not pose an immediate threat of safety of the officers involved or others, and he was not actively resisting arrest or attempting to evade the arrest by flight. The officers gratuitously inflicted pain in a manner that was not reasonable in response to the circumstances.

74.    That all enumerated defendants were acting under color and authority of the Law, and were acting in a capacity as agents, servants and employees of defendants.

75.    That the entire course of conduct of defendants as enumerated above was in violation and deprived the plaintiff of his Federally secured Constitutional rights and the rights contours were sufficiently definite that any reasonable official in the defendants shoes would have understood that they violated it.

76.    The defendants executed  a government policy or custom and acts that may fairly be said to represent an official policy, that inflicted the plaintiff with his injuries. The policies were memorialized in specific rules and regulations. The defendants' constitutional violations that led to the plaintiff's injuries were so persistent and widespread and were so permanent and well settled as to constitute a usage with the force of law. The above policies and customs that caused the plaintiff's injuries violated federal and state law and resulted in the tortious violation of the plaintiff's rights.

77.    That as a result of the foregoing, the plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

78.    That the plaintiff is entitled to an award of attorneys fees for the prosecution of the within action.

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM
NYSCEF DOC. NO. 1

INDEX NO. EK12021000803
RECEIVED NYSCEF: 05/28/2021

### 3.  RESPONDEAT SUPERIOR/VICARIOUS LIABILITY

79.    Plaintiff repeats and restates the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

80.    That on or about December 10, 2020 the defendant CITY OF JAMESTOWN and COUNTY OF CHAUTAQUA, were responsible for the training, supervision, and actions of the defendant officers.

81.    On or about December 10, 2020 the defendant officers were acting within the scope of their employment with the defendants.

82.    That said tortuous conduct above described and blatant disregard for the safety of the plaintiff, committed by the defendant officers on the aforesaid date was ratified by the defendants, and was in furtherance of purposes and aims of the defendants.

83.    That the defendants CITY OF JAMESTOWN and COUNTY OF CHAUTAQUA, were willful, wanton, reckless and negligent in employing defendant officers.

84.    The defendants CITY OF JAMESTOWN and COUNTY OF CHAUTAQUA, are liable under a theory of respondeat superior for the claims alleged in this Complaint.

85.    That by reason of the foregoing, plaintiff suffered severe, painful, permanent and personal injuries; was rendered sick, sore lame and disabled, and has suffered a loss of enjoyment and quality of life.

### 4.  NEGLIGENT HIRING:

86.    Plaintiff repeats and restates the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

87.    That on or about December 10, 2020 the defendant officers were employees, contractors, and agents of defendants CITY OF JAMESTOWN, JAMESTOWN POLICE

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM    INDEX NO. EK12021000803

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 05/28/2021

DEPARTMENT, COUNTY OF CHAUTAQUA and CHAUTAQUA COUNTY SHERIFFF'S OFFICE.

88.    That the defendants, owed a duty to the plaintiff to ensure the competence of their employees including the defendant officers, and by using reasonable care in selecting and hiring its employees such as the defendant officers; they had a further duty of care to investigate the background of its officers, and review their backgrounds, competency, temperament, and propensity for violence, especially in light of the particular risk or hazard that the breach of that duty imposed to the public.

89.    That the incompetency, temperament, and propensity for violence of the defendant officers , including but not limited their inability to treat medical conditions and preventing self harm, was known or should have been known to the defendants at the time of their hiring.

90.    That defendants failed to take reasonable steps to ascertain whether or not the defendant officers were emotionally capable of performing such duties and did not have a propensity towards violence, or overreaction to situations that they were likely to encounter or administer, including but not limited their inability to treat medical conditions and preventing self harm, or well known standardized tests to ascertain the defendant employees personalities.

