UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTIAN POWELL

            Plaintiff,

   -vs-

                                 Civil Action No.: 1:21-CV-00721

CITY OF JAMESTOWN,
CITY OF JAMESTOWN CLERK,
JAMESTOWN POLICE DEPARTMENT,
JAMESTOWN POLICE CHIEF TIMOTHY
JACKSON,
COUNTY OF CHAUTAUQUA,
CHAUTAUQUA COUNTY SHERRIFF'S OFFICE,
CHAUTAUQUA COUNTY SHERRIFF JAMES B. QUATTRONE,
CHAUTAUQUA COUNTY UNDERSHERRIFF
DARRYL W. BRALEY,
JOHN DOES 1-10, said names being fictitious but
intended to be any other individual/officers involved
in the within incident and employees of the
CITY OF JAMESTOWN and/or JAMESTOWN POLICE
DEPARTMENT in their individual and official
capacities, and
JOHN DOES 1-10, said names being fictitious
but intended to be any other individual/officers involved
in the within incident and employees of the
COUNTY OF CHAUTAUQUA and/or
CHAUTAUQUA COUNTY SHERRIFF'S OFFICE in
their individual and official capacities,

                    Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT OF THE CITY OF JAMESTOWN
DEFENDANTS' MOTION TO DISMISS**

OFFICE OF CORPORATION COUNSEL
CITY OF JAMESTOWN
Elliot S. Raimondo, Esq.
City Hall
200 E. Third St. Ste. 4
Jamestown, NY 14701
(716) 483-7540

*COUNSEL FOR DEFENDANTS*

*City of Jamestown,*
*City of Jamestown Clerk, Jamestown Police Department, Jamestown Police Chief Timothy*
*Jackson, and JOHN DOES 1-10, said names being fictitious but*
*intended to be any other individual/officers involved in the within incident and employees of the*
*CITY OF JAMESTOWN and/or JAMESTOWN POLICE*
*DEPARTMENT in their individual and official capacities*

## TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................iii

PRELIMINARY STATEMENT………………………………………………………………….1

PLAINTIFF'S ALLEGATIONS………………………………………………………………….2

STANDARD OF REVIEW……………………………………………………………………4

ARGUMENT………………………………………………………………………………...6

PLAINTIFF'S INSUFFICIENT "GROUP PLEADING" REQUIRES DISMISSAL……………6

PLAINTIFF'S CLAIM AGAINST THE JAMESTOWN POLICE DEPARTMENT AND CITY OF JAMESTOWN CLERK MUST BE DISMISSED AS THEY ARE NOT LEGAL ENTITIES SUBJECT TO SUIT…………………………………………………………………………7

CITY OF JAMESTOWN POLICE CHIEF TIM JACKSON MUST BE DISMISSED AS A PARTY TO THIS SUIT………………………………………………………………………..8

PLAINTIFF'S § 1983 *MONELL* CLAIMS AGAINST THE CITY MUST BE DISMISSED…9

BECAUSE *RESPONDEAT SUPERIOR* IS NOT A STAND-ALONE CLAIM, PLAINTIFF'S THIRD CAUSE OF ACTION MUST BE DISMISSED………………………………………..13

PLAINTIFF'S CAUSES OF ACTION 4, 5, AND 6 FOR NEGLIGENT HIRING, RETENTION, TRAINING OR SUPERVISION WHERE DEFENDANTS ACT IN THE SCOPE OF THEIR EMPLOYEMNT IS NOT PERMITTED ………………………………………………………...13

PLAINTIFF'S ASSAULT AND BATTERY CLAIMS MUST BE DISMISSED ON THE MERITS AND FOR THE NINTH CAUSE OF ACTION AS DUPLICATIVE…………………14

PLAINTIFF'S IIED AND NIED CLAIMS MUST BE DISMISSED. …………………………15

PLAINTIFF'S §1983 FAILURE TO INTERVENE CLAIM MUST BE DISMISSED AGAINST THE CITY DEFENDANTS……………………………………………………………………16

PLAINTIFF'S CLAIM OF UNLAWFUL ARREST MUST BE DISMISSED AGAINST THE CITY DEFENDANTS………………………………………………………………………..17

PLAINTIFF'S §1983 DELIBERATE INDIFFERENCE TO MEDICAL NEEDS CLAIM MUST BE DISMISSED AGAINST THE CITY DEFENDANTS……………………………………...18

PLAINTIFF'S § 1983 CONSPIRACY CLAIM MUST BE DISMISSED AGAINST THE CITY DEFENDANTS……………………………………………………………………………………….20

PLAINTIFF'S § 1983 EXCESSIVE FORCE CLAIM MUST BE DISMISSED AGAINST THE CITY DEFENDANTS…………………………………………………………………………………..21

THE CITY DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY………………23

PLAINTIFF'S CAUSE OF ACTION SEEKING PUNATIVE DAMAGES AGAINST THE CITY DEFENDANTS MUST BE DISMISSED…………………………………………………..24

CONCLUSION……………………………………………………………………………………25

## <u>TABLE OF AUTHORITIES</u>

*Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007)

*Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))

*Twombly*, 550 U.S. at 555

*Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)

*Port Dock & Stone Corp. v. Old Castle NC. Inc.*, 507 F3d 117, 121 (2d Cir. 2007)

*Corazzini v. Litton Loan Servicing LLP* No. 09-CV-0199, 2010 WL 1132683, at *3 (N.D.N.Y., Mar. 23, 2010)

*Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86-87 (2d Cir. 2000)

*Tulczynska v. Queens Hosp. Ctr.*, 2019 U.S. Dist. LEXIS 23751, 11 (S.D.N.Y.)

*Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir. 1991).

*Harris v. City of New York*, No. 09-CV-3474 KAM, 2013 WL 4858333, at *2 (E.D.N.Y. Sept. 10, 2013); *see also* Fed. R. Evid. 201(b)

*Williams v. N.Y.C. Hous. Auth.,* 816 Fed. Appx. 532, 534 (2d Cir. 2020)

*Johnson v. City of N.Y.,* 2017 `WL 2312924, at *2 n.2 (S.D.N.Y. 2017)

*Lurch v. City of New York,* 2021 WL 842616, at *4 (S.D.N.Y. 2021)

*Wright v. Orleans County et al.,* 2015 WL 5316410, at *13 (W.D.N.Y. 2015)

*Zalewski v. T.P. Builders, Inc.,* 2011 WL 3328549, at *5 (N.D.N.Y. 2011)

*Martin v. City of New York*, 2008 WL 1826483, at *1 (S.D.N.Y. 2008)

*Bryant v. Ciminelli*, 267 F. Supp. 3d 467, 478 (W.D.N.Y. 2017)

*Dineen v. Stramka*, 228 F. Supp. 2d 447, 454 (S.D.N.Y. 2002)

*Orraca v. City of N.Y.*, 897 F. Supp. 148 (S.D.N.Y.1995)

*Wilson v. City of N.Y.*, 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992), *aff'd*, 32 F.3d 989 (2nd Cir. 1994

*Pierce v. Chautauqua County,* 2007 WL 2902954 at *3 (W.D.N.Y. 2007)

*Connick v. Thompson*, 563 U.S. 51, 60 (2011)

*Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)

*Booker v. Bd. of Educ., Baldwinsville Cent. Sch. Dist.,* 238 F. Supp. 2d 469, 475 (N.D.N.Y. 2002)

*Ortiz v. Wagstaff*, No. 1:16-CV-00321 EAW, 2021 WL 752538, at *8 (W.D.N.Y. Feb. 26, 2021).

