UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTIAN POWELL

                          Plaintiff,          Civ. No.: 1:21-cv-721

v.

CITY OF JAMESTOWN,
CITY OF JAMESTOWN CLERK,
JAMESTOWN POLICE DEPARTMENT,
JAMESTOWN POLICE CHIEF TIMOTHY
JACKSON,
COUNTY OF CHAUTAUQUA,
CHAUTAUQUA COUNTY SHERIFF'S OFFICE,
CHAUTAUQUA COUNTY SHERIFF JAMES B.
QUATTRONE,
CHAUTAUQUA COUNTY UNDERSHERIFF
DARRYL W. BRALEY,
JOHN DOES 1-10, said names being fictitious but
intended to be any other individual/officers
involved in the within incident and employees of
the CITY OF JAMESTOWN and/or JAMESTOWN
POLICE DEPARTMENT in their individual and
official capacities, and
JOHN DOES 1-10, said names being fictitious but
intended to be any other individual/officers
involved in the within incident and employees of
the COUNTY OF CHAUTAUQUA and/or
CHAUTAUQUA COUNTY SHERIFF'S OFFICE in
their individual and official capacities,

                        Defendants.
_____

## **DECLARATION OF PETER L. VEECH**

      I, Peter L. Veech, make this Declaration under the penalties of perjury pursuant to 28 U.S.C. § 1746:

      1.    I am an attorney at law duly licensed to practice in the State of New York and in this Court and am an associate at Webster Szanyi LLP, attorneys for the Defendants, County of Chautauqua, Chautauqua County Sheriff's Office, Chautauqua County Sheriff James B. Quattrone, Chautauqua County Undersheriff Darryl W. Braley,

and John Doe(s) being employees of the County of Chautauqua and/or Chautauqua County Sheriff's Office (collectively the "County Defendants"), in this action.

2. I submit this declaration in further support of the County Defendants' Motion to Dismiss Plaintiff's Complaint, in its entirety and with prejudice, pursuant to F.R.C.P. 12(b)(6), CPLR 3211(a)(1), and 3211(a)(7).

3. On December 10, 2020, Plaintiff was arrested outside of 111 Barrett Avenue in Jamestown, New York – i.e., "Incident 1" as alleged in the Complaint. *See* Dkt. 9-4; Dkt. 9-5; Dkt. 13-2, ¶¶ 24-42.

4. Plaintiff's December 10, 2020 arrest was effectuated pursuant to a lawful arrest warrant. *See* Dkt. 9-2.

5. The Complaint does not allege any facts which plausibly suggest that the arrest warrant was issued: (1) without probable cause; or (2) as a result of false or materially misleading conduct on the part of relevant law enforcement officials. *See* Dkt. 13-2, generally; *c.f.*, Dkt 13-1, pp. 16-17.

6. Chautauqua County Sheriff's Deputy, Stephen Madonia ("Deputy Madonia") was the only County Defendant involved in Incident 1. *See* Dkt. 9-4; Dkt. 9-5; Dkt. 13-2, ¶¶ 24-42.

7. Deputy Madonia's involvement in Incident 1 was limited to assisting Jamestown Police (Officers Wise and Obergfell) place Plaintiff, who was actively resisting arrest, in handcuffs. *See* Dkt. 9-4; Dkt. 9-5; Dkt. 13, ¶¶ 8-13.

8. During the course of Plaintiff's December 10, 2020 arrest, he suddenly and unexpectedly began to "hit his head off of the ground multiple times causing injury." *See* Dkt. 13, ¶ 10; Dkt. 13-1, pp. 3-4; Dkt. 13-2, ¶ 31; Dkt. 9-3; Dkt. 9-4; Dkt. 9-5.

9. The Complaint alleges that Plaintiff was placed in a <u>Jamestown Police Department</u> squad car, and was in the sole custody of the Jamestown Police Department, after he was arrested outside of 111 Barrett Avenue. *See* Dkt. 13, ¶¶ 11-16; Dkt. 13-2, ¶¶ 24-32.

10. The Complaint alleges that Plaintiff was in the in the sole custody of the <u>Jamestown Police Department</u> when he "hit his head on the glass separating where he and the [Jamestown Police] officers were sitting multiple times, causing injury." *See* Dkt. 9-4; Dkt. 9-5; Dkt.

11. Deputy Madonia did not have any further interactions with Plaintiff after he was placed in a <u>Jamestown Police Department</u> squad car. *See id*.

12. Following Plaintiff's arrest, Deputy Madonia radioed emergency medical services and advised them to respond to the Jamestown Police Department to evaluate Plaintiff. *See id*.

13. Neither Deputy Madonia, nor any other County Defendants were present at the Jamestown Police Department Central Booking Bureau following Plaintiff's arrest on December 10, 2020 – i.e., during "Incident 2" as alleged in Plaintiff's Complaint. *See* Dkt. 9-4; Dkt. 9-5; Dkt. 13, ¶¶ 11-16; Dkt. 13-1, pp. 6-7.

Dated: September 28, 2021

                                                   *s/Peter L. Veech*
                                                   Peter L. Veech