UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTIAN POWELL

                               Plaintiff,        Civ. No.: 1:21-cv-721

v.

CITY OF JAMESTOWN,
CITY OF JAMESTOWN CLERK,
JAMESTOWN POLICE DEPARTMENT,
JAMESTOWN POLICE CHIEF TIMOTHY JACKSON,
COUNTY OF CHAUTAUQUA,
CHAUTAUQUA COUNTY SHERIFF'S OFFICE,
CHAUTAUQUA COUNTY SHERIFF JAMES B. QUATTRONE,
CHAUTAUQUA COUNTY UNDERSHERIFF DARRYL W. BRALEY,
JOHN DOES 1-10, said names being fictitious but intended to be any other individual/officers involved in the within incident and employees of the CITY OF JAMESTOWN and/or JAMESTOWN POLICE DEPARTMENT in their individual and official capacities, and
JOHN DOES 1-10, said names being fictitious but intended to be any other individual/officers involved in the within incident and employees of the COUNTY OF CHAUTAUQUA and/or CHAUTAUQUA COUNTY SHERIFF'S OFFICE in their individual and official capacities,

                               Defendants.

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE
<u>COUNTY OF CHAUTAUQUA DEFENDANTS' MOTION TO DISMISS</u>**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT ............................................................................................ 1

ARGUMENT ........................................................................................................................... 2

I. All of Plaintiff's § 1983 Causes Of Action Arising Out Of Incident 1 Must Be Dismissed Against The County Defendants.................................................................... 2

    A. Plaintiff Fails To Plausibly Allege Monell Liability Against The County............ 2

    B. Plaintiff Fails To Plausibly Allege § 1983 Supervisory Liability......................... 5

    C. Plaintiff Fails To Plausibly Allege § 1983 Unlawful Arrest ............................... 6

    D. Plaintiff Fails To Plausibly Allege Excessive Force On The Part Of Deputy Madonia ................................................................................................................ 6

    E. Plaintiff Fails To Plausibly Allege § 1983 Deliberate Indifference Against Deputy Madonia ................................................................................................... 7

    F. Plaintiff Fails To Plausibly Allege Deputy Madonia Was A Participant In A § 1983 Conspiracy ................................................................................................... 8

    G. Plaintiff Fails To Plausibly Allege A § 1983 Failure To Intervene Claim Against Deputy Madonia ................................................................................................... 8

II. Plaintiff's Causes of Action Arising Out Of Incident 2 Must Be Dismissed Against The County............................................................................................................ 8

III. Deputy Madonia, Sheriff Quattrone, And Undersheriff Braley Are Entitled To Qualified Immunity ................................................................................................... 9

IV. Plaintiff's Pendant State Law Claims Should Be Dismissed......................... 10

CONCLUSION........................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases:** **Page:**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................. in passim

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................. in passim

*City of Oklahoma City v. Tuttle,*
    471 U.S. 808 (1985) .................................................................................................. 3

*Connick v. Thompson,*
    563 U.S. 51 (2011) .................................................................................................... 4

*Darnell v. Pineiro,*
    849 F.3d 17 (2d Cir. 2017) ..................................................................................... 6,7

*Deferio v. City of Syracuse*,
    770 F. App'x 587 (2d Cir. 2019) .............................................................................. 3

*Dumel v. Westchester Cnty.*,
    2021 WL 738365 (S.D.N.Y. Feb. 25, 2021) ............................................................. 3

*Fontaine v. Cornwall,*
    2019 WL 4257136 (N.D.N.Y. 2019) ........................................................................ 7

*Hardy v. Erie Cnty.,*
    2012 WL 1835624 (W.D.N.Y. May 18, 2012) ........................................................ 4

*Hays v. City of New York,*
    2017 WL 782496 (S.D.N.Y. 2017) ........................................................................ 10

*Iacovangelo v. Corr. Med. Care, Inc.,*
    624 F. App'x 10 (2d Cir. 2015) ................................................................................ 3

*Jean v. Barber,*
    2011 WL 2975218 (N.D.N.Y. 2011) ........................................................................ 7

*Jones v. Town of East Haven,*
    691 F.3d 72 (2d Cir. 2012) ....................................................................................... 4

*Mustafa v. Povero,*
    2017 WL 4169339 (W.D.N.Y. 2019) ..................................................................... 10

*Shu Yuan Huang v. St. John's Evangelical Lutheran Church,*
    129 A.D.3d 1053 (2d Dept 2015) .................................................................. 10

