UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTIAN POWELL

                Plaintiff,

    -vs-

CITY OF JAMESTOWN                              21-CV-00721
CITY OF JAMESTOWN CLERK
JAMESTOWN POLICE DEPARTMENT
JAMESTOWN POLICE CHIEF TIMOTHY JACKSON
COUNTY OF CHAUTAUQUA
CHAUTAUQUA COUNTY SHERIFF'S OFFICE
CHAUTAUQUA COUNTY SHERIFF
JAMES B. QUATTRONE
in his individual and official capacity
CHAUTAUQUA COUNTY UNDERSHERIFF
DARRYL W. BRALEY
JOHN DOES 1-10, said names being fictitious
but intended to be any other individual/officers
involved in the within incident and employees of the
CITY OF JAMESTOWN and/or JAMESTOWN
POLICE DEPARTMENT in their individual and official capacities
JOHN DOES 1-10, said names being fictitious
but intended to be any other individual/officers
involved in the within incident and employees of the
COUNTY OF CHAUTAUQUA  and/or CHAUTAUQUA
COUNTY SHERIFF'S OFFICE in their individual and official capacities

                Defendants.
_____

**DECLARATION OF BLAKE ZACCAGNINO
IN SUPPORT OF PLAINTIFF'S MOTION:**

       I, BLAKE ZACCAGNINO, am an attorney duly admitted to practice before the United States District Court for the Western District of New York and make the following Declaration under the penalties of perjury:

1

1. I am an attorney at law admitted to practice before this Court and am an associate at the Law Offices of SHAW & SHAW, PC, attorneys for the Plaintiff.

2. As such, I am fully familiar with the facts and circumstances of this litigation.

3. I make this Declaration in support of the Plaintiff's Rule 15(a), Rule 16(b) and Rule 21 motion.

4. Specifically, the Plaintiff is seeking an order allowing the Plaintiff to amend/correct his complaint to identify and substitute the named officers/employees for the John Doe Defendants, and also to conform it to the Court's Decision and Order (motion to dismiss) **(Exhibit C)**.

5. Specifically, the Plaintiff requests to substitute in the following individual Defendants in place of the John Doe Defendant representatives of the City of Jamestown.

- JAMESTOWN POLICE OFFICER CARTER OBERGFELL

- JAMESTOWN POLICE OFFICER KEVIN WISE

- JAMESTOWN POLICE OFFICER MARK CONKLIN

- JAMESTOWN POLICE OFFICER JOHN CONTI

- JAMESTOWN POLICE SERGEANT OVEREND

- JAMESTOWN POLICE OFFICER WARD

- JAMESTOWN POLICE DETECTIVE MAGGIO

A redlined version of the proposed amended Complaint is attached as **Exhibit E**. Also attached as **Exhibit G**, please find a non-redlined version of the same.

6. In short, the Plaintiff alleges that on December 10, 2020, over the Course of 10 hours, the Defendants used excessive force on him, failed to provide him with appropriate medical care, including but not limited to, failed to protect him from harming himself.

7. The Plaintiff more fully outlines his factual allegations in his memorandum of law made apart of this motion, as well as in paragraph 20-48 of his proposed amended Complaint. (**Exhibit E**) Plaintiff incorporates the same herein by reference.

8. Plaintiff asserts the following claims against Defendants:

- 42 USC 1983: Excessive Force;
- 42 USC 1983: Failure to Intervene;
- 42 USC 1983: Failure to Treat: Deliberate Indifference to Medical Needs;
- NY Civil Rights Law Section 28 Claim;
- Demand for Punitive Damages;
- Assault and Battery.

9. This case presented a unique challenge with regard to the Plaintiff's identification of the John-Doe Officers/employees. This is not your typical civil rights claim that involved one incident with a specific set of Defendants. The alleged incidents outlined above took place over a 10 hour time period, took place at different locations, and involved different Jamestown Officers/employees.

3

10. In order to clarify and identify the specific names of the Officers listed above to be substituted in for the John Doe Defendants, depositions were needed. In other words, in order to determine who we had a good faith basis to name as an individual Defendant, depositions had to be taken. The first session of depositions took place on August 16, 2023. On that date, JAMESTOWN POLICE OFFICER KEVIN WISE, JAMESTOWN POLICE OFFICER MARK CONKLIN , and JAMESTOWN POLICE OFFICER CARTER OBERGFELL were deposed. On that date, Counsel deposed the above named officers over the course of a full day. Counsel questioned each officer in detail and also verified the accuracy of the incident reports.

