UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JAMES R. MAZURKIEWICZ,

                Plaintiff,

v.

TIMOTHY B. HOWARD, et al.,

                Defendants.

19-CV-1584-HBS

(Consent)

Decision & Order

---

The Court has jurisdiction over this matter by consent of the parties. *See* Dkt. No. 17. Plaintiff James R. Mazurkiewicz alleges that, in April 2019, employees of Erie County assaulted him while he was detained in the Erie County Holding Center. He brings this civil-rights action against the employees, their supervisors, and Erie County, among others. *See* Dkt. No. 1-1. Initially, Plaintiff identified the assaultive employees as "John Does 1-10." *Id.* at 5.

Plaintiff moves to amend his complaint to add the now-identified John Doe employees to his suit.[1] *See* Dkt. No. 25. Defendants oppose the motion. Dkt. No. 27. For the reasons that follow, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

## DISCUSSION

At present, Plaintiff has fourteen claims, labelled as follows: (1) Negligence, (2) Violation of Federal Civil Rights, (3) Respondeat Superior/Vicarious Liability, (4) Negligent Hiring, (5) Negligent Retention, (6) Negligent Training and Supervision, (7) Assault, (8) Battery, (9) Battery Committed in the Performance of a Public Duty, (10) Intentional Infliction of Emotional Distress, (11) Negligent

---

[1] The now identified employees are Lieutenant Bryman, Sergeant Scanio, Deputy Mercado, Lieutenant Franckovick, Sergeant Webster, Deputy Wilson, Sergeant Weyard Garrett, Deputy Castoire, Lieutenant Balys, Sergeant Scanlon, Deputy Peplowski, Sergeant Gleason, Deputy Goedtel, and RN Caitlyn Sickau. For ease of reference, the Court will continue to refer to these individuals as the "John Doe employees."

Infliction of Emotional Distress, (12) Failure to Intervene, (13) Failure to Treat, and (14) Conspiracy. Plaintiff moves to add the John Doe employees—in their official and individual capacities—as defendants and, apparently, to all fourteen claims. Dkt. No. 25-14 at 5-7; Dkt. No. 29-1. Plaintiff acknowledges that the deadline to amend pleadings has passed, *see* Dkt. No. 18 at 1, and that there may be an issue concerning the statute of limitations, *see* Dkt. No. 25-2 at 16, but he argues that there is good cause to permit the amendment and that his proposed amendments relate back for purposes of the limitations period. *See id.* at 13-17.

Defendants do not challenge Plaintiff's arguments concerning good cause and relation back; they only oppose Plaintiff's motion on the ground that some of the claims against the John Doe employees would be futile. *See* Dkt. No. 27. The Court limits its analysis accordingly. *See Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 175-76 (S.D.N.Y. 2014) (discussing "good cause" requirement under Federal Rule of Civil Procedure 16(b)); *Khudan v. Lee*, No. 12-CV-8147, 2015 WL 5544316, at *2 (S.D.N.Y. Sept. 17, 2015) (noting that the statute of limitations is a waivable affirmative defense).

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a party's pleading "shall be freely given when justice so requires." Leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Monahan v. New York City Dep't of Corrs.*, 214 F.3d 275, 283 (2d Cir. 2000). Regarding futility, an "amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Ferrara v. Smithtown Trucking Co.*, 29 F. Supp. 3d 274, 279 (E.D.N.Y. 2014). Courts assess Rule 12(b)(6) motions by "accepting all

2

factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 61 (2d Cir. 2010) (internal quotation marks and citation omitted). "Simply stated, the question under Rule 12(b)(6) is whether the facts supporting the claims, if established, create legally cognizable theories of recovery." *Cole-Hoover v. Shinseki*, No. 10-CV-669, 2011 WL 1793256, at *3 (W.D.N.Y. May 9, 2011) (internal quotation marks and citation omitted).

