9/1/23, 1:39 PM
It's Official: The Statute of Limitations Was Tolled, Not Suspended, During the COVID-19 Pandemic - Certilman Balin

CERTILMANBALIN

HOME  ABOUT THE FIRM  ATTORNEYS  PRACTICE AREAS  THE COLUMN  CONTACT  CLIENT PAYMENTS  CONTACT US

# It's Official: The Statute of Limitations Was Tolled, Not Suspended, During the COVID-19 Pandemic

## Recent Posts

LIBN Readers Voted Certilman Balin as Winner in 12 Categories in 2023 Rankings Survey

5 Attorneys Named to Best Lawyers® 2023; 3 Named to Ones to Watch

Elder Law Group Newly Recognized for 2024 by Best Lawyers® "Best Law Firms"

Certilman Balin Establishes Two New Scholarships at Hofstra Law

Certilman Balin's Build Day for Habitat for Humanity

## Categories

Awards

Elder Law

Employment Law

Estate Planning

Events

Legal

Litigation



By Jarrett M. Behar

Now that the Spring of 2023 is almost upon us, no one wants to think back to the time during the height of the COVID-19 Pandemic. That includes the various Executive Orders issued by then-Governor Cuomo extending the expiration of statutes of limitations between the 228-day period of March 20, 2020 and November 3, 2020 (9 N.Y.C.R.R. 8.202.8, 8.202.67). Those Executive Orders led to the question of whether the statute of limitations was simply suspended during that period or tolled. The difference being that a suspension does not exclude its effective duration from the calculation of the relevant time period and a toll does.

On June 2, 2021, the Appellate Division, Second Department issued its decision in *Brash v. Richards*, 195 A.D.3d 582 [2d Dep't 2021], which held that Governor Cuomo had the authority to issue a toll and that the thirty day period from which to

9/1/23, 1:39 PM
It's Official: The Statute of Limitations Was Tolled, Not Suspended, During the COVID-19 Pandemic - Certilman Balin

Case 1:21-cv-00721-MAV-JJM    Document 38-7    Filed 09/19/23    Page 3 of 7

take an appeal that would have expired during the pendency of the Executive Orders was tolled such that the appellant had 30 days from November 3, 2020, the end of the Executive Order period, to file its notice of appeal. *Id.* at 583. In the wake of *Brash*, however, there was an open question as to whether its holding was limited to time periods that would have expired during the Executive Order period. *See, e.g., Baker v. 40 Wall Street Holdings Corp.*, 74 Misc.3d 381, 383 [Sup Ct. Kings County 2022]; *Cruz v. Guaba*, 74 Misc.3d 1207(A), 2022 N.Y. Slip. Op. 50077(U) [Sup. Ct. Queens County Feb. 7, 2022]; *Barry v. Royal Air Maroc*, 2022 WL 3215050, at *4 [S.D.N.Y. July 8, 2022], *adopted*, 2022 WL 3214928 [S.D.N.Y. Aug. 9, 2022].

Earlier this month, the Second Department put that argument to bed when it issued its decision in *McLaughlin v. Snowlift, Inc*, 2021-05769, ___ A.D.3d ___ [2d Dep't Mar. 8, 2023]. In *McLaughlin*, in affirming the denial of a motion to dismiss on renewal after the initial motion was granted pre-*Brash*, the Second Department unequivocally stated that its decision in *Brash v. Richards* conclusively "held that the executive orders 'constitute a toll' of the filing deadlines applicable to litigation in New York Courts." In addition, the Second Department cited to analogous decisions in the Appellate Division, First Department (*Murphy v. Harris*, 210 A.D.3d 410 [1st Dep't 2022]) and Third Department (*Roach v. Cornell University*, 207 A.D.3d 931 [3d Dep't 2022]). Thus, with the unanimity among the various Departments, it appears unlikely that this issue will reach the Court of Appeals or that, if it did, a contrary result would be reached.

As a result, any statute of limitations that began to run and did not expire prior to March 20, 2020 will have 228 days added on to it. Any statute of limitations that began to run during that tolling period will have the amount of days between the date of accrual and November 3, 2020 added on to it. So, for example, the six-year statute of limitations for a breach of contract action that accrued on March 19, 2020, will now not expire until after November 2, 2026. In addition to generally extending the statute of limitations, the tolling also significantly affects document and electronically stored information retention polices, which should now be extended to compensate for the extended time period under which liability can now be sought. For potential litigants, the finding that the Executive Orders definitively constitute a toll is just another way that the COVID-19 Pandemic will continue to linger.

Jarrett M. Behar is Co-Chair of the Litigation Group at Certilman Balin Adler & Hyman, LLP.

PREVIOUS
Islam joins Real Property Tax Certiorari Law an...

NEXT
David Lieser Talks About Estate Planning on "F...

