UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTIAN POWELL,

                Plaintiff,

v.

CITY OF JAMESTOWN,

JAMESTOWN POLICE OFFICER
CARTER OBERGFELL
In their individual and official capacity
201 E. 2nd Street
Jamestown, NY  14701

JAMESTOWN POLICE OFFICER
KEVIN WISE
In their individual and official capacity
201 E. 2nd Street
Jamestown, NY  14701

JAMESTOWN POLICE OFFICER
MARK CONKLIN
In their individual and official capacity
201 E. 2nd Street
Jamestown, NY  14701

JAMESTOWN POLICE OFFICER
JOHN CONTI
In their individual and official capacity
201 E. 2nd Street
Jamestown, NY  14701

JAMESTOWN POLICE OFFICER
OVEREND
In their individual and official capacity
201 E. 2nd Street
Jamestown, NY  14701

JAMESTOWN POLICE OFFICER
WARD
In their individual and official capacity
201 E. 2nd Street
Jamestown, NY  14701

Civil Action No.: 21-CV-00721

---

{H4533727.4}

JAMESTOWN POLICE OFFICER
MAGGIO
In their individual and official capacity
201 E. 2nd Street
Jamestown, NY  14701

Defendants.

# AMENDED ANSWER TO THE AMENDED COMPLAINT

Defendants—City of Jamestown (hereinafter "City"), and all named Jamestown Police Officers —as their answer to Plaintiff Christian Powell's (hereinafter referred to as "Plaintiff") Complaint (the "Complaint") state as follows:

## PARTIES

1.    Defendants DENY each and every paragraph of Complainants Amended Summons and Complaint..

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims fail in whole or in part for failure to adequately state a viable cause of action.

### SECOND AFFIRMATIVE DEFENSE

All claims for damages against Jamestown Police Officers individually are barred under the doctrine of qualified immunity and/or governmental immunity.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims of excessive force are barred for failure to plead or establish non-*de minimus* injuries that are objectively sufficiently serious or harmful enough to be actionable.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because at all times, all Jamestown Police Officers acted reasonably and with a good faith belief that their actions were lawful and not in violation of any federal or state constitutional right.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the actions of all Jamestown Police Officers, including any use of force, were, at all times, justified, necessary, reasonable, proportional, carried out in good faith and with sufficient legal cause, and in conformity with settled principles of constitutional or other law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of collateral estoppel, judicial estoppel, and/or res judicata based on his guilty plea and the outcome of the criminal charges lodged against him concerning the incident at issue in this action.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff, without legal right, obstructed governmental administration, resisted lawful arrest, and was harassing Jamestown Police Officers, and thus Plaintiff is responsible for all injuries caused by that resistance.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by application of the *Heck* doctrine.

## NINTH AFFIRMATIVE DEFENSE

{H4533727.4}

No municipal liability is viable, where no individual violation of § 42 U.S.C. § 1983 can otherwise be established.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail in whole or in part for lack of personal involvement.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants do not, and have never, developed or maintained a policy or custom that exhibited deliberate indifference to the constitutional rights of persons in the City of Jamestown.

### TWELFTH AFFIRMATIVE DEFENSE

Any damages alleged to have been sustained by Plaintiff were caused or contributed to in full or in part by negligent and/or culpable conduct and/or assumption of the risk of Plaintiff and not by any culpable conduct on behalf of Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for false arrest is barred by the existence of probable cause.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's requested relief seeking an order: (i) declaring that Defendants filed false police reports committing Class A misdemeanors; (ii) declaring that the City of Jamestown's Use of Force Policy is constitutionally inadequate; and (iii) Plaintiff was afforded duty of care by the Plaintiffs promptly rendering physical care by calling EMS services and having his transported to the emergency room.  Any restraints Plaintiff required were for his own protection.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to plead such additional affirmative defenses as become apparent based on the factual development of the Action.

**WHEREFORE**, Defendants respectfully request that this Court dismiss Plaintiff's Complaint, in its entirety, together with such other and further relief as the Court deems just and proper.

DATED:  October 4, 2024                              Respectfully submitted,

                                                    By:     *s/Elliot S. Raimondo*
                                                           Elliot S. Raimondo,
                                                           Corporation Counsel
                                                           200 E. THIRD STREET
                                                           JAMESTOWN, NEW YORK 14701
                                                            (716) 483-7540 (Office)

{H4533727.4}