91.    That the failure of defendants to investigate the negligent hiring and retention and supervision of the defendant officers and other employees placed them in a position to commit foreseeable harm and was the proximate cause of the tortuous acts committed upon plaintiff and the damaged suffered by the plaintiff on account of such acts; they breached their duty to use reasonable care in employment, training and supervision of its employees to find out whether they were competent to do their work without danger of harm to others; they failed in their duty because they knew or should have known that their employees, defendants employees were incompetent and/or had vicious propensities; a bad disposition; and/or were given to horseplay; and they failed to use reasonable care to correct or remove them; and they failed in that duty because they knew of facts that would lead a

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM
NYSCEF DOC. NO. 1

INDEX NO. EK12021000803

RECEIVED NYSCEF: 05/28/2021

reasonably prudent person to conduct an investigation which could have uncovered the information about the employees and failed to do so; they placed the defendant employees in a position to cause the foreseeable harm to the plaintiff that would most probably would have been spared had they use reasonable care in making its decision regarding the hiring and retention of them.

92.     That by reason of the foregoing, the plaintiff suffered severe, painful, permanent, and personal injuries; was rendered sick, sore, lame and disabled, and suffered loss of enjoyment of quality of life.

### **5.     NEGLIGENT RETENTION:**

93.     Plaintiff repeats and restates the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

94.     That on or about December 10, 2020 the defendant  officers were employees, contractors, and agents of defendants CITY OF JAMESTOWN, JAMESTOWN POLICE DEPARTMENT, COUNTY OF CHAUTAUQUA and CHAUTAUQUA COUNTY SHERIFFF'S OFFICE.

95.     That defendants owed a duty to the plaintiff to ensure the competence of their officers  including the defendant officers,  and by using reasonable care in selecting and hiring its employees such as the defendants officers; they had a further duty of care to investigate the background of its officers, and review their backgrounds, competency, temperament, and propensity for violence, and inability to provide plaintiff with medical treatment and to protect  him from self harm, especially in light of the particular risk or hazard that the breach of that duty imposed to the public.

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM     INDEX NO. EK12021000803

NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 05/28/2021

96.    That the incompetency, temperament, propensity for violence, including but not limited to the inability provide plaintiff with medical treatment and to protect him from self harm of the defendant officers, was known or should have been known to the defendants at the time of their hiring, training, retention, and supervision.

97     That the failure of defendants to investigate the negligent hiring and retention and supervision of the defendant officers and other employees placed them in a position to commit foreseeable harm and was the proximate cause of the tortuous acts committed upon plaintiff and the damaged suffered by the plaintiff on account of such acts; they breached their duty to use reasonable care to in employment, training and supervision of its employees to find out whether they were competent to do their work without danger of harm to others; they failed in their duty because they knew or should have known that their employees were incompetent and/or had vicious propensities; a bad disposition; and/or were given to horseplay; and they failed to use reasonable care to correct or remove them; and they failed in that duty because they knew of facts that would lead a reasonably prudent person to conduct an investigation which could have uncovered the information about the employee and failed to do so; they placed the defendant employees in a position to cause the foreseeable harm to the plaintiff that would most probably would have been spared had they use reasonable care in making its decision regarding the hiring and retention of them.

98.    That when the incompetency, temperament and propensity for violence of the defendant officers, including but not limited to their inability to provide plaintiff with medical treatment and to protect him from self harm, was known or should have been known to the defendants , herein, they continued to be employed by them.

99.    That by reason of the foregoing, the plaintiff suffered severe, painful, permanent, and personal injuries; was rendered sick, sore, lame and disabled, and suffered loss of enjoyment of quality of life.

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM    INDEX NO. EK12021000803

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 05/28/2021

## 6.    NEGLIGENT TRAINING AND SUPERVISION:

100.    Plaintiff repeats and restates the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

101.    That on or about December 10, 2020 defendant officers were employees, contractors, and agents of CITY OF JAMESTOWN, JAMESTOWN POLICE DEPARTMENT, COUNTY OF CHAUTAUQUA and CHAUTAUQUA COUNTY SHERIFFF'S OFFICE.

102.    That the defendants owed a duty to the plaintiff to ensure the competence of their employees including the defendant officers, and by using reasonable care in selecting and hiring its employees such as the defendant employees; they had a further duty of care to investigate the background of its employees, and review their backgrounds, competency, temperament, and propensity for violence, and their ability to treat medical conditions and prevent self harm, especially in light of the particular risk or hazard that the breach of that duty imposed to the public and on inmates.