*Singletary v. Russo*, 377 F. Supp. 3d 175, 185 (E.D.N.Y. 2019)

*Brandon v. Kinter*, 938 F.3d 21, 36 (2d Cir. 2019)

*Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986)

*Monell v. Department of Social Services*, 436 U.S. 658 (1978)

*Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006)

*Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012)

*Askins v. Doe*, 727 F.3d 248, 253 (2d Cir. 2013)

*Shenk v. Cattaraugus County*, 2007 WL 2874427, at *5 (W.D.N.Y. 2007)

*Missel v. County of Monroe,*  2009 WL 3617787, at *1 (2d Cir. 2009)

*Hardy v. Erie County,* 2012 WL 1835624, at *3-4 (W.D.N.Y. 2012).

*Cotto v. City of New York*, 803 F. Appx. 500, 503 (2d Cir. 2020)

*Pierce v. Ottoway*, 2009 WL 749862, at 5 (W.D.N.Y. 2009)

*Tieman v. City of Newburgh*, 2015 WL 1379652, *13 (S.D.N.Y. Mar. 26, 2015)

*Culpepper v. City of New York*, 2018 WL 1918619

*Thomas v. City of Troy*, 293 F. Supp. 3d 282, 298 (N.D.N.Y. 2018)

*Green v. City of Mount Vernon*, 96 F. Supp. 3d 263, 302 (S.D.N.Y. 2015

*Abreu v. City of N.Y.*, 657 F. Supp. 2d 357, 360-61 (E.D.N.Y. 2009)

*Outlaw v. City of Hartford*, 884 F. 3d 351, 380 (2d Cir. 2018)

*Thomas v. City of New York*, 2015 WL 9412543

*Donelli v. Cnty. of Sullivan*, No. 07-CV-2157, 2009 WL 2365551

*Brady v. Lynes*, No. 05-CV-6540, 2008 WL 2276518

*Casiano v. Ashley*, 515 F. Supp. 3d 19, 28 (W.D.N.Y. 2021)

*Velez v. City of New York*, No. 1:17-CV-9871-GHW, 2019 WL 3495642

*Schoolcraft v. City of New York,* 103 F. Supp. 3d 465, 521 (S.D.N.Y.)

*Posr v. Doherty,* 944 F.2d 91 94-95 (2d Cir. 1991)

*Boyler v. City of Lackawanna, 297 F. Supp. 3d 308, 325-326 (W.D.N.Y. 2018*

*Figueroa v. Mazza*, 825 F. 3d 89, 105 n. 13 (2d Cir. 2016)

*Hays v. City of New York*, 2017 WL 782496, at *5 (S.D.N.Y. 2017)

*Murphy v. A m. Home Prods. Corp.,*  8 N.Y. 2d 293, 303 (1983)

*Sorrell v. Cnty. Of Nassau*, 162 F. Supp. 3d 156, 172 (E.D.N.Y. 2016

*Santana v. Leith*, 117 A.D.3d 711, 712 (2d Dept 2014)

*Gleis v. Buehler*, 374 Fed. Appx.218, 220 (2d Cir. 2010)

*Galarza v. N.Y.C. Police Dep't*, No. 18-2715, 2019 WL 4409695 (2d Cir. 2019

*St. John v. Marlborough,*  163 A.D. 2d 761, 762 (3d Dept 1990)

*Solomon v. City of Rochester*, 449 F.Supp.3d 104, 113-14 (W.D.N.Y. 2020)

*Bell v. Arnone*, 455 F. Supp. 2d 232, 233-235 (W.D.N.Y. 2006)

*Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017)

*Moran v. Livingston*, 155 F. Supp. 3d 278, 288 (W.D.N.Y. 2016)

*Ocasio v. City Canandaigua,* 2021 WL 115509, at *6 (W.D.N.Y. 2021)

*Ivory v. Baldauf*, 284 F.Supp.3d 426, 439 (W.D.N.Y. 2018)

*Christian v. Town of Riga*, 649 F. Supp. 2d 84, 100 (W.D.N.Y. 2009)

*Johnson v. City of New York*, 940 F. Supp. 631, 637 (S.D.N.Y. 1996).

*Graham v. Connor*, 490 U.S. 386, 392 (1989)

*Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)

*Tenenbaum v. Williams*, 193 F. 3d 581, 596 (2d Cir. 1999)

*Gonzalez v. Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013)

*Holland v. City of New York*, 197 F. Supp. 3d 529, 549 (S.D.N.Y. 2019)

*Ricciuti v. N.Y.C. Transit Auth.*, 124 F 3d 123, 129 (2d Cir. 1997)

*City of Newport v. Fact Concerts, Inc,* 453 U.S. 247, 263-271 (1981)

*Dininny v. Trentanelli.* 2010 WL 53443180, at *10 (W.D.N.Y. 2010)

*Casaccia v. City of Rochester*, No. 6:17-CV-06323-MAT, 2018 WL 324420, at *8 (W.D.N.Y. Jan. 8, 2018);

*Steele v. Rochester City Police Dep't,* No. 6:16-CV-06022-MAT, 2016 WL 1274710, at *3 (W.D.N.Y. Apr. 1, 2016)

## PRELIMINARY STATEMENT

This is a civil rights action pursuant to 42 U.S.C. § 1983 brought by Plaintiff Christian Powell.  Defendants, the City of Jamestown, City of Jamestown Clerk, Jamestown Police Department, Jamestown Police Chief Timothy Jackson, and JOHN DOES 1-10, said names being fictitious but intended to be any other individual/officers involved in the within incident and employees of the CITY OF JAMESTOWN and/or JAMESTOWN POLICE DEPARTMENT in their individual and official capacities, (collectively "City Defendants") submit this Memorandum of Law in support of their motion to dismiss Plaintiff's action in its entirety pursuant to F.R.C.P. 12(b)(6).  The genesis of this lawsuit is the execution of a routine arrest pursuant to warrant in the City of Jamestown on December 10, 2020.

Plaintiff initially commenced this action against the City and Chautauqua County Defendants in Chautauqua County Supreme Court on or about May 28, 2021.  On June 9, 2021, the action was removed to this Court pursuant to 28 U.S.C. §1446.  See, *Dkt. 1.*

On December 10, 2020, Plaintiff was arrested on a valid arrest warrant issued by Jamestown City Court Judge Hon. John L. LaMancuso, outside the premises located at 111 Barrett Avenue, Jamestown, New York.  Plaintiff was charged with criminal contempt in the first degree due to violating an order of protection.  Raimondo Decl., Ex. A.

At all times during initial contact and continuing until the time of his incarceration in Chautauqua County Jail Plaintiff was belligerent, self-destructive and combative.  All of which is captured on Police Officer body camera footage as well as building security footage.  Plaintiff actively resisted arrest and engaged in acts of self- harm repeatedly and intentionally by smashing his head into gravel, a flashlight, a JPD squad car causing a dent, concrete walls, floors and metal bars.  Plaintiff has claimed that he was denied medical care as well as mental health care, however,

as the records show, Plaintiff was attended by emergency medical service workers from Allstar EMS and Jamestown Fire Department EMS multiple times, was transported to UPMC for evaluation of injuries and mental health evaluations. Even while being evaluated for medical and mental health issues, plaintiff was combative, resistant, refused treatment or to speak with a counselor. Raimondo Decl., Ex. B-G.