*Tangreti v. Bachmann*,
    983 F.3d 609 (2d Cir. 2020) ........................................................................ 5,9

*Walker v. City of New York,*
    974 F.2d 293 (2d Cir. 1992) .......................................................................... 4

*Wilson v Soucy*,
    2020 WL 5764117 (D. Conn. 2020) ............................................................... 5

## **PRELIMINARY STATEMENT**

Defendants, County of Chautauqua, Chautauqua County Sheriff's Office, Chautauqua County Sheriff James B. Quattrone ("Sheriff Quattrone"), Chautauqua County Undersheriff Darryl W. Braley ("Undersheriff Braley), and John Doe(s) being employees of the County of Chautauqua and/or Chautauqua County Sheriff's Office (collectively the "County Defendants"), submit this Reply Memorandum of Law in further support of their Motion to Dismiss Plaintiff's Complaint, in its entirety and with prejudice, pursuant to F.R.C.P. 12(b)(6), CPLR 3211(a)(1), and CPLR 3211(a)(7).

The Complaint is devoid of any plausible facts which support the imposition of 42 U.S.C. § 1983 or common law liability against the County Defendants. In opposition, Plaintiff continues to ignore *Twombly* and *Iqbal*'s well-settled pleading requirements and merely regurgitates his conclusory and implausible factual allegations against the County Defendants.

Plaintiff concedes that the County Defendants were not involved in "Incident 2" alleged in the Complaint.[1] Thus, Plaintiff's causes of action stemming from Incident 2 must be dismissed against the County Defendants due to the absence of personal involvement. With respect to "Incident 1" alleged in the Complaint, any physical or emotional harm that Plaintiff sustained during his lawful and privileged arrest was self-inflicted, sudden, and unpreventable. In this regard, Plaintiff fails to plausibly allege that he suffered a constitutional or common law injury at the hands of the County Defendants. Accordingly, the Complaint should be dismissed in its entirety.

---

[1] Incident 2 took place at the Jamestown Police Department Central Booking Bureau while Plaintiff was in the sole custody of the City Defendants. *See* Dkt. 13, ¶¶ 11-16.

1

## ARGUMENT

**I.     All of Plaintiff's § 1983 Causes Of Action Arising Out Of Incident 1 Must Be Dismissed Against The County Defendants.**

There is no real dispute that Plaintiff was actively resisting a lawful arrest at the time of the alleged conduct. *See* Dkts. 9-2, 9-4, 9-5. Contrary to Plaintiff's contention, the Complaint <u>does not</u> "clearly and specifically outlines two distinct incidents…" against the County Defendants. *See* Dkts. 13, ¶ 7; 13-1, p. 11. Liberally construed, the Complaint merely alleges the limited and lawful involvement that Deputy Madonia had in effectuating Plaintiff's arrest.

With respect to Incident 1, the Complaint asserts in conclusory fashion that (unnamed) Chautauqua County Sheriffs and Jamestown Police used excessive force against him, failed to address his "mental health conditions," and failed to prevent his sudden and unproved acts of self-harm during his December 10, 2020 arrest outside of 111 Barret Avenue. *See* ¶¶ 24-31.[2] This fails to sufficiently state a common law tort claim, let alone a § 1983 cause of action against Deputy Madonia in his individual capacity, § 1983 supervisory liability, or *Monell* liability on the part of the County.

**A.    Plaintiff Fails To Plausibly Allege *Monell* Liability Against The County.**

Notwithstanding that Plaintiff's "group pleading" of *Monell* liability is palpably insufficient (*see* Dkt. 9-6, pp. 14-16[3]), the Complaint, liberally construed, merely identifies a single incident of alleged misconduct on the part of the County Defendants. *See* ¶¶ 24-41; *c.f.*, ¶¶ 43-46. This is fatal to Plaintiff's *Monell* claim against the County.

---

[2] Unless otherwise noted, references to paragraph numbers refer to Plaintiff's Complaint (Dkts. 1-1; 13-2).
[3] County Defendants' Memorandum of Law page numbers 6-8.

Plaintiff's fundamental misunderstanding of the *Monell* pleading requirements is readily apparent. In opposition, he merely echoes the elements of a *Monell* claim without identifying a plausible factual foundation for such allegations. *See* ¶¶ 61-76; Dkt. 13-1, pp. 14.