11. The full extent of each officers individual involvement was thoroughly fleshed out, allowing Plaintiff to name them individually. It is the Plaintiff's position that the deposition testimony of the officers revealed each officers individual involvement in each incident as outlined in the factual portion above and in his amended complaint. Attached as **Exhibit H-J**, please find excerpts from each officer deposition transcript to date. Counsel reserves his right to supplement his motion with the entire transcripts if the Court feels its necessary.

12. 3 of the 7 proposed individual Defendants have already been deposed. Prior to the making of this motion, Counsel had been working on scheduling depositions for the remaining 4 proposed new Defendants who have not been deposed.

13. Discovery in this matter is not closed. Please note that currently the all fact discovery deadline is October 28, 2023, and the all discovery deadline is December 13, 2023. (Dkt. No. 32) The door is also still open to request additional time for discovery if needed.

14. The following is a time-line of the discovery that has taken place to date. The Plaintiff can provide written verification of the time-lines below.

- May 28, 2021-Summons and Complaint filed in State Court;

- June 9, 2021-Notice of Removal filed by County Defendants;

- June 10, 2021-Case was assigned to the Honorable Geoffrey Crawford;

- July 14, 2021-Motion to dismiss filed by County Defendants;

- August 25, 2021-Response filed by Plaintiff to County Defendant's motion to dismiss;

- August 27, 2021-Motion to dismiss filed by Jamestown Defendants;

- September 28, 2021: Reply/Response filed by County Defendants;

- October 19, 2021: Response filed by Plaintiff to Jamestown Defendant's motion;

- December 3, 2021: Response/Reply filed by Jamestown Defendants;

- January 7, 2022: Counsel for Jamestown Defendants and Plaintiff e-mailed regarding circulating proposed virtual deposition dates;

- June 3, 2022: Opinion and Order to the above motions signed by the Honorable Geoffrey Crawford;

- June 8, 2022: Plaintiff circulated a proposed case management order to Defense counsel and proposed dates for a conference call to discuss and finalize;

- June 17, 2022: Answer filed by Jamestown Defendants;

- June 17, 2022: Notice of appearance filed by Attorney Vincent Parlato;

- June 17, 2022: Answer filed by County Defendants;

- June 23, 2022: Plaintiff emailed Defense Counsel following up on his June 8th, 2022 email;

- June 23, 2022: Counsel for all Defendants and Plaintiff e-mailed regarding proposed modifications to the proposed case management order;

- July 11, 2022: Plaintiff emailed Defense Counsel regarding modifications to the proposed case management order and a proposed mediator;

- July 22, 2022: Plaintiff emailed Defense Counsel regarding proposed modifications to the proposed case management order;

- July 25, 2022: Plaintiff and Defense Counsel emailed regarding proposed modifications to the proposed case management order;

- July 27, 2022: Plaintiff and Defense Counsel emailed to discuss final modifications to the proposed case management order;

- July 28, 2022: Plaintiff and Defense Counsel emailed agreeing to proposed case management order;

- July 28, 2022: Discovery plan filed by Plaintiff;

- August 9, 2022: Plaintiff served his Rule 26 disclosures on defense counsel, that included approximately 13 medical authorizations;

- August 10, 2022: Plaintiff and Defense Counsel emailed regarding accepting service of Rule 26 disclosures electronically and also agreeing for an extension of time for Jamestown Defendants to serve their Rule 26 disclosures;

- August 11, 2022: Plaintiff and Defense Counsel e-mailed confirming Plaintiff's consent to the above mentioned extension to file Rule 26 disclosures;

- August 11, 2022: Defense Counsel for the County Defendants served their Rule 26 disclosures;

- August 31, 2022: Plaintiff exchanged e-mails with Defense Counsel regarding settlement negotiations;

- September 8, 2022: Plaintiff emailed regarding settlement negotiations;

- September 26, 2022: Plaintiff emailed regarding settlement negotiations;

- October 11, 2022: Plaintiff and Defense Counsel emailed regarding a proposed mediator;

- October 21, 2022: Plaintiff emailed regarding settlement negotiations;

- October 31, 2022: Plaintiff and Defense Counsel emailed confirming agreement to a proposed mediator;

- October 31, 2022: Plaintiff and Defense Counsel reached out to proposed mediator regarding his selection and scheduling a first mediation date;

- November 1, 2022: Plaintiff and Defense Counsel emailed regarding selection of proposed mediator and proposed mediation dates;

- November 1, 2022: Plaintiff and Defense Counsel e-mailed with mediator regarding agreed upon mediation date;

- November 3, 2022: Stipulation selecting a mediator filed by Plaintiff;