Defendants argue: (1) any § 1983 claims brought against the John Doe employees in their official capacities are duplicative of such claims brought against Erie County, (2) no § 1983 claim brought against the John Doe employees in their individual capacities is viable, since all the employees were "acting in the scope of their employment," and (3) the John Doe employees cannot be held liable, based on their own misconduct, on a *respondeat superior* theory or for negligent hiring, retention, training, and supervision. Dkt. No. 27-1 at 5-6. The Court examines each argument below.

First, the Court agrees with Defendants that proposed claims 2, 12, and 14—which appear to plead liability under § 1983—are duplicative to the extent Plaintiff seeks to hold the John Doe employees liable in their official capacities. "An official capacity suit against a public servant is treated as one against the governmental entity itself." *Reynolds v. Giuliani*, 506 F.3d 183, 191 (2d Cir. 2007). Consequently, "district courts within the Second Circuit consistently dismiss as duplicative claims asserted against officials in their official capacities where the plaintiff has named the municipal entity as a defendant." *Demski v. Town of Enfield*, No. 14-CV-1568, 2015 WL 4478401, at *3 (D. Conn. July 22, 2015). In this case, the John Doe employees are alleged to be employees of Erie County, which

3

is also named in the suit. Dkt. No. 25-14 at 9. Therefore, it would be duplicative to pursue claims 2, 12, and 14 against the John Doe employees in their official capacities.

Second, Defendants assert that no § 1983 claim may be brought against the John Doe employees in their individual capacities because they were "acting in the scope of their employment." Dkt. No. 27-1 at 5. Defendants' argument is not entirely clear because, beyond that mere assertion, they do not cite any authority or fully explain their position. *See id.* at 5-6. Without more, the Court declines to address this argument further.[2] *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.").

Third, Defendants argue that the John Doe employees cannot be held liable on a *respondeat superior* theory or for negligent hiring, retention, training, or supervision based on their own misconduct. The Court agrees. *Respondeat superior* operates to impose liability on an *employer* for the misconduct of its employees; it does not impose liability on an employee for his own or his co-workers' misconduct. *See Connell v. Hayden*, 83 A.D.2d 30, 50-51 (N.Y. App. Div. 1981) (noting that "[c]laims of negligence against coemployees must be based upon allegations of the actual fault of both"); *Rosenfeld v. Lenich*, 370 F. Supp. 3d 335, 350 (E.D.N.Y. 2019) (discussing *respondeat superior* under New York law). The John Doe employees are not employers, and therefore cannot be held liable under *respondeat superior*.

---

[2] It may be that Defendants are referring to the New York common law doctrine under which a claim for negligent supervision is not cognizable if the employee acted within the scope of his employment. *See Casaccia v. City of Rochester*, No. 17-CV-6323, 2018 WL 324420, at *5 (W.D.N.Y. Jan. 8, 2018). That rule does not apply to a federal § 1983 action, however. *See id.*

4

Similarly, the proposed amended complaint contains no allegations that any of the John Doe employees hired, retained, supervised, or trained any of their fellow co-employees, which is the basic factual element for those types of claims. *See* Dkt. No. 25-14 at 17-22; *see also Connell*, 83 A.D.2d at 50-51. Given the nature of the allegations in the proposed amended complaint, any claim for negligent hiring, retention, training, or supervision against the John Doe employees is insufficiently pleaded and therefore would be futile.

Defendants proffer no other objections to Plaintiff's proposed amended complaint. Accordingly, the Court concludes that leave to amend should be granted, except as discussed above.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to amend (Dkt. No. 25) is GRANTED IN PART and DENIED IN PART. Plaintiff may file the proposed amended complaint, except that leave to amend is denied with respect to claims 2, 12, and 14 against the John Doe employees in their official capacities, and with respect to claims 3, 4, 5, and 6 against the John Doe employees in their official and individual capacities. Plaintiff has until **January 29, 2021** to file an amended complaint that incorporates those modifications. Once the amended complaint is filed, the Clerk of Court is directed to amend the caption to reflect the identities of "John Does 1-10."

SO ORDERED.

/s/ *Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

DATED: January 22, 2021