Welcome

# Archives

August 2023
June 2023
May 2023
March 2023
February 2023
January 2023
December 2022
November 2022
September 2022
August 2022
July 2022
June 2022
May 2022
April 2022
March 2022
February 2022
January 2022
October 2021
August 2021
June 2021
May 2021
March 2021
February 2021
January 2021
November 2020

Case 1:21-cv-00721-MAV-JJM   Document 38-7   Filed 09/19/23   Page 4 of 7

9/1/23, 1:39 PM
It's Official: The Statute of Limitations Was Tolled, Not Suspended, During the COVID-19 Pandemic - Certilman Balin

October 2020

September 2020

August 2020

July 2020

June 2020

May 2020

April 2020

March 2020

June 2019

May 2019

April 2019

## Nassau

90 Merrick Avenue
East Meadow, NY 11554
Phone: 516.296.7000
Fax: 516.296.7111

## Suffolk

100 Motor Parkway, Suite 560
Hauppauge, NY 11788
Phone: 631.979.3000
Fax: 631.979.7070

## New Jersey

Park 80 West, Plaza II
250 Pehle Avenue, Suite 200

## Quick Links

Home

About the Firm

Practice Areas

Attorneys

Diversity Statement

Website

Accessibility

Saddle Brook, NJ 07663
Phone 201.778.3424

Statement

Client Payments



**Nonprofit Resource Hub**

© 2023 Certilman Balin Adler & Hyman LLP | Attorneys, lawyers located on LI, NY & NJ | All rights reserved. | Privacy Policy |

Attorney Advertising | Disclaimer



No. 202.67

# EXECUTIVE ORDER

### Continuing Temporary Suspension and Modification of Laws Relating to the Disaster Emergency

WHEREAS, on March 7, 2020, I issued Executive Order Number 202, declaring a State disaster emergency for the entire State of New York; and

WHEREAS, both travel-related cases and community contact transmission of COVID-19 have been documented in New York State and are expected to continue;

NOW, THEREFORE, I, ANDREW M. CUOMO, Governor of the State of New York, by virtue of the authority vested in me by the Constitution and the Laws of the State of New York, do hereby find that a disaster continues to exist for which affected state agencies and local governments are unable to respond adequately. Therefore, pursuant to the authority vested in me by the Constitution of the State of New York and Section 28 of Article 2-B of the Executive Law, I hereby continue the declaration of the State Disaster Emergency effective March 7, 2020, as set forth in Executive Order 202. This Executive order shall remain in effect until November 3, 2020.

IN ADDITION, I, Andrew M. Cuomo, Governor of the State of New York, by virtue of the authority vested in me by Section 29-a of Article 2-B of the Executive Law to temporarily suspend or modify any statute, local law, ordinance, order, rule, or regulation, or parts thereof, of any agency during a State disaster emergency, if compliance with such statute, local law, ordinance, order, rule, or regulation would prevent, hinder, or delay action necessary to cope with the disaster emergency or if necessary to assist or aid in coping with such disaster, or to provide any directive necessary to respond to the disaster, do hereby continue the suspensions and modifications of law, and any directives not superseded by a subsequent directive contained in Executive Orders 202 up to and including 202.21, and 202.27, 202.28, 202.29, 202.30, 202.38, 202.39, 202.40, 202.48, 202.49, 202.50, 202.55 and 202.55.1, as extended, and Executive Order 202.60 for another thirty days through November 3, 2020, except:

- Subdivision 1 of Section 491 of the Vehicle and Traffic law, to the extent that it provides for a period of validity and expiration of a non-driver identification card, shall no longer be suspended or modified as of November 3, 2020;

- Sections 401, 410, 2222, 2251, 2251, and 2282(4) of the Vehicle and Traffic law, to the extent that it provides for a period of validity and expiration of a registration certificate or number plate for a motor vehicle or trailer, a motorcycle, a snowmobile, a vessel, a limited use vehicle, and an all-terrain vehicle, shall no longer be suspended or modified as of November 3, 2020;

- Section 420-a of the Vehicle and Traffic law, to the extent that it provides an expiration for temporary registration documents issued by auto dealers shall no longer be suspended or modified as of November 3, 2020; and

- The suspension in Executive Order 202.8, as modified and extended in subsequent Executive Orders, that tolled any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding as prescribed by the procedural laws of the state, including but not limited to the criminal procedure law, the family court act, the civil practice law and rules, the court of claims act, the surrogate's court procedure act, and the uniform court acts, or by any statute, local law, ordinance, order, rule,

or regulation, or part thereof, is hereby continued, as modified by prior executive orders, provided however, for any civil case, such suspension is only effective until November 3, 2020, and after such date any such time limit will no longer be tolled, and provided further:

- The suspension and modification of Section 30.30 of the criminal procedure law, as continued and modified in EO 202.60, is hereby no longer in effect, except for felony charges entered in the counties of New York, Kings, Queens, Bronx, and Richmond, where such suspension and modification continues to be effective through October 19, 2020; thereafter for these named counties the suspension is no longer effective on such date or upon the defendant's arraignment on an indictment, whichever is later, for indicted felony matters, otherwise for these named counties the suspension and modification of Section 30.30 of the criminal procedure law for all criminal actions proceeding on the basis of a felony complaint shall no longer be effective, irrespective, 90 days from the signing of this Executive order on January 2, 2021.



GIVEN under my hand and the Privy Seal of the State in the City of Albany this fourth day of October in the year two thousand twenty.

BY THE GOVERNOR

Secretary to the Governor