103.    That when the incompetency, temperament and propensity for violence of the defendant employees was known or should have been known to the defendants herein at the time of their hiring.

104.    That defendants failed to take reasonable steps to ascertain whether or not the defendant employees were emotionally capable of performing such duties and did not have a propensity towards violence, and able to treat medical conditions and prevent self harm, or overreaction to situations that they were likely to encounter or administer, or well known standardized tests to ascertain the defendants defendant employees personalities.

105.    That the failure of defendants to investigate the negligent training and supervision of the defendant officers and other employees placed them in a position to commit foreseeable harm and was the proximate cause of the tortuous acts committed upon plaintiff and the damages suffered by the plaintiff on account of such acts.

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM    INDEX NO. EK12021000803

NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 05/28/2021

106.    That by reason of the foregoing, the plaintiff suffered severe, painful,

permanent, and personal injuries; was rendered sick, sore, lame and disabled, and suffered loss of

enjoyment of quality of life.

## 7.    ASSAULT:

107.    Plaintiff repeats and restates the allegations contained in the foregoing

paragraphs of this Complaint as if the same were more fully set forth herein.

108.    On December 10, 2020, the plaintiff was unlawfully arrested by the above named

defendants.

109.    That the defendant officers intentionally made physical contact with the plaintiff,

beating him, and causing serious injuries and damages.

110.    That by the conduct described above, the defendant employees

intended to cause the plaintiff apprehension that harmful, injurious and offensive bodily contact would

occur.

111.    That the conduct aforementioned did in fact cause the plaintiff apprehension

that harmful, injurious, and offensive bodily contact would occur.

112.    That the defendant officers, while acting in the scope of their authority as

employees of defendants, through their training, experience, and possession of dangerous weapons, did

in fact have such capability to cause the harmful, injurious, and offensive bodily contact to the plaintiff

herein.

113.    That the conduct of the defendant officers was without just cause

or provocation, and the plaintiff did not consent to such conduct. The defendant officers intentionally

caused the plaintiff to become concerned that they were about to cause harmful or offensive bodily

contact; they had a real and apparent ability to bring about the harmful and offensive contact; and the

defendants not only made offensive contact with the plaintiff, but performed a menacing act or gesture

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM
NYSCEF DOC. NO. 1

INDEX NO. EK12021000803
RECEIVED NYSCEF: 05/28/2021

that caused the plaintiff to believe that a harmful or offensive imminent bodily contact was about to occur before it did.

114.    That by reason of the foregoing, the plaintiff suffered severe, painful, permanent, and personal injuries; was rendered sick, sore, lame and disabled, and suffered loss of enjoyment of quality of life.

### 8.    BATTERY:

115.    Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

116.    On December 10, 2020, the plaintiff was unlawfully arrested by the above named defendants.

117.    That the defendant employees, intentionally made physical contact with the plaintiff, beating him, and causing serious injuries and damages.

118.    The defendant employees intended to subject the plaintiff to harmful, injurious, and offensive bodily contact.

119.    They did, in fact, subject the plaintiff to harmful, injurious, and offensive bodily contact.

120.    That the physical contact perpetrated by the defendant employees was without just cause, without provocation, and the plaintiff did not consent to such physical contact. The force used against the plaintiff was grossly excessive and patently unreasonable under the circumstances.

121.    The defendant employees intentionally touched the plaintiff, without his consent, and caused offensive bodily contact; their intention in causing bodily contact to the plaintiff is one that a reasonable person would find offensive; the contact was one that was done for the purpose of harming the plaintiff and offended his reasonable sense of personal dignity and was one that was

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM

NYSCEF DOC. NO. 1

INDEX NO. EK12021000803

RECEIVED NYSCEF: 05/28/2021

otherwise wrongful; the contact also caused physical pain and illness and interfered with the condition of his body.

122.    The amount of force used by the officer defendants was excessive and they did not have a reasonable belief that the amount of force they used was necessary to make the unlawful arrest and to prevent the plaintiff's escape. The physical forced used by the officers was intentional and was not reasonably necessary under the circumstances. Considering the circumstances at the time and place of this incident, it was not reasonable for the officers to believe the plaintiff was resisting arrest or attempting to escape and thy were not justified in using force.