At no time during Plaintiff's arrest and confinement at the Jamestown Police Department was he assaulted or injured by any party other than himself. Plaintiff had stated numerous times that he wanted "to die" therefore mental health evaluations were performed and he was supervised as a threat to himself. Jamestown Police personnel, fire personnel as well as every other entity who had contact with Plaintiff during the events in the instant matter treated Plaintiff with the utmost professionalism and care despite Plaintiff's combative actions. Interestingly, Plaintiff has failed to include in his complaint that he was provided professional EMS medical treatment three times throughout the course of his interactions with the City Defendants. Dkt. 1-1, ¶¶21-46 ; *c.f.* Raimondo Decl. Exhibits B-G.

For the reasons that follow, it is respectfully requested that the Court issue an Order **(1)** dismissing the state law claims (claims 1 and 3 through 15); **(2)** dismissing the federal 42 U.S.C. § 1983 *Monell* claim; **(3)** dismissing the Jamestown City Clerk as an improperly named party to this action; **(4)** dismissing Police Chief Timothy Jackson as an improperly named party to this action; and, **(5)** dismissing the Jamestown Police Department as an improperly named party to this action.

## PLAINTIFF'S ALLEGATIONS

In the Complaint, Plaintiff alleges causes of action against Defendants stemming from two incidents, his: 1) December 10, 2020 arrest outside of 111 Barrett Avenue; and 2) post arrest

confinement at Jamestown City Jail.  Dkt. 1-1 pg. 9-13.  The claims as follows:

| Claim | Claim Type |
|-------|------------|
| 1 | New York State: Negligence (Dkt. 1-1 pg. 13-21)[1] |
| 2 | 42 U.S.C. § 1983: *Monell* liability related to (ii) excessive force and (i) false arrest (Dkt. 1-1 pg., 21-24) |
| 3 | New York State: Respondent Superior/Vicarious Liability (Dkt. 1-1 pg., 25) |
| 4 | New York State: Negligent Hiring (Dkt. 1-1 pg., 25-27) |
| 5 | New York State: Negligent Retention (Dkt. 1-1 pg., 27-28) |
| 6 | New York State: Negligent Training and Supervision (Dkt. 1-1 pg. 29-30) |
| 7 | New York State: Assault (Dkt. 1-1 pg., 30-31) |
| 8 | New York State: Battery (Dkt. 1-1 pg., 31-32) |
| 9 | New York State: Battery Committed in the Performance of a Public Duty (Dkt. 1-1 pg. 32-33) |
| 10 | New York State:  Intentional Infliction of Emotional Distress (Dkt. 1-1 pg. 33-34) |
| 11[2] | New York State: Negligent Infliction of Emotional Distress (Dkt.  1-1 pg.  34-35) |
| 12 | New York State: Failure to Intervene (Dkt.  1-1 pg.  35-37) |
| 13 | New York State: Unlawful Arrest (Dkt 1-1 pg. 37) |
| 14 | New York State: Failure to Treat (Dkt 1-1 pg. 38-39) |
| 15 | Conspiracy (Dkt. 1-1 pg.  39-40) |

---

[1] Unless otherwise noted, references to paragraph numbers refer to Plaintiff's Complaint (Dkt. 1-1)

[2] 10[sic], It should be noted that after Cause of Action ten (10) Plaintiff's causes of action in the Complaint are mis-numbered.

*See,* Dkt. No. 1-1.[3]

## STANDARD OF REVIEW

### RULE 12(B)(6) - FAILURE TO STATE A CLAIM

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a party's claim for relief. See, *Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). Although the court must accept the well-pleaded facts in the complaint as true, while drawing all inferences in favor of the non-moving party, these principles do not apply to legal conclusions, which are "'not entitled to be assumed true[.]'" *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); see, *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). As a result, the complaint must contain "more than labels and conclusions, and a formulaic recitation of a cause of action will not do." *Twombly*, 550 U.S. at 555; see, *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) "Threadbare recitals of the elements of a [claim], supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"[A] complaint must allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion." *Port Dock & Stone Corp. v. Old Castle NC. Inc.*, 507 F3d 117, 121 (2d Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' 'that the pleader is entitled to relief.'" *Id*. at 679

---

[3] It should be noted that in the Complaint, counsel appears to identify a claim for "punitive damages" as separate and a stand-alone causes of action; This "causes of action" is merely a request for certain relief from the Court.

(quoting Fed. R. Civ. P. 8(a)(2)).

The import of *Twombly* and *Iqbal* is that a sufficiently pleaded claim must contain concrete, specific facts on each of the required elements of a claim that, if assumed true, would present a plausible right to relief under the controlling law for that theory of liability. Only then does a pleading provide fair notice to the defendants of their claimed actionable conduct. A plaintiff "armed with nothing more than conclusions" is not permitted to "unlock the doors of discovery." *Corazzini v. Litton Loan Servicing LLP* No. 09-CV-0199, 2010 WL 1132683, at *3 (N.D.N.Y., Mar. 23, 2010) (quotation omitted). Further, dismissal is appropriate when "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86-87 (2d Cir. 2000) (emphasis added).

Importantly, it must be noted that while the Court must afford the pleading a liberal deference courts may also consider documents that the plaintiff either possessed or knew about. *Tulczynska v. Queens Hosp. Ctr.*, 2019 U.S. Dist. LEXIS 23751, 11 (S.D.N.Y.) "Artful pleading by the plaintiff is exemplified by the failure to include matters of which "as pleaders they had notice and which were integral to their claim — and that they apparently [*12] most wanted to avoid"; this will not forestall a district court's decision on a motion to dismiss." *Id*, quoting *Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir. 1991). It is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6). See, *Harris v. City of New York*, No. 09-CV-3474 KAM, 2013 WL 4858333, at *2 (E.D.N.Y. Sept. 10, 2013); see*, also* Fed. R. Evid. 201(b). In the instant case all documents attached to the accompanying Declaration of Elliot S. Raimondo as Exhibits A-G, are documents that Plaintiff either possessed or knew about and are located in the public record. These documents include,

Plaintiff's applicable arrest warrant, fire transport records, and police records incident to his arrest. To this end, the Court may take judicial notice of these documents without converting the present motion into one for summary judgement. See, *Williams v. N.Y.C. Hous. Auth.,* 816 Fed. Appx. 532, 534 (2d Cir. 2020); *Johnson v. City of N.Y.,* 2017 `WL 2312924, at *2 n.2 (S.D.N.Y. 2017); *Lurch v. City of New York,* 2021 WL 842616, at *4 (S.D.N.Y. 2021).  As the Court will see, these documents refute Plaintiff's baseless claims.