The Complaint does not identify a formal County-endorsed policy which caused Plaintiff to be subjected to excessive force and/or deliberate indifference to serious medical needs. *See* ¶¶ 61-78. The Complaint does not allege that County policymaking officials directed or explicitly authorized Deputy Madonia to act with excessive force during the course of arrests or act with deliberate indifference to an arrestee's serios medical needs. *See id*. Therefore, the inquiry is whether Complaint plausibly alleges: (1) a persistent and widespread practice that amounts to a custom of which policymakers must have been aware; (2) a constitutional violation resulting from policymakers' failure to train municipal employees; and (3) an affirmative causal link between the municipality's policy, custom, or practice and the alleged constitutional injury. *See Deferio v. City of Syracuse*, 770 F. App'x 587, 590 (2d Cir. 2019); *Dumel v. Westchester Cnty.*, 2021 WL 738365, at *5 (S.D.N.Y. Feb. 25, 2021). It fails to do so.

Where, as here, a facially unconstitutional official municipal policy is not identified, "considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824, 831 (1985) (footnotes omitted); *Iacovangelo v. Corr. Med. Care, Inc.*, 624 F. App'x 10, 14 (2d Cir. 2015) (affirming a dismissal of a plaintiff's

3

*Monell* claim for deliberate indifference to serious medical needs because "the amended complaint provides only one additional example of a similar incident") (emphasis added); *Jones v. Town of East Haven*, 691 F.3d 72, 85 (2d Cir. 2012) ("two instances, or at the most three" of unconstitutional conduct by a "small number of officers" that occurred "over a period of several years…fell far short of showing a policy, custom, or usage of officers" or conduct "so persistent that it must have been known to supervisory authorities").

To plead a *Monell* claim based on a failure to train or supervise, a plaintiff must plead: (1) that a policymaker knows to a moral certainty that her employees will confront a given situation; (2) that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation; and (3) that the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights.  *See Walker v. City of New York*, 974 F.2d 293, 297-98 (2d Cir. 1992).

To this end, "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train."  *Connick v. Thompson*, 563 U.S. 51, 62 (2011).  "Without notice that a course of training is deficient, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights."  *Id*.  "Merely alleging that Defendants failed to institute adequate procedures is not enough to survive dismissal.  Such a failure must first rise to the level of deliberate indifference to be actionable."  *Hardy v. Erie Cnty.*, 2012 WL 1835624, at *3 (W.D.N.Y. May 18, 2012).

4

Plaintiff's § 1983 failure to train and supervise allegations are based on a single incident. *See* ¶¶ 24-41. The Complaint <u>does not</u> identify any previous similar incidents of alleged misconduct (i.e., previous acts of excessive force or deliberate indifference to medical needs on the part of Deputy Madonia). Without this, the Complaint fails to plead any facts which would have put the appropriate County officials on notice of similar widespread and persistent unconstitutional conduct (there was none). *See* Dkt. 13-1, pp. 13-14.

Plaintiff recognizes that he is required to plausibly allege how the County's failures to train caused an underlying constitutional violation. However, the Complaint fails to identify a specific training deficiency, or plausibly allege the affirmative causal link between the County's (nonexistent) policy, custom, or practice and the alleged constitutional injury. Plaintiff has not plausibly pled that the supervisory County Defendants (Sheriff Quattrone or Undersheriff Braley) had notice of any specific training or supervision deficiencies that could have proximately caused a constitutional violation. Accordingly, the *Monell* claims fail.

**B.     Plaintiff Fails To Plausibly Allege § 1983 Supervisory Liability.**

Plaintiff's reliance on *Wilson v Soucy* to avoid the implications of the Second Circuit's holding in *Tangreti v Bachmann* is misplaced. *Wilson* was decided by the United States District Court for the District of Connecticut <u>before</u> the Second Circuit clarified the applicable standard for § 1983 supervisory liability in *Tangreti*. Therefore, Plaintiff's assertion that *Tangreti* only applies to constitutional violations involving "discriminatory intent" is an incorrect statement of the law that has been pulled from whole cloth. Here, as in *Tangreti*, the Complaint fails to plausibly allege any personal

5

involvement in Incident 1 on the part of Sheriff Quattrone or Undersheriff Braley.  *See* 983 F.3d 609, 619-620 (2d Cir. 2020).

Confusingly, Plaintiff seems to take the position that his § 1983 deliberate indifference claims do not require proof of intent.  Under *Darnell*, such claims clearly require proof regarding the governmental-actor's state of mind – i.e., plausible factual allegations of intentional or reckless conduct evidencing deliberate indifference.  *See* 849 F.3d 17, 36 (2d Cir. 2017).