- November 4, 2022: Plaintiff sent mediator and Defense Counsel his mediation memorandum and submission;

- November 7, 2022: Rule 26 disclosures filed by Jamestown Defendants;

- November 8, 2022: Mediation certificate filed by Mediator;

- November 28, 2022: Plaintiff and Defense Counsel emailed regarding settlement negotiations;

- December 15, 2022: Case Management Order signed and filed by the Honorable Geoffrey Crawford;

- January 5, 2023: Plaintiff emailed with Defense Counsel regarding scheduling depositions;

- January 24, 2023: Plaintiff emailed Defense Counsel regarding following up on his January 5, 2023 email;

- February 2, 2023: Plaintiff and Defense Counsel emailed regarding proposed deposition dates;

- February 15, 2023: Plaintiff and Defense Counsel emailed regarding proposed depositions to take place on March 23-24, 2023;

- March 13, 2023: Plaintiff and Defense Counsel emailed regarding having to adjourn the above deposition dates to April;

- March 16, 2023: Plaintiff emailed regarding settlement negotiations;

- March 19, 2023: Plaintiff emailed mediator regarding status;

- March 20, 2023: Plaintiff emailed mediator regarding status;

- March 29, 2023: Plaintiff emailed with Defense Counsel regarding proposed Defense witnesses to be deposed and scheduled;

- March 30, 2023: Plaintiff and Defense Counsel emailed regarding status and discovery deadlines along with proposed deposition dates;

- April 4, 2023: Plaintiff and Defense Counsel emailed regarding newly proposed dates for depositions;
- April 7, 2023: Plaintiff e-mailed Defense Counsel regarding depositions to take place on April 20 and 24, 2023;
- April 7, 2023: Plaintiff had a phone call with Defense Counsel for the County Defendants regarding having to adjourn the April depositions as the County Defendants were still waiting on the processing/fulfilling/ getting responses to the medical authorizations provided;
- April 10, 2023: Plaintiff e-mailed Defense Counsel regarding the above conversation, and agreeing/consenting to a 90 day extension of all unexpired deadlines;
- On or about April 20, 2023, Plaintiff filed the above motion requesting that the Court grant Counsel a 90 day extension of all unexpired deadlines;
- May 2, 2023, Plaintiff's counsel scheduled a zoom call with Plaintiff;
- May 12, 2023, Plaintiff's counsel emailed with opposing Counsel;
- May 16, 2023, Plaintiff emailed with opposing Counsel;
- May 17, 2023, Plaintiff's counsel met with Plaintiff;
- May 17, 2023, Plaintiff's counsel emailed with mediator;
- May 18, 2023, Plaintiff's counsel emailed with opposing Counsel;
- May 19, 2023, Plaintiff called mediator;
- June 1, 2023, Plaintiff's first motion for an extension of time to complete discovery was granted;

- June 15, 2023, Plaintiff phoned some opposing Counsel;

- June 16, 2023, Plaintiff spoke with mediator;

- June 18, 2023, Plaintiff's counsel spoke with Plaintiff;

- July 7, 2023, Plaintiff emailed with opposing Counsel;

- July 8, 2023, Plaintiff emailed with opposing Counsel;

- July 10 2023, Plaintiff's counsel spoke with Plaintiff;

- July 10, 2023, Plaintiff emailed with opposing Counsel;

- July 12, 2023, Plaintiff emailed with opposing Counsel;

- July 13, 2023, Plaintiff sent his availability for depositions to opposing Counsel;

- July 12, 2023, Plaintiff left a message with Chambers;

- July 13, 2023, Plaintiff's office spoke with Chambers;

- July 13, 2023, Plaintiff received additional discovery demands from opposing Counsel;

- July 14, 2023-Plaintiff emailed with opposing counsel regarding scheduling depositions;

- July 14, 2023, Plaintiff filed a second motion to for an extension of time to complete discovery;

- July 14, 2023, Plaintiff's second motion for an extension of time to complete discovery was granted;

- July 19, 2023, Counsel emailed regarding proposed deposition dates;

- July 19, 2023, Plaintiff emailed with opposing counsel and identified the following Jamestown officer as those he wanted to depose (all of which are Parties he proposes to substitute in for the John Doe Defendants in this motion):

    - JAMESTOWN POLICE OFFICER CARTER OBERGFELL;

10

- JAMESTOWN POLICE OFFICER KEVIN WISE;

- JAMESTOWN POLICE SERGEANT OVEREND;

- JAMESTOWN POLICE OFFICER MARK CONKLIN;

- JAMESTOWN POLICE OFFICER JOHN CONTI.