123.    Since the officers arrest of the plaintiff was unlawful, any use of force against the plaintiff was assault and battery, regardless of whether the force would be deemed reasonable if applied during a lawful arrest, the plaintiff alleges his arrest was not lawful.

124.    That by reason of the foregoing, the plaintiff suffered severe, painful, permanent, and personal injuries; was rendered sick, sore, lame and disabled, and suffered loss of enjoyment of quality of life.

## 9.    BATTERY COMMITTED IN THE PERFORMANCE OF A PUBLIC DUTY:

125.    Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

126.    On December 10, 2020, the plaintiff was unlawfully arrested by the above named defendants.

127.    That the defendant employees while employed and acting in their official and individual capacity, intentionally made physical contact with the plaintiff, beating him, and causing serious injuries and damages.

128.    The defendant employees intended to subject the plaintiff to harmful,

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM
NYSCEF DOC. NO. 1

INDEX NO. EK12021000803
RECEIVED NYSCEF: 05/28/2021

injurious, and offensive bodily contact.

129.    They did, in fact, subject the plaintiff to harmful, injurious, and offensive bodily contact.

130.    That the physical contact perpetrated by the defendant employees was without just cause, without provocation, and the plaintiff did not consent to such physical contact. The force used against the plaintiff was grossly excessive and patently unreasonable under the circumstances.

131.    The defendant employees intentionally touched the plaintiff, without his consent, and caused offensive bodily contact; their intention in causing bodily contact to the plaintiff is one that a reasonable person would find offensive; the contact was one that was done for the purpose of harming the plaintiff and offended his reasonable sense of personal dignity and was one that was otherwise wrongful; the contact also caused physical pain and illness and interfered with the condition of his body.

132.    That by reason of the foregoing, the plaintiff suffered severe, painful, permanent, and personal injuries; was rendered sick, sore, lame and disabled, and suffered loss of enjoyment of quality of life.

133.    That given the defendant employees were acting in their official and individual capacities, and performing duties related thereto, they are additionally liable for battery committed in his performance of their public duty.

## 10.    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

134.    Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

135.    On December 10, 2020, the plaintiff was unlawfully arrested by the above named defendants.

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM
NYSCEF DOC. NO. 1

INDEX NO. EK12021000803
RECEIVED NYSCEF: 05/28/2021

136. Thereafter, the defendant employees while employed and acting in their individual and official capacity, intentionally made physical contact with the plaintiff, beating him, and causing serious injuries and damages.

137. That the aforementioned conduct of defendants was so shocking, extreme and outrageous that it exceeds all reasonable bounds of decency. That there was no justification or reason for the aforementioned conduct of defendants.

138. That by their conduct and under circumstances known to them, defendants intended to cause such severe emotional distress, and such conduct made it substantially certain that such distress would follow.

139. That by their conduct, and under circumstances known to them, defendants acted recklessly and with utter disregard to the consequences of their actions; their conduct was extreme and outrageous; their intention was to cause and disregard of a substantially possibility of causing severe, emotional distress.

140. That the aforementioned conduct of defendants directly and proximately caused the plaintiff's severe emotional injury and distress. There is a direct causal connection between the conduct and the plaintiff's injuries.

## 10. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

141. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

142. On December 10, 2020, the plaintiff was unlawfully arrested by the above named defendants.

143. That the defendant employees while employed and acting in their individual and official capacity, intentionally made physical contact with the plaintiff, beating him, and causing serious injuries and damages.

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM     INDEX NO. EK12021000803
NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 05/28/2021

144.     That by reason of the aforesaid conduct and actions of defendants, plaintiff feared for his personal safety.

145.     That plaintiff did not consent to the commission of the aforesaid conduct by the defendants.

146.     That the conduct of the defendants was not otherwise just, authorized, or privileged.

147.     That the aforementioned conduct of defendants was so shocking, extreme and outrageous that it exceeds all reasonable bounds of decency.