## ARGUMENT

### I.    PLAINTIFF'S INSUFFICIENT "GROUP PLEADING" REQUIRES DISMISSAL

Under F.R.C.P. 8 and *Twombly*, Plaintiff was required to plead facts sufficient to put each of the City Defendants on notice of the specific claims asserted against them.  However, Plaintiff's "group pleading" allegations, against "defendants" in general, fail to meet this standard.  See, *e.g., Wright v. Orleans County et al.,* 2015 WL 5316410, at *13 (W.D.N.Y. 2015).  *Zalewski v. T.P. Builders, Inc.,* 2011 WL 3328549, at *5 (N.D.N.Y. 2011) ("[T]he court is highly skeptical of whether plaintiffs have an adequate factual basis to establish each defendant's actual involvement and susceptibility to suit. . . The court will not accept conclusory allegation, conjecture, or vague group pleading to serve as a basis for liability."); *Martin v. City of New York*, 2008 WL 1826483, at *1 (S.D.N.Y. 2008)("Rule 8(a) also requires that a complaint against multiple defendants indicate clearly the defendants against whom relief is sought and the basis upon which the relief is sought against the particular defendants.") (internal quotations omitted).

Here, the Complaint consistently refers to the County Defendants and the City Defendants collectively as "defendants" and fails to delineate how any of the individually named defendants were involved in either of the complained of incidents, See, Dkt. 1-1, generally. While Plaintiff generally alleges the Defendants' conduct was wrongful throughout the Complaint, he fails to specifically and plausibly allege how the alleged conduct of each individually named City Defendant satisfies the elements of his respective claims.    The Court should not accept Plaintiff's conclusory allegations, conjecture, and vague group pleading to serve as a basis for liability for any of his purported causes of action.  Rather, all of Plaintiff's causes of action should be dismissed because the Complaint does not sufficiently specify the personal involvement, if any that the City Defendants had in the alleged tortious conduct and nonexistent constitutional injuries.

## II.    BECAUSE PLAINTIFF HAS ALLEGED INTENTIONAL CONDUCT, PLAINTIFF'S NEGLIGENCE CAUSE OF ACTION MUST BE DISMISSED

"Under New York law, '[w]hen a plaintiff asserts excessive force and assault claims which are premised upon a defendant's allegedly intentional conduct, a negligence claim with respect to the same conduct will not lie.'" *Bryant v. Ciminelli*, 267 F. Supp. 3d 467, 478 (W.D.N.Y. 2017) (citing *Dineen ex rel. Dineen v. Stramka*, 228 F. Supp. 2d 447, 454 (S.D.N.Y. 2002)). Here, although Plaintiff pleads a negligence cause of action, it is clear that the conduct that he complains of is based upon *intentional conduct*.  Accordingly, Plaintiff's negligence cause of action cannot lie and must be dismissed. *See Bryant*, 267 F. Supp. 3d 467, at 478 ("As Plaintiff alleges intentional conduct by Defendants, he cannot also claim negligence."

### III.   PLAINTIFF'S CLAIM AGAINST THE JAMESTOWN POLICE DEPARTMENT AND CITY OF JAMESTOWN CLERK MUST BE DISMISSED AS THEY ARE NOT LEGAL ENTITIES SUBJECT TO SUIT

Although Plaintiff names the City of Jamestown Police Department as a Defendant, the law is clear that a municipal police department is *not* subject to suit under §1983 or state law because it is an arm of the municipality. See*, Orraca v. City of N.Y.*, 897 F. Supp. 148 (S.D.N.Y.1995) (police department and police precinct not a suable entity); *Wilson v. City of N.Y.*, 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992), *aff'd*, 32 F.3d 989 (2nd Cir. 1994) (police department "cannot be sued independently because it is an agency of the City of New York"); see also *Pierce v. Chautauqua County,* 2007 WL 2902954 at *3 (W.D.N.Y. 2007) ("it is well settled that, under New York law, departments which are merely administrative arms of a municipality, do not have a legal identity separate from the municipality and cannot sue or be sued."). Accordingly, the City of Jamestown Police Department is not a proper party and must be dismissed from this action.

For the same reasons, the City of Jamestown Clerk ("Clerk") must be dismissed from the suit. The Clerk is only mentioned once in the Plaintiff's Claim, Dkt 1-1 ₱4, as one in the same with the City of Jamestown. Importantly, the Clerk is not mentioned once in the factual basis of the Plaintiff's Claim, Dkt. 1-1, ₱₱21-46. Moreover, as in the case of the Police Department the Clerk is merely an arm of the municipality.

### IV.   CITY OF JAMESTOWN POLICE CHIEF TIM JACKSON MUST BE DISMISSED AS A PARTY TO THIS SUIT
**A.      Any official capacity claim against Chief Jackson is duplicative of a *Monell v. Department of Social Services*, 436 U.S. 658 (1978) claim.**

The U.S. Supreme Court and the Second Circuit have consistently refused to hold municipalities liable under a theory of respondeat superior. See, *e.g., Connick v. Thompson*, 563 U.S. 51, 60 (2011).  Rather, municipalities are responsible only for "their own illegal acts," *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986), and are not vicariously liable for civil rights violations perpetrated by their employees, *Monell*, 436 U.S. at 691.  To that end, district courts regularly find "official capacity claims against individuals as redundant or unnecessary where *Monell* claims are asserted against an entity."  *Booker v. Bd. of Educ., Baldwinsville Cent. Sch. Dist.,* 238 F. Supp. 2d 469, 475 (N.D.N.Y. 2002); see also*, Ortiz v. Wagstaff*, No. 1:16-CV-00321 EAW, 2021 WL 752538, at *8 (W.D.N.Y. Feb. 26, 2021).

Here, any official capacity claim against Chief Jackson is duplicative of a *Monell* claim against the City of Jamestown.  Accordingly, Plaintiff's official capacity claim must be dismissed as redundant.

**B.    Plaintiff has failed to allege facts regarding Chief Jackson's personal involvement, and as a result, any individual capacity claim must be dismissed.**

"A fundamental inquiry in a [section] 1983 case, and as to each defendant, is whether that defendant was personally involved in the alleged constitutional violation." *Singletary v. Russo*, 377 F. Supp. 3d 175, 185 (E.D.N.Y. 2019). This is because a defendant's personal involvement in the alleged constitutional deprivations is a prerequisite to an award of damages under section 1983. See*, Brandon v. Kinter*, 938 F.3d 21, 36 (2d Cir. 2019). Thus, to state a cause of action under §1983 against an individual, a plaintiff must plausibly allege some tangible connection between the alleged unlawful conduct and the named defendant.

Here, the sole allegation against Chief Jackson is contained in ℙ 6 of the Complaint.   The Complaint does not contain any further allegations regarding his personal involvement.  Indeed,

the Plaintiff does not even allege that Chief Jackson was present for either of the incidents of which he complains. "In the absence of any factual allegations that would plausibly allege "a tangible connection between the acts of a defendant" and his injuries, *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986), Plaintiff's individual capacity claims must be dismissed, see, *Iqbal*, 556 U.S. at 678, 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

## V. PLAINTIFF'S § 1983 *MONELL* CLAIMS AGAINST THE CITY MUST BE DISMISSED.

## VI.

### A. Generally

Plaintiff's second cause of action alleges that the City Defendants "executed a government policy or custom and act that may fairly be said to represent an official policy, that inflicted the plaintiff with his injuries.  The policies were memorialized in specific rules and regulations.  The defendants' constitutional violations that led to the plaintiff's injuries were so persistent and widespread and were so permanent and well settled as to constitute a usage with the force of law." Dkt. 1-1 ¶ 76.   In other words, a complaint pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978).  However, Plaintiff does not identify any previous incidents or occurrences upon which he summarily relies.  Dkt. 1-1 pg., 21-24.