### C. Plaintiff Fails To Plausibly Allege § 1983 Unlawful Arrest.

The Court's review of the factual sufficiently of Plaintiff's allegations against the County is not limited to the four corners of his Complaint.  As set forth in the County's initial Memorandum of Law, the Court may take judicial notice of the applicable arrest warrant and arrest report without converting the present motion into one for summary judgment.  *See* Dkt. 9-6, pp. 12-14, 21-22.[4]  Here, it is clear from the face of the Complaint, and matters of which the Court may take judicial notice, that Plaintiff's arrest was effectuated pursuant to a lawful arrest warrant issued by the Jamestown City Court.  *See* Dkt. 9-2.  Deputy Madonia's limited involvement in Plaintiff's arrest was based on probable cause and privileged.

### D. Plaintiff Fails To Plausibly Allege Excessive Force On The Part Of Deputy Madonia.

The Complaint fails to set forth any specific actions taken by Deputy Madonia during the course of Plaintiff's arrest which constituted excessive force in violation of the Fourth Amendment.  Plaintiff continues under the mistaken belief that he has a

---

[4] County Defendants' Memorandum of Law page numbers 4-6, 13-14.

6

constitutional guarantee to not be touched while actively resisting a lawful arrest. Perplexingly, Plaintiff simultaneously claims that he has a constitutional right to be completely restricted during an arrest so as to prevent him from voluntarily striking his own head against the ground.

### E. Plaintiff Fails To Plausibly Allege § 1983 Deliberate Indifference Against Deputy Madonia.

Plaintiff's deliberate indifference claim fails because he has failed to plausibly allege an underlying constitutional violation relative to Incident 1. Even assuming that Plaintiff was seriously injured during the course of his lawful arrest (he was not), the Complaint fails to plausibly allege that Deputy Madonia acted with a sufficiently culpable state of mind under *Darnell* to constitute deliberate indifference. In fact, immediately following Plaintiff's arrest, Deputy Madonia summoned emergency medical personnel to examine Plaintiff at the Jamestown Police Department Central Booking Bureau. *See* Dkts. 9-4; 9-5.

Plaintiff's contention that Deputy Madonia was required to ensure that he was immediately provided with "mental health treatment" or taken to a hospital rather than being arrested is meritless and would effectively put an end to law enforcement across the county. The cases cited by Plaintiff to support this untenable position involve the alleged denial of mental health treatment or suicide prevention to incarcerated individuals over a prolong period of time. *See Fontaine v. Cornwall*, 2019 WL 4257136 (N.D.N.Y. 2019) (granting summary judgment dismissing inmate's claims that jail medical staff were deliberately indifferent to medical needs by failing to properly care for his mental health prior to a suicide attempt); *Jean v. Barber*, 2011 WL 2975218 (N.D.N.Y. 2011) (granting summary judgment dismissing *pro se* inmate's complaint

7

stemming from jail staff's alleged failure to provide him with mental health services prior to a suicide attempt).

### F. Plaintiff Fails To Plausibly Allege Deputy Madonia Was A Participant In A § 1983 Conspiracy.

Citing the need for additional discovery, Plaintiff concedes that the Complaint contains conclusory and threadbare allegations of a § 1983 conspiracy. *See* Dkt. 13-1, pp. 21-22. The allegations set forth in the Complaint do not offer sufficient factual details regarding an agreement to violate Plaintiff's civil rights. This fails to satisfy his burden under *Twombly* and *Iqbal*. *See* Dkt. 9-6, pp. 27-29.[5]

### G. Plaintiff Fails To Plausibly Allege A § 1983 Failure To Intervene Claim Against Deputy Madonia.

First, with respect to Incident 1, Plaintiff has failed to plausibly allege unlawful arrest, excessive force, or deliberate indifference to medical needs. Second, the Complaint fails to set forth any facts delineating which specific defendant allegedly utilized excessive force on Plaintiff during Incident 1 or how such force was objectively unreasonable under the circumstances. To this end, the Complaint fails to plausibly allege how Deputy Madonia could have intervened or prevented an underlying constitutional deprivation (there was none) from occurring in the first place.