- August 6, 2023: Plaintiff emailed with Counsel regarding the logistics of who would be deposed when and on what days;

- August 7, 2023: Counsel emailed regarding agreeing to having depositions via Zoom;

- August 9, 2023: Plaintiff sent deposition notices out to the Jamestown officers (via email to opposing counsel) he wished to depose that he identified on July 19, 2023, specifically, he sent out notices to the following officers:

    - JAMESTOWN POLICE OFFICER CARTER OBERGFELL;

    - JAMESTOWN POLICE OFFICER KEVIN WISE;

    - JAMESTOWN POLICE SERGEANT OVEREND;

    - JAMESTOWN POLICE OFFICER MARK CONKLIN;

    - JAMESTOWN POLICE OFFICER JOHN CONTI. **(Exhibit A)**

        The attached noticed 3 of the 5 officers on August 16, 2023, and noted that we would scheduling the remaining two at a mutually convenient future date and time.

- August 10, 2023: Plaintiff sent a drop box link to opposing counsel with numerous proposed deposition exhibits;

11

- August 11, 2023: Counsel emailed regarding the specific times for the first depositions in the case to take place on August 16, 2023, noting that they would likely be producing:

    - JAMESTOWN POLICE OFFICER KEVIN WISE;

    - JAMESTOWN POLICE OFFICER MARK CONKLIN;

    - JAMESTOWN POLICE SERGEANT OVEREND.

    The email also specifically noted that the additional two officers (JAMESTOWN POLICE OFFICER CARTER OBERGFELL and JAMESTOWN POLICE OFFICER JOHN CONTI) would be deposed at a later date.

- August 14, 2023: Counsel emailed regarding revising the order of and specific officers to be deposed on August 16, 2023, and specifically substituting in JAMESTOWN POLICE OFFICER CARTER OBERGFELL for JAMESTOWN POLICE SERGEANT OVEREND.

- August 14, 2023: Counsel emailed regarding Plaintiff being moved to a different correctional facility, and that his deposition date would have to be rescheduled;

- August 16, 2023: Plaintiff deposed the following Jamestown officers:

    - JAMESTOWN POLICE OFFICER KEVIN WISE;

    - JAMESTOWN POLICE OFFICER MARK CONKLIN;

    - JAMESTOWN POLICE OFFICER CARTER OBERGFELL

- August 17, 2023, Stipulation of partial dismissal with regard to the Chautauqua Defendants was filed;

- August 17, 2023: Plaintiff emailed with opposing Counsel regarding his intention to make this motion;

- August 18, 2023, Counsel emailed regarding the Plaintiff's intention to amend his complaint and to make this motion;

12

- August 18, 2023: Counsel emailed regarding scheduling the remaining depositions;

- August 24, 2023: Plaintiff emailed opposing counsel with proposed dates to complete depositions, specifically noting that Plaintiff wished to depose:

    - JAMESTOWN POLICE SERGEANT OVEREND; and

    - JAMESTOWN POLICE OFFICER JOHN CONTI;

- September 5, 2023: Plaintiff emailed with opposing counsel regarding this motion, he also specifically requested that JAMESTOWN POLICE OFFICER WARD and JAMESTOWN POLICE DETECTIVE MAGGIO be added to the list of remaining depositions to be taken;

- September 9, 2023: Plaintiff followed up with opposing counsel regarding rescheduling the remaining depositions;

- September 13, 2023, Plaintiff left a voice-mail with opposing counsel to discuss this motion;

- September 15, 2023, Plaintiff sent opposing counsel a follow up email regarding this motion and also left voice-mails with opposing counsel.

15. The Plaintiff's request, as detailed in the attached Memorandum of Law, should be granted on the separate and independent grounds that:

    A. The Plaintiff should be allowed to amend/correct his complaint because it will serve the interests of justice by allowing the Plaintiff to pursue relief based on new facts learned in discovery.

    B. Good cause exists to amend the scheduling order to allow for the amendments; including but not limited to,

    C. The Plaintiff's requested amendments should relate back to the date of the filing of his summons and complaint.

13

For the reasons set forth here and in the Plaintiff's Memorandum of Law, Plaintiff respectfully requests that his motion be granted.

Dated: September 15, 2023

/s/Blake Zaccagnino
Blake Zaccagnino
Attorneys for Plaintiff
Office and Post Office Address
4819 South Park Avenue
Hamburg, NY 14075
(716) 648-3020 Telephone
(716) 648-3730 Fax

Sworn to before me this
19 day of September, 2023

Notary Public

14