148.     That the aforementioned conduct of defendants directly and proximately caused the plaintiff severe emotional injury and distress.

## 11.     FAILURE TO INTERVENE:

149.     Plaintiff repeats and reiterates the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

150.     On December 10, 2020, the plaintiff was unlawfully arrested by the above named defendants.

151.     That the defendant employees while employed and acting in their individual and official capacity, intentionally made physical contact with the plaintiff, beating him, and causing serious injuries and damages. Defendants also failed to provide plaintiff with medical treatment and to protect him from self harm.

152.     That while the defendant employees were assaulting and battering the plaintiff and failing to provide him with medical treatment and failing to protect him from self harm, at the same time, employees were within a few feet of the assault sufficient to constitute direct contact between plaintiff and defendants.

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM     INDEX NO. EK12021000803

NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 05/28/2021

153.    That by their conduct, these defendants assumed a duty to protect plaintiff from the striking, battering and assault by the defendants and their failure to provide plaintiff with medical treatment and to protect him from self harm.

154.    That said defendants knew plaintiff would suffer harm if they did not take timely action to protect him.

155.    That said defendants did not take any steps to protect the plaintiff from the assault, in fact such individuals stood idly by and watched as plaintiff was repeatedly struck. That said defendants also did not take any steps to protect plaintiff from defendants failure to provide plaintiff with medical treatment and to protect him from self harm.

156.    That plaintiff reasonably relied upon the officers assumption of duty that they would protect him from an assault by defendant and from failure to provide plaintiff with medical treatment and to protect him from self harm. . The defendants failed to fulfil their affirmative duty to intercede.

157.    The officers breached their affirmative duties to intervene to protect the constitutional rights of the plaintiff from infringement by other law enforcement officers in their presence. They failed to intercede to prevent the preventable harm caused to plaintiff by the actions of other officers where the officers observed and had reason to know that the plaintiff was being assaulted and that he was not being provided with medical treatment or prevented from self harm, that was a constitutional violation committed by law enforcement officials.

158.    The officers failed to intercede and are liable for the preventable harm sustained by the plaintiff caused by the actions of other officers where the officers observed or had reason to know that excessive force was being used, that the plaintiff was being unlawfully arrested, that they were failing to provide plaintiff with medical treatment and to protect him from self harm. that constitutional violations were being committed by the other officers.

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM    INDEX NO. EK12021000803

NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 05/28/2021

159.    That by reason of the foregoing, plaintiff suffered severe, painful, permanent, and personal injuries; was rendered sick, sore, lame and disabled, and suffered loss of enjoyment and quality of life.

## 11.    UNLAWFUL ARREST:

160.    Plaintiff repeats and reiterates the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

161.    That on December 10, 2020, plaintiff was lawfully present.  Thereafter, defendants, while employed by and acting in their individual and official capacities  as  police officers threw defendant to the ground and injured him.

162.    That during the time aforementioned, defendant officers intended to confine and  detain the plaintiff to the area where they struck, assaulted, and battered the plaintiff.

163.    Defendant officers did indeed prevent, confine and detain the plaintiff from  leaving the area where the assault and battery occurred.

164.    Said confinement was accomplished by defendant officers through both physical  and verbal means.

165.    That plaintiff was aware of said confinement, and did not consent to same.

166.    That said confinement was without just cause or provocation, and was not otherwise privileged.

167.    The defendant officers intended to confine the plaintiff, the plaintiff was conscious of the confinement and did not consent to it, and the confinement was not privileged.

168.    That by reason of the foregoing, plaintiff suffered severe, painful, permanent, and personal injuries; was rendered sick, sore, lame and disabled, and suffered loss of enjoyment and quality of life.

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM    INDEX NO. EK12021000803

NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 05/28/2021

## 12. FAILURE TO TREAT:

169.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

170.    That upon information and belief, at all times hereinafter mentioned, defendants hired employees, agents, servants and contractors that held themselves out as duly qualified to render proper and adequate medical treatment and services, including providing physical examinations and medical care to those persons under the care and custody of the defendants, including plaintiff.