*Monell* liability under § 1983 is imposed on the municipality when it has promulgated a custom or policy that violates federal law and, pursuant to that policy, a municipal actor has tortiously injured the plaintiff. See*, Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006). Establishing the liability of the municipality requires a showing that the plaintiff suffered a tort in violation of federal law committed by the municipal actors and, in addition, **that their commission of the tort resulted from a custom or policy of the municipality**. See*, Monell v.*

*Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978); see*, also, Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012). *Monell*, however, does not create a standalone cause of action, as Plaintiff would argue. See, *Askins v. Doe*, 727 F.3d 248, 253 (2d Cir. 2013) ("Monell does not create a stand-alone cause of action under which a plaintiff may sue over a governmental policy, regardless of whether he suffered the infliction of a tort resulting from the policy").

Here, Plaintiff's complaint is far from the model of clarity, but it appears that he has alleged a "stand alone" *Monell* claim. In the absence of an underlying federal constitutional claim, Plaintiff's *Monell* claim must be dismissed in its entirety on this basis alone. *Shenk v. Cattaraugus County*, 2007 WL 2874427, at *5 (W.D.N.Y. 2007), see also *Missel v. County of Monroe,* 2009 WL 3617787, at *1 (2d Cir. 2009) (affirming dismissal of *Monell* claim because allegations that the deputy "acted pursuant to policy, without any facts suggesting the policy's existence are plainly insufficient.") ; *Hardy v. Erie County,* 2012 WL 1835624, at *3-4 (W.D.N.Y. 2012).

### B.  Specifically

Further, the Second Circuit has consistently held that "[i]solated acts of excessive force by non-policy making municipal employees are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify municipal liability." *Cotto v. City of New York*, 803 F. Appx. 500, 503 (2d Cir. 2020) citing *Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012).  Therefore, a plaintiff cannot plausibly plead a municipal policy based solely on the events involving him because a single incident is insufficient to suggest a custom or policy. *Pierce v. Ottoway* 2009 WL 749862 at 5 (W.D.N.Y. 2009).

To the extent that the Court disagrees, however, and believes that Plaintiff has adequately alleged other federal constitutional claims, then Plaintiff's *Monell* claim must still be dismissed. Although Plaintiff need not prove his Monell claim at this stage, his claim must still be based on specific pleaded facts that, if true, establish a plausible right of recovery based upon the strictures of *Iqbal* and *Twombly*.   Plaintiff "cannot, through conclusory allegations, merely assert the existence of a municipal policy or custom, but 'must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists.'" *Tieman v. City of Newburgh*, 2015 WL 1379652, *13 (S.D.N.Y. Mar. 26, 2015) (quoting *Santos v. New York City*, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012)). "Put another way, mere allegations of a municipal custom, a practice of tolerating official misconduct, or inadequate training and/or supervision are insufficient to demonstrate the existence of such a custom unless supported by factual details." *Tieman*, 2015 WL 1379652, at *13; *Culpepper v. City of New York*, 2018 WL 1918619, at *8 (S.D.N.Y. Apr. 20, 2018); *Thomas v. City of Troy*, 293 F. Supp. 3d 282, 298 (N.D.N.Y. 2018); *Green v. City of Mount Vernon*, 96 F. Supp. 3d 263, 302 (S.D.N.Y. 2015); *Abreu v. City of N.Y.*, 657 F. Supp. 2d 357, 360-61 (E.D.N.Y. 2009).

Here, Plaintiff's complaint fails to pass the pleading threshold.  The mere conclusory assertion that a municipality has such a custom or policy in the absence of supporting factual allegations is itself insufficient to plausibly allege a *Monell* claim.    Plaintiff fails to plausibly allege a constitutional deprivation.  He points to no City policy that caused a constitutional injury.  Plaintiff fails to present any factual allegation to support the inference that the City or City Defendants engaged in widespread acts of false arrest, assault, excessive force, or failure to provide adequate medical care and treatment.  See*, Dkt. 1-1 ⁋⁋ 61-78.*  Moreover, the City

Defendants' documentation of the alleged events show no concerted *Monell* policies *Raimondo* Decl., Exhibit B-G.

Plaintiff cannot establish a custom or policy under *Monell* by relying solely upon the alleged excessive force exhibited during his December 10, 2020 arrest. "*Monell* liability, by its nature, will often turn on evidence concerning victims other than the plaintiffs and alleged misfeasors other than the individual defendants." *Outlaw v. City of Hartford*, 884 F. 3d 351, 380 (2d Cir. 2018) (emphasis added). "[A] single incident is insufficient to raise an inference of the existence of a custom, policy, or practice, as is a mere recitation of a failure to training municipal employees." *Thomas v. City of New York*, 2015 WL 9412543, at *2 (E.D.N.Y. 2015). That is the case here.

This Complaint merely identifies this single incident of alleged misconduct on December 10, 2020. Dkt 1-1. This one event is insufficient to sate a *Monell* claim.


## VII.    BECAUSE *RESPONDEAT SUPERIOR* IS NOT A STAND-ALONE CLAIM, PLAINTIFF'S THIRD CAUSE OF ACTION MUST BE DISMISSED

Under New York law, respondeat superior "does not stand alone as a substantive cause of action." *Donelli v. Cnty. of Sullivan*, No. 07-CV-2157, 2009 WL 2365551, at *12 n. 10 (S.D.N.Y. July 31, 2009) (citation omitted); see also *Brady v. Lynes*, No. 05-CV-6540, 2008 WL 2276518, at *5 (S.D.N.Y. June 2, 2008) ("the theor[y] of respondeat superior ... [is][an] avenue[ ] to establish vicarious liability, and . . . do[es] not stand alone as [a] substantive cause of action."). See*, Casiano v. Ashley*, 515 F. Supp. 3d 19, 28 (W.D.N.Y. 2021) ("'[r]espondeat superior is not an independent cause of action, but a theory that must attach to an underlying claim.'"). See also *Casaccia v. City of Rochester*, No. 6:17-CV-06323-MAT, 2018 WL 324420,

at *8 (W.D.N.Y. Jan. 8, 2018); *Steele v. Rochester City Police Dep't,* No. 6:16-CV-06022-MAT, 2016 WL 1274710, at *3 (W.D.N.Y. Apr. 1, 2016).  Because plaintiff's third cause of action is mere avenue to establish vicarious liability under state law, it is not a substantive cause of action and it must be dismissed.  Plaintiff's conclusory claims without facts or specification, ℗79-85, fail to stand on their merits as to imputing knowledge of individual actors' actions to the City.

## VIII.   PLAINTIFF'S CAUSES OF ACTION 4, 5, AND 6 FOR NEGLIGENT HIRING, RETENTION, TRAINING OR SUPERVISION, WHERE DEFENDANTS ACT IN THE SCOPE OF THEIR EMPLOYEMNT IS NOT PERMITTED

New York law does not permit a claim for Negligent Hiring (Dkt. 1-1 pg., 25-27), Negligent Retention (Dkt. 1-1 pg., 27-28), or Negligent Training and Supervision (Dkt. 1-1 pg., 28-29), **where the defendants act in the scope of their employment.** (Emphasis Added). See*, Velez v. City of New York*, No. 1:17-CV-9871-GHW, 2019 WL 3495642, at *6 (S.D.N.Y. Aug. 1, 2019) (dismissing the claim as at issue employee defendants were acting in their capacity as agents, servants and employees of the defendant municipality).  See also*, Schoolcraft v. City of New York,* 103 F. Supp. 3d 465, 521 (S.D.N.Y.) on reconsideration in part, 133 F. Supp. 3d 563 (S.D.N.Y. 2015).

Here, Plaintiff specifically alleges that the Defendants **were** acting in the scope of their employment. (emphasis added) and does not allege that they were working outside the scope of their employment.  Dkt. 1-1, ℗86-106.

## IX.   PLAINTIFF'S ASSAULT AND BATTERY CLAIMS MUST BE DISMISSED ON THE MERITS AND FOR THE NINTH CAUSE OF ACTION AS DUPLICATIVE

Plaintiff's seventh cause of action (common law assault) alleges that during the course of his arrest "the defendant officers intentionally made physical contact with the plaintiff . . . [and] intended to cause the plaintiff apprehension that harmful, injurious, and offensive bodily contact would occur."  See, ¶¶ 108-111.  Plaintiff further alleges that the (unspecified) City Defendants' conduct occurred while "the defendant officers [were] acting in the scope of their authority as employees of defendants. . . without just cause. "  See, ¶¶112-113.

Plaintiff's eighth cause of action (battery) alleges that during the course of his arrest, the City's employees intended, and, did in fact, subject the Plaintiff to harmful, injurious and offensive bodily contact "without just cause."  See, ¶¶ 117-120.  Again, this is demonstrably false.  Plaintiff's ninth cause of action (battery in the performance of a public duty) is not a separately recognized cause of action and should be dismissed outright as duplicative of his first and eight causes of action.  See, ¶¶125-133.

The standards for assessing a state law assault and battery claim are "substantially identical" to those for a §1983 excessive force claim.  See, *Posr v. Doherty,* 944 F.2d 91 94-95 (2d Cir. 1991).  Under New York Law, if an arrest is determined to be unlawful, any use of force against a plaintiff may constitute an assault and battery, regardless of whether the force would be deemed reasonable if applied during a lawful arrest.  See, *Boyler v. City of Lackawanna, 297 F. Supp. 3d 308, 325-326 (W.D.N.Y. 2018)* (quotations and citations omitted).  However, "[a] lawful arrest is not an assault or battery under New York law, provided the force used is reasonable."  *Id* (citing *Figueroa v. Mazza*, 825 F. 3d 89, 105 n. 13 (2d Cir. 2016)).  This is exactly the case here.

Plaintiff's arrest occurred in the course of the City Defendant's lawful exercise of authority and force pursuant to warrant.  The City Defendants acted lawfully and did not violate Plaintiff's constitutional right or any duty of care owed to Plaintiff.  City Defendants used reasonable force

to detain the Plaintiff and further provided him prompt medical care when needed.  Raimondo Decl., Exhibits B-G.

### X.    PLAINTIFF'S IIED AND NIED CLAIMS MUST BE DISMISSED.

Plaintiff's tenth cause of action (IIED) alleges that "defendant employees while employed and acting in their individual and official capacity, institutionally made physical contact with the plaintiff, beating him, and causing serious injuries," that "defendants intended to cause such severe emotional distress," that "defendants acted recklessly and with utter disregard to the consequences of their actions," and that there was no justification or reason for defendant's conduct, causing plaintiff to sustain emotional injury and distress.  See, ¶¶135-140.  Again, Plaintiff fails to specify which acts are attributable to which defendants. *Id*.

Plaintiffs eleventh cause of action (NIED) is nearly identical to his tenth cause of action and alleges that during his arrest the "defendant employees while employed and acting in their individual and official capacity, institutionally made physical conduct with the plaintiff, beating him and causing serious injuries," causing Plaintiff to fear for his personal safety and sustain emotional injury and distress.  See, ¶¶142-148.

Both causes of action must be dismissed because they are duplicative and meritless. Under "New York law, a person may not bring claims for intentional infliction of emotional distress or negligent infliction of emotional distress where, as here, there are more traditional theories of tor liability available."  *Hays v. City of New York*, 2017 WL 782496, at *5 (S.D.N.Y. 2017).  Therefore, Plaintiffs IIED and NIED claims must be dismissed because they implicate more traditional theories (false arrest, excessive force, civil rights violations, etc.).

Further, the conduct alleged by Plaintiff of officers subduing and detaining him pursuant to a warranted arrest is not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized community."  *Murphy v. Am. Home Prods. Corp.,*  8 N.Y. 2d 293, 303 (1983) (internal quotation marks omitted).  *See, Also, Sorrell v. Cnty. Of Nassau*, 162 F. Supp. 3d 156, 172 (E.D.N.Y. 2016 (arrest after traffic stop was not extreme and outrageous).

Similarly, a cause of action to recover damages for NIED, "generally must be premised upon the breach of a duty owed to [the] plaintiff which either unreasonably endangers the plaintiff's physical safety, or causes the plaintiff to fear for his or her own safety."  *Santana v. Leith*, 117 A.D.3d 711, 712 (2d Dept 2014).  As set forth, none of the City Defendants breached a duty owed to Plaintiff.  Therefore, Plaintiff's NIED claim must be dismissed.

## XI.    PLAINTIFF'S §1983 FAILURE TO INTERVENE CLAIM MUST BE DISMISSED AGAINST THE CITY DEFENDANTS

Plaintiff's twelfth cause of action alleges that during his arrest "defendants assumed a duty to protect plaintiff from the striking, battering and assault by the defendants and their failure to provide plaintiff with medical treatment and to protect him from self-harm," and that "said defendants did not take any steps to protect the plaintiff from assault, in fact such individuals stood idly by and watched as plaintiff was repeatedly struck…[and] also did not take any steps to prevent plaintiff from defendants failure to provide plaintiff with medical treatment and to protect him from self-harm."  See ¶¶ 153-155.  However, Plaintiff fails to differentiate which defendants committed the alleged acts and which "stood idly by".  *Id*.  This failure is fatal under *Iqbal*.

Moreover, as previously shown, this claim is baseless and without merit as the Plaintiff was attended to numerous times in a relatively short time period.  Raimondo Decl., Exhibit B-G.

## XII.   PLAINTIFF'S CLAIM OF UNLAWFUL ARREST MUST BE DISMISSED AGAINST THE CITY DEFENDANTS

The Complaint repeatedly asserts that Plaintiff was "unlawfully arrested," and that he was "seized without cause of provocation."  See, Dkt. 1-1, generally.  This thrust is completely and utterly false. Plaintiff's arrest was based upon a valid warrant. Raimondo Decl., Exhibit A. Therefore, Plaintiff's thirteenth cause of action must be dismissed.  Likewise, to the extent that Plaintiff's first cause of action alleges a false arrest/ imprisonment claim under New York State Law, that claim is also precluded.  Dkt. 1-1 ¶ 52.

The existence of an arrest warrant establishes a presumption that the arresting officers had probable cause to effectuate the arrest (i.e., there was a privileged confinement).   See, *Gleis v. Buehler*, 374 Fed. Appx.218, 220 (2d Cir. 2010) (citing *Walczyk v. Rio*, 496 F. 3d 139, 155-56 (2d Cir. 2007).  See, *Galarza v. N.Y.C. Police Dep't*, No. 18-2715, 2019 WL 4409695 (2d Cir. 2019 ("under New York Law, "[a]n arrest warrant validly issued by a court having jurisdiction precludes an action for false arrest against a municipality and the police officer involved with its execution.") (quoting,  *St. John v. Marlborough*, 163 A.D. 2d 761, 762 (3d Dept 1990).

Further, New York Law considers a claim for false arrest as "a species of false imprisonment and the two claims have identical elements."   *Solomon v. City of Rochester*, 449 F.Supp.3d 104, 113-14 (W.D.N.Y. 2020).

Here, there can be no dispute that Plaintiff's December 10, 2020, arrest and confinement was proper as it was made pursuant to a valid warrant.   Raimondo Decl., Exhibit A.  Therefore, this claim must be dismissed.

### XIII.    PLAINTIFF'S §1983 DELIBERATE INDIFFERENCE TO MEDICAL NEEDS CLAIM MUST BE DISMISSED AGAINST THE CITY DEFENDANTS.

Plaintiff's fourteenth cause of action alleges that "the defendants, through their employees…failed to address the plaintiff's serious medical and mental health needs…[and] failed in their duty to protect plaintiff from…self-inflicted harm…" See, ¶¶172-173. Plaintiff's claims fail for the fact that they are untrue and patently false.

Plaintiff's self-inflicted injuries were attended to on three separate occasions on December 10, 2020, as confirmed by police reports and recorded on body/jail camera footage. The first at 3:32 a.m. by Allstar EMS, immediately following his arrest, in this instance Plaintiff refused further treatment. Raimondo Decl., Exhibit B, C, D. The second instance of treatment happened at 6:25 a.m. by Jamestown Fire Department EMS wherein Plaintiff was transported to UPMC Chautauqua Hospital for evaluation of injuries and metal health, wherein he was subsequently released from care. Raimondo Decl., Exhibit D, F. Plaintiff was again transported to UPMC Chautauqua Hospital for physical and mental health evaluations at 10:42 a.m. City Defendant's actions do not in way constitute deliberate indifference by any definition. See, *Bell v. Arnone*, 455 F. Supp. 2d 232, 233-235 (W.D.N.Y. 2006)

Moreover, claims alleging deliberate indifference to a pre-trial detainee's medical needs require a two-step inquiry. See, *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). First, plaintiff must satisfy the "objective prong" by showing a sufficiently serious need. *Id.* "An assertion of pain sensation alone, unaccompanied by any larger medical complications, does not amount to a serious need*." Moran v. Livingston*, 155 F. Supp. 3d 278, 288 (W.D.N.Y. 2016). Second, plaintiff must meet the "subjective prong" which requires the officer to have acted with "deliberate indifference" to the challenged condition. *Darnell*, 849 F.3d at 29. A Plaintiff can

prove deliberate indifference by showing that the defendant official "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to [the plaintiff's ] health or safety." *Id* at 35.

Here, Plaintiff's allegations fail on both fronts. Plaintiff alleges that the defendants failed to protect Plaintiff from health problems, self-inflicted harm, "and other risks of harm that were reasonable foreseeable to defendants, i.e., those that they knew or should have known about." See, ¶ ¶ 172-173. Plaintiff does not allege how the failure to provide "immediate" mental health treatment, while he was actively resisting arrest, exacerbated his self-inflicted wounds or otherwise cased further injury. *Id*.

In fact, the Complaint fails to describe what, if any, injury Plaintiff suffered, what treatment he was prescribed for such injury and how the defendants' failure to provide immediate mental health treatment resulted in such injury. Plaintiff fails to allege with any particularity how his purported condition was "sufficiently serious" under the Fourteenth Amendment to warrant immediate mental health treatment, or how his injuries were caused or contributed by any alleged delay in mental health treatment. Furthermore, as outlined above and in the Declaration of Elliot Raimondo, Exhibits B-G, the Plaintiff was provided medical care at multiple times during his arrest in including trips to the hospital between the hours of 3:32am shortly after his arrest through 10:42am when he was remanded to County custody.

## XIV.   PLAINTIFF'S § 1983 CONSPIRACY CLAIM MUST BE DISMISSED AGAINST THE CITY DEFENDANTS

Plaintiff's fifteenth cause of action, Dkt 1-1 pg. 39-41 alleges that "defendants. . . having conspired together and with others. . . agreed and acted with others to bear, threaten, use excessive force intimidate and terrorize plaintiff, and to deny him with medical care and failure to protect plaintiff from self-harm [and]. . . agreed and acted with others to punch the plaintiff for exercising his constitutionally protected rights." See, ¶ 179.   However, the Complaint is devoid of any plausible factual allegations which support this outlandish and conclusory assertion.

To assert a §1983 conspiracy claim, "a plaintiff must allege: (1) an agreement between two or more actors (at least one state actor); (2) to act in concert to cause an unconstitutional injury and (3) an over act done in furtherance of that agreement causing damages." *Ocasio v. City Canandaigua,* 2021 WL 115509, at *6 (W.D.N.Y. 2021) (citing *Ciambriello v. County of Nassau,* 292 F. 3d 307, 324-25 (2d Cir. 2002)).   "In setting forth the claim, a plaintiff must make an "effort to provide some details of time and place and the alleged effects of the conspiracy . . ." *Id.* (quoting *Ivory v. Baldauf*, 284 F.Supp.3d 426, 439 (W.D.N.Y. 2018)).   Vague, conclusory and general allegations of a conspiracy, such as the allegations at bar are insufficient to state a claim under §1983.   See*, Ciambriello*, 292 F.3d at 324.

Plaintiff has not plausibly established the violation of a constitutional right by the City Defendants.   Without an underlying constitutional violation, Plaintiff's §1983 conspiracy claim falls.   Furthermore, the Complaint contains only vague and conclusory allegations of a §1983 conspiracy and offers no specific explanation as to how the City Defendants conspire or acted together to deprive Plaintiff of a purported right. See, ¶¶*179-180.*   Plaintiff merely echoes the elements of a §1983 conspiracy.   *Id*.   This fails to state a plausible claim.   See, *Christian v. Town of Riga*, 649 F. Supp. 2d 84, 100 (W.D.N.Y. 2009)   ("They do not offer sufficient factual details regarding an agreement among defendants to violate the civil rights of plaintiff, or anyone

else. Rather, they constitute the type of "vague conclusory, and general" allegations that, standing alone, are routinely found lacking under the Rule 12(b)(6) standard.").

Plaintiff fails to allege who, when, or how, the City Defendants entered into such a conspiratorial agreement. See¸ ¶¶ 178-181. Plaintiffs fails to specifically allege any communication, meeting of the minds, or cooperative effort which took place in furtherance of a conspiracy. *Id.* Further, Plaintiff does not allege the specific acts (or identities) of any co-conspirators or what agreement was made. *Id.* Therefore, Plaintiff's §1983 conspiracy claim must fail.

### XV.    PLAINTIFF'S § 1983 EXCESSIVE FORCE CLAIM MUST BE DISMISSED AGAINST THE CITY DEFENDANTS

Plaintiff's first cause of action alleges that "defendants used excessive force because they gratuitously inflicted pain on plaintiff in a manner that was not reasonable in response to the circumstances [and] violate[d] plaintiff's right to be free from excessive force amounting to punishment" See, ¶ 52. Plaintiff's second cause of action alleges that the "excessive force used by defendants constituted cruel and unusual punishment…[and] was not applied in a good faith effort to maintain or restore discipline and was maliciously and sadistically applied to cause harm to the plaintiff…[and] violated plaintiff's Fourth Amendment right to be free from unreasonable and excessive force." See, ¶¶ 72-73.

Plaintiff summarily alleges he was assaulted, battered, repeatedly grabbed, kneed, yanked by the arms, thrown to the ground, and placed in "extremely tight handcuffs" during the arrest. See, ¶ 27. However, Plaintiff fails to state with any specificity how he was battered, grabbed, kneed, yanked, or thrown to the ground during the course of his arrest, or when such acts occurred during the course of the arrest so as to rise to the level of excessive force. See, Dkt. 1-

1, generally.  Plaintiff also fails to specify which of the named defendants committed these alleged acts during the course of his arrest.  *Id*.  Further, Plaintiff does not allege that Chief Jackson used any excessive force against him.  Therefore, any excessive force claims should be dismissed.  See, *Johnson v. City of New York*, 940 F. Supp. 631, 637 (S.D.N.Y. 1996).

Even when accepting Plaintiffs conclusory allegations as true, they fail to state a plausible claim of excessive force.  Claims of excessive force arising out of an arrest are analyzed under the Fourth Amendment's "objective reasonableness" standard.  See, *Graham v. Connor*, 490 U.S. 386, 392 (1989).  Objective reasonableness must be evaluated in light of the particular circumstances "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight" *Id*.  At 396.  "Not ever push and shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment.  *Id*. (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) (internal citation omitted).

Here, where Plaintiff was actively resisting a lawful arrest, minimal and reasonable force was used to restrain him and take him into custody.   See, Raimondo Decl., Exhibits B-G, Officer Declarations.   Plaintiff curiously seeks to utilize his acts of self-harm as means to initiate a frivolous lawsuit against the parties and as a shield to fend off a prompt motion to dismiss.  See, ¶¶ 31, 152.  Somehow, Plaintiff expects the police to not touch him at all during the course of a lawful arrest, but at the same time, completely immobilize him in order to prevent him from engaging in self-harm.  Plaintiff's allegations are nonsensical.

Therefore, Plaintiff's § 1983 excessive force claim must be dismissed against the City defendants because the force used by officers was objectively reasonable under the circumstances and Plaintiff fails to plausible allege otherwise.

## XVI.   THE CITY DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.

"Qualified Immunity shields government officials whose conduct does not violate clearly

established statutory or constitutional rights of which a reasonable person would have known."

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Government officials may establish their

entitlement to qualified immunity by showing that "their conduct did not violate clearly

established rights of which a reasonable person would have known," or that "it was objectively

reasonable to believe that their acts did not violate these clearly established rights."  *Tenenbaum*

*v. Williams*, 193 F. 3d 581, 596 (2d Cir. 1999) (citation and internal quotation marks omitted.)

"The issues on qualified immunity are:  (1) whether plaintiff has shown facts making out

violation of a constitutional right; (2) if so, whether that right was "clearly established"; and (3)

even if the right was "clearly established", whether it was "objectively reasonable" for the officer

to believe the conduct at issue was lawful."  *Gonzalez v. Schenectady*, 728 F.3d 149, 154 (2d Cir.

2013) (citations omitted).  The facts of this case satisfy all three inquiries.

On December 10, 2020, Plaintiff did not have a constitutional right to an immediate

pause of a lawful arrest in order to be sent to a hospital for psychological treatment or the

performance of a field psychological evaluation by the arresting officers.  If he did, this ploy

would be used routinely by arrestees during the course of lawful arrest.

It is respectfully submitted that no decision by the Second Circuit Court of Appeals has

held that the actions complained of (i.e., failing to prevent an arrestee from suddenly and

unexcitingly injuring himself while he is actively resisting a lawful arrest) constitutes deliberate

indifference to serious medical needs under the Fourteenth Amendment.

Further, Jamestown Police Officers are entitled to qualified immunity from Plaintiff's

§1983 failure to intervene claim because "an officer is entitled to qualified immunity unless his

failure to intercede was under "circumstances making it objectively unreasonable for him to believe that his fellow officers' conduct did not violate the plaintiff's rights." *Holland v. City of New York*, 197 F. Supp. 3d 529, 549 (S.D.N.Y. 2019) (quoting *Ricciuti v. N.Y.C. Transit Auth.*, 124 F 3d 123, 129 (2d Cir. 1997). The reasonable force used by any of the City Defendants was objectively reasonable while the Plaintiff was actively resisting a lawful arrest. Accordingly, the City Defendants are entitled to qualified immunity dismissing Plaintiff's §1983 claims.


### XVII.  PLAINTIFF'S CAUSE OF ACTION SEEKING PUNATIVE DAMAGES AGAINST THE CITY DEFENDANTS MUST BE DISMISSED

Plaintiff cannot collect punitive damages against the City. In *City of Newport v. Fact Concerts, Inc.* the United States Supreme Court held that a municipality is immune from punitive damages in a claim brought under §1983. See, 453 U.S. 247, 263-271 (1981). In *Dininny v. Trentanelli*, this Court recognized that under *City of Newport,* "punitive damages would not be available from the municipality." See ,2010 WL 53443180, at *10 (W.D.N.Y. 2010).

Similarly, because Chief Jackson's or any City Defendants' conduct during the course of Plaintiff's arrest did not even rise to the level of negligence, Plaintiff is precluded from recovering punitive damages against him in his individual capacity. Indeed, Plaintiff fails to allege that any of the individually named City Defendants acted outside of the scope of their employment or based solely on personal animus towards him so as to support an individual capacity claim in the first place.

### CONCLUSION

**WHEREFORE**, the City Defendants respectfully request that the Court grant the relief requested by Defendants with prejudice, pursuant to F.R.C.P. 12(b)(6) herein and for such other

and further relief that the Court deems just and proper.

DATED:  August 27, 2021

       __/s/ Elliot S. Raimondo

       _____

       Elliot S. Raimondo, Esq.
       Corporation Counsel-City of Jamestown
       *Attorney City Defendants*
       *City of Jamestown, City of Jamestown Clerk,*
       *Jamestown Police Department, Jamestown Police*
       *Chief Timothy Jackson, and JOHN DOES 1-10,*
       *said names being fictitious but*
       *intended to be any other individual/officers involved*
       *in the within incident and employees of the CITY*
       *OF JAMESTOWN and/or JAMESTOWN POLICE*
       *DEPARTMENT in their individual and official*
       *capacities*
       raimondo@jamestownny.gov
       200 E. Third Street, Fl. 4