## II. Plaintiff's Causes of Action Arising Out Of Incident 2 Must Be Dismissed Against The County.

The documents submitted by the County Defendants and the Plaintiff's submissions in opposition make it clear that neither Deputy Madonia nor any other County Defendants were involved in Incident 2. Incident 2 occurred while Plaintiff was

---

[5] County Defendants' Memorandum of Law page numbers 19-21.

in the sole custody of the Jamestown Police Department and being held at the Jamestown Police Department Central Booking Bureau.  Naturally, the County Defendants cannot be held liable for the alleged acts of the City Defendants.  This would also include any complained of conduct that occurred during Incident 1 after "Plaintiff was placed n the Jamestown Police Vehicle en route to the Jamestown Police Department Central Booking Bureau."  *See* ¶¶ 32-46.

### III. Deputy Madonia, Sheriff Quattrone, And Undersheriff Braley Are Entitled To Qualified Immunity.

Plaintiff has failed to identify any controlling law holding that: (1) an individual who is actively resisting a lawful arrest has a constitutional right to an immediate pause of the arrest in order to be provided with a psychological evaluation by the arresting officers or be sent to a hospital for psychological treatment in lieu of arrest, and that an alleged failure to do so constitutes deliberate indifference to medical needs under the Fourteenth Amendment; or (2) failing to prevent an arrestee from suddenly and unexpecting injuring himself by voluntarily striking his head on the ground while he is actively resisting arrest constitutes excessive force under the Fourth Amendment.

These (nonexistent) rights were not clearly defined at the time of Plaintiff's arrest.  Therefore, Deputy Madonia is entitled to qualified immunity dismissing the excessive force and deliberate indifference claims asserted against him.  To the extent that Plaintiff seeks to assert deliberate indifference claims against Sheriff Quattrone and Undersheriff Braley, they are likewise entitled to qualified immunity.  *See Tangreti,* 983 F.3d at 36.

### IV. Plaintiff's Pendant State Law Claims Should Be Dismissed.

Plaintiff's arrest was privileged. Any injuries that he sustained were a result of his own doing. Liberally construed, the Complaint merely alleges that Deputy Madonia assisted Jamestown Police in effectuating Plaintiff's arrest, during which Plaintiff unexpectedly began to strike his head against the ground while actively resisting. Plaintiff concedes that Deputy Madonia was acting within the course and scope of his duties as a Sheriff's Deputy during Incident 1. It follows that punitive damages against Deputy Madonia in his individual capacity are not available. Similarly, the County is immune from punitive damages as a matter of law.

Plaintiff does not contest that his IIED and NIED claims are barred as a matter of law. *See Hays v. City of New York*, 2017 WL 782496, at *5 (S.D.N.Y. 2017); *c.f.*, Dkt. 13-1 p. 24. Plaintiff also fails to allege any facts demonstrating actual or constructive knowledge on the part of County supervisory officials of Deputy Madonia's (nonexistent) negligent propensities. Accordingly, Plaintiff's negligent hiring, training, and supervision claims fail. *See Mustafa v. Povero*, 2017 WL 4169339, at *7 (W.D.N.Y. 2019); *Shu Yuan Huang v. St. John's Evangelical Lutheran Church*, 129 A.D.3d 1053, 1054 (2d Dept 2015).

In any event, Plaintiff's State law claims must be dismissed to the extent they seek to impose liability on the County Defendants arising out of any alleged acts which occurred after Plaintiff was placed in the Jamestown Police car during Incident 1. It is clear that the County Defendants had no involvement in Plaintiff's transportation to the Jamestown Police Department Central Booking Bureau, or Incident 2. *See* ¶¶ 32-46; Dkts. 9-4, 9-5.

**CONCLUSION**

For the foregoing reasons, as well as those set forth in the accompanying September 28, 2021 Declaration of Peter L. Veech and the County Defendants' initial motion papers (Dkts. 9 – 9-6), the Court should dismiss Plaintiff's Complaint against the County Defendants, in its entirety and with prejudice, pursuant to F.R.C.P. 12(b)(6), CPLR 3211(a)(1), and 3211(a)(7), together with such other and further relied that the Court deems to be necessary, just, and proper.

Dated: September 28, 2021

**WEBSTER SZANYI LLP**
Attorneys for Defendants,
*County of Chautauqua, Chautauqua County Sherriff's Office, Chautauqua County Sheriff James B. Quattrone, Chautauqua County Undersheriff Darryl W. Braley, and John Doe(s) being employees of the County of Chautauqua and/or Chautauqua County Sheriff's Office*

By: *s/Peter L. Veech*
      Michael P. McClaren
      Peter L. Veech
1400 Liberty Building
Buffalo, New York 14202
(716) 842-2800
mmcclaren@websterszanyi.com
pveech@websterszanyi.com