171.    That upon information and belief, at all times hereinafter mentioned, defendants, through their employees, agents, servants and contractors, failed to render medical evaluation and attention to the plaintiff.

172.    That upon information and belief, on December 10, 2020, defendants, through their employees, agents, servants and contractors, failed to provide adequate and essential medical evaluation and care and treatment to the plaintiff; they failed to address the plaintiff's serious medical and mental health needs; they acted with deliberate indifference to the plaintiff because he was in need of medical care and they failed, or refused to, obtain such care; they failed to protect him from health problems that were sufficiently imminent and sure or very likely to cause him serious illness and needless suffering.

173.    Defendants failed in their duty to protect plaintiff from, including but not limited to, self inflicted harm, and other risks of harm that were reasonably foreseeable to defendants, i.e., those that they knew about or should have known about.

174.    That by reason of the carelessness, negligence and recklessness and medical malpractice of the defendants through their employees, agents, servants and contractors, in the medical care and treatment and services rendered to and for plaintiff, plaintiff was caused to suffer severe and

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM
NYSCEF DOC. NO. 1
INDEX NO. EK12021000803
RECEIVED NYSCEF: 05/28/2021

great bodily injury with accompanying pain and suffering and sustained bodily and emotional injuries of a permanent nature.

175.    That the policies and procedures, and the willful and wanton conduct of defendants, their agents, servants and employees, reflect a reckless and careless disregard and deliberate indifference for the rights of the plaintiff to receive proper and adequate medical evaluation and attention so as to merit an award of damages against defendants.

176.    That the defendants' actions indicate a willful misconduct, wantonness and want of care which have raised the presumption of conscious indifference to the consequences to plaintiff, thus entitling plaintiff to an award of damages.

177.    That the amount of damages sought in this action exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

### 13.    CONSPIRACY:

178.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

179.    That defendants, together with their agents, servants and/or employees acted within their capacities and of their color of law, having conspired together and with others, reached a mutual understanding and acted to undertake a course of contact that violated the plaintiff's civil rights to wit:

A.    The defendants agreed and acted with others to bear, threaten, use excessive force intimidate and terrorize the plaintiff, and to deny him with medical care and failure to protect plaintiff from self harm; and;

B.    The defendants agreed and acted with others to punch the plaintiff for exercising his constitutionally protected rights.

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM

NYSCEF DOC. NO. 1

INDEX NO. EK12021000803

RECEIVED NYSCEF: 05/28/2021

180.    As a direct and proximate cause of the result of the conspiracy between the defendants and others as aforesaid, plaintiff was deprived of his constitutional rights as outlined herein.

181.    Upon information and belief, the amount of damages sought by the plaintiff against the defendants in this action exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and the plaintiff seeks damages against the defendants in an amount to be proven and determined at the trial of this action.

### 14.    DEMAND FOR PUNITIVE DAMAGES

182.    The actions of the defendants herein were extreme and outrageous, and shock the conscience of a reasonable person. Consequently, an award of punitive damages is appropriate to punish the defendants for their deliberate indifference and malice towards the plaintiff and his rights as outlined above.

183.    As such, plaintiff demands judgment against defendants in an amount to be determined at trial.

**WHEREFORE**, the plaintiff respectfully the following forms of relief:

A)    Compensatory and special damages against the defendants and each of them jointly and severally, in an amount to be determined at trial;

B)    Punitive Damages against all individual defendants in an amount to be determined by a properly instructed jury;

C)    Costs, disbursements, and attorneys' fees as stated above;

D)    Interest on the aforementioned judgments;

E)    Jury trial; and

F)    Such other and further relief that the Court deems just and proper.

FILED: CHAUTAUQUA COUNTY CLERK 05/28/2021 10:52 AM
NYSCEF DOC. NO. 1

INDEX NO. EK12021000803
RECEIVED NYSCEF: 05/28/2021

Dated:      May 27, 2021
            Hamburg, New York

                        **SHAW & SHAW P.C.**

                        Blake Zaccagnino
                        Attorneys for Plaintiff
                        4819 South Park Avenue
                        Hamburg, New York  14075
                        (716) 648-3020 Telephone
                        (716) 648-3